E-FILED
Tuesday, 22 August, 2006 11:16:55 AM
Clerk, U.S. District Court, ILCD

Carlos E. Cardona In Pro Se
313 North Birch Street
Santa Ana, California 92701
Ph. 714-285-0500
Fax. 714-285-0509

Attorney for Defendant Carlos E. Cardona In Pro Se

**FILED**
AUG 2 2 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DAYS INN WORLWIDE, INC., a Delaware Corporation, )<br>)<br>Plaintiff, )<br>)<br>)<br>v. )<br>)<br>)<br>GROWTH PROPERTY INVESTMENT GROUP INC., )<br>CARLOS E. CARDONA, and FRANK TICAS, )<br>Individuals, )<br>Defendants ) | Civil Action No. 06-1171<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

### VERIFIED ANSWER

1.   Defendant Carlos E. Cardona answers the Original complaint as follows:

### ADMISSIONS AND DENIALS

2.   Defendant Carlos E. Cardona admits the allegations of paragraph 4 of the plaintiff's complaint. Carlos E. Cardona is an individual. But denies each and every remaining allegation of paragraphs 1,2,3 and 5 to 104.

3.   Defendant lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations of paragraphs 1,2,3 and 5 through 104 of the complaint are true or not. On this basis, defendant denies the allegations of these paragraphs.

4.   Defendant denies each and every allegation of paragraphs 1,2,3 and 5 to 104.

## DEFENSES

### First Affirmative Defense:

### Lack of Subject Matter Jurisdiction

5. This court lacks subject matter jurisdiction of the claims alleged in the complaint.

6. In paragraph 6 of the complaint, the plaintiffs allege that this court has jurisdiction on the basis of 28 U.S.C. §§1331, 1332 & 1338, 15 U.S.C. §1121, and with respect to certain claims, supplemental jurisdiction under 28 U.S.C. §1367. In addition to the claims brought under the Lanham Act, this action is between citizens of different states and the amount of controversy exceeds $ 75,000.00 exclusive of interest and cost, diversity of citizenship. Contrary to the allegations of the complaint, the court lacks jurisdiction because the answering defendant was not a part to the transactions, promises, contracts or violation of any statute as alleged by the plaintiffs. Defendant Cardona is not a party or Vice President of Growth Property Investment Group Inc.

### Second Affirmative Defense:

### Jurisdiction-Court may not Exercise Personal Jurisdiction

7. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 6 of this answer in this Second defense, the same as if fully copied and set forth at length.   The allegations in the plaintiff's complaint show lack of jurisdiction over the person of the defendant.

In paragraph 4 plaintiff alleges that the defendant is a citizen of the State of California with it's principal place of business in Santa Ana, California. In paragraphs 7 to 104 the plaintiff alleges facts showing a total lack of contacts of this defendant with this

forum. In particular, the Complaint shows that Marcia Miller, Growth Property Investment Group, and Frank Ticas are culpable for the breaches and acts alleged in plaintiff's complaint. That the defendant does no business generally in the forum state, that the plaintiff sought contact with the defendant in Garden Grove, California and assisted Frank Ticas with negotiation of the contract there, and that plaintiff's performance under the contract was also due there. Thus, there is no constitutional basis for the exercise of jurisdiction by this court over this defendant.

**Third Affirmative Defense**:

**Laches**

8. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 7 of this answer in this Third defense, the same as if fully copied and set forth at length.

9. Plaintiff had notice of all the facts and of all the acts of the defendant set forth in The complaint and nevertheless refrained from commencing this action until June 29, 2006. As a result of this lengthy delay, this defendant has and will suffer prejudice in that Marcia Miller, Joe Meida, Albertina Cunha, Nick DePaolo, and Frank Ticas have become senile, and are no longer able to testify or give any evidence in support of the defendant.
Plaintiff is, therefore, guilty of laches and, in equity, should be barred from maintaining this action.

**Fourth Affirmative Defense:**

**Novation**

10. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 7 of this answer in this Fourth defense, the same as if fully copied and set forth at

length.

The obligation asserted in the complaint was cancelled on April 29, 2005, and a new obligation was substituted in its place by agreement of the parties. In particular, Days Inn World Wide, Cendant Corporation agreed to allow Marcia Miller to submit an application and grant her licensing agreement. As per the agreement signed by it's authorized officer of the plaintiff's corporation and Vice President. In exchange for this, plaintiff agreed to discharge the defendant's from the debt alleged in the plaintiff's complaint.

Defendant has fully complied with and performed all obligations of the substituted agreement and, as a result, has no present obligation to plaintiff.

### Fifth Affirmative Defense:

### Payment

11. The defendant refers to and incorporates by reference the allegations of paragraph 5 Through 10 of this answer in this Fifth defense, the same as if fully copied and set forth at Length.

On April 29, 2005 prior to the commencement of this action, defendant duly paid, satisfied, and discharged the alleged claim of the plaintiff set forth in the complaint by payment to Plaintiff of the full sum of $ 1,000.00 damages for termination, as per the Novation and Settlement agreement with Joe Maida authorized agent for Days Inn Worldwide Inc.

### Sixth Affirmative Defense:
### Waiver

12. The defendant refers to and incorporates by reference the allegations of paragraph 5 Through 11 of this answer in this Sixth defense, the same as if fully copied and set forth at length

Plaintiff has waived the right to sue for the alleged breach of contract, violation of the

Lanham Act. In that the defendant released Carlos E. Cardona of any contractual obligations on April 29, 2005. The plaintiff knowingly accepted Marcia Miller as the new owner of the Days Inn in Galesburge Illinois. As demonstrated in correspondence between the parties. And defendant issues payment to plaintiffs in the sum of $1,000.00 early termination fee as per the contract. Plaintiffs accepted payment from Marcia Miller after April 29, 2005.

**PRAYER**

Defendant prays judgment:

1. That the plaintiffs take nothing by his complaint in this action.

2. That judgment be entered for the defendant in this action.

3. That this defendant be awarded its cost of suit. That this defendant be awarded its reasonable attorney's fees incurred in responding to this action.

4. That this defendant be granted any and all other relief to which it may be justly entitled.

5. That this matter be dismissed with prejudice and plaintiff take nothing.

Dated August 11, 2006

Carlos E. Cardona
In Pro Se

_____
Carlos E. Cardona
Defendant

DEMAND FOR JURY TRIAL

Defendant Carlos E. Cardona demands trial by jury for all triable issues in this action.

_____
Carlos E. Cardona Defendant

# **VERIFICATION**

State of California        ) ss.:
County of Orange           )

1. I, Carlos E. Cardona, being duly sworn, deposes and says that, I Carlos E. Cardona Reside at 5 Wegeford Circle Ladera Ranch, California 92694. That I am a defendant in this Action; that I have personal knowledge of those facts, that I am prepared to testify Competently to them if called as a witness.

2. that I have read the foregoing answer and know the contents, and those contents are True of my own knowledge, except as to the matters stated on information and belief, and as To those matters I am informed and believe them to be true, based on business records, or on Information made available to me by Growth Property Investment Group Inc.

                                                          _____
                                                          Carlos E. Cardona

SWORN and SUBSCRIBED to before me
This 15th day of August 2006.

_____
NOTARY PUBLIC

LUZ D. ARZALUZ
Comm. # 1508445
NOTARY PUBLIC - CALIFORNIA
Orange County
My Comm. Expires August 17, 2008

## PROOF OF SERVICE OF PAPERS BY MAIL

I certify that, prior to 5:00pm on August 15, 2006, I placed a true and correct copy of the attached **Answer and demand For Jury Trial and Verification of Carlos E. Cardona**, in the United States Mail, and (UPS Overnight Delivery Tracking Number J1921850416) in a properly addressed envelope, with postage duly paid and affixed to the envelope, and with the envelope addressed to:

**UNITED STATES DISTRICT COURT**
United States District Clerks Office
309 Federal Building
100 N.E. Monroe
Peoria, ILL 61602

**CLAY A. TILLACK**
**FIONA A. BURKE**
**SCHIFF HARDIN LLP**
Attention: Clay A. Tillack Lead Counsel
6600 Sears Tower
Chicagi, ILL 60606

**GROWTH PROPERTY INVESTMENT GROUP INC.**
Attention: Frank Ticas
11752 Garden Grove Blvd. Ste., 114
Garden Grove, California 92843

**FRANK TICAS**
11752 Garden Grove Blvd. Ste., 114
Garden Grove, California 92843

I declare under penalty of perjury that all of the statements made in this Certificate of Service are true and correct and that if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the certificate.

This certificate was executed on August 15, 2006 at Santa Ana, California.

*/s/ Kent Terry*
Kent Terry
813 North Birch Street
Santa Ana, California 92701
714-285-0500