E-FILED
Friday, 25 August, 2006 11:09:41 AM
Clerk, U.S. District Court, ILCD

FILED
AUG 2 5 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Frank Ticas In Pro Se
11752 Garden Grove Blvd., Ste., 114
Garden Grove, California 92843
Ph. 714-467-3378
Fax. 714-467-4308

Attorney for Defendant Frank Ticas In Pro Se

## IN THE UNITED DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DAYS INN WORLWIDE, INC., a Delaware Corporation,<br><br>       Plaintiff,<br><br>v.<br><br>GROWTH PROPERTY INVESTMENT GROUP INC., FRANK TICAS and CARLOS E. CARDONA, Individuals,<br>       Defendants | Civil Action No. 06-1171<br><br>**ANSWER AND DEMAND FOR JURY TRIAL** |

## VERIFIED ANSWER

1.   Defendant Frank Ticas answers the Original complaint as follows:

### ADMISSIONS AND DENIALS

2.   Defendant Frank Ticas admits the allegations of paragraph 4 of the plaintiff's complaint. Frank Ticas is an individual. But denies each and every remaining allegation of paragraphs 1,2,3 and 5 to 104.

3.   Defendant lacks sufficient information or belief to determine, at this stage of the proceedings, whether the allegations of paragraphs 1,2,3 and 5 through 104 of the complaint are true or not. On this basis, defendant denies the allegations of these paragraphs.

4.   Defendant denies each and every allegation of paragraphs 1,2,3 and 5 to 104.

## DEFENSES

### First Affirmative Defense:

### Lack of Subject Matter Jurisdiction

5. This court lacks subject matter jurisdiction of the claims alleged in the complaint.

6. In paragraph 6 of the complaint, the plaintiffs allege that this court has jurisdiction on the basis of 28 U.S.C. §§1331, 1332 & 1338, 15 U.S.C. §1121, and with respect to certain claims, supplemental jurisdiction under 28 U.S.C. §1367. In addition to the claims brought under the Lanham Act, this action is between citizens of different states and the amount of Controversy exceeds $ 75,000.00 exclusive of interest and cost, diversity of citizenship. Contrary to the allegations of the complaint, the court lacks jurisdiction because the Plaintiff has not suffered $ 75,000.00 in damages, defendant has not violated any contracts or violation of any statute as alleged by the plaintiffs.

### Second Affirmative Defense:

### Jurisdiction-Court may not Exercise Personal Jurisdiction

7. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 6 of this answer in this Second defense, the same as if fully copied and set forth at length.       The allegations in the plaintiff's complaint shows lack of jurisdiction over the person of the defendant. In paragraph 4 plaintiff alleges that the defendant is a citizen of the State of California with it's principal place of business in Garden Grove, California.  In paragraphs 7 to 104 the plaintiff alleges facts showing a total lack of contacts of this defendant with this forum. In particular, the Complaint shows that Marcia Miller is culpable for the breaches and, and violation of statutes and other acts alleged in plaintiff's complaint.

That the defendant does no business generally in the forum state, that the plaintiff sought contact with the defendant in Garden Grove, California, that plaintiff's performance under the contract was also due there. Thus, there is no constitutional basis for the exercise of jurisdiction by this court over this defendant.

**Third Affirmative Defense**:

<u>Laches</u>

8. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 7 of this answer in this Third defense, the same as if fully copied and set forth at length.

9. Plaintiff had notice of all the facts and of all the acts of the defendant set forth in The complaint and nevertheless refrained from commencing this action until June 29, 2006. As a result of this lengthy delay, this defendant has and will suffer prejudice in that Marcia Miller, Joe Meida, Albertina Cunha, Nick DePaolo, are no longer able to testify or give any evidence in support of the defendant.

Plaintiff is, therefore, guilty of laches and, in equity, should be barred from maintaining this action.

**Fourth Affirmative Defense:**

<u>Novation</u>

10. The defendant refers to and incorporates by reference the allegations of paragraph 5 through 7 of this answer in this Fourth defense, the same as if fully copied and set forth at length.

The obligation asserted in the complaint was cancelled on April 29, 2005, and a new obligation was substituted in its place by agreement of the parties. In particular, Days Inn

World Wide, Cendant Corporation agreed to allow Marcia Miller to submit an application and grant her licensing agreement. As per the agreement signed by it's authorized officer of the plaintiff's corporation and Vice President. In exchange for this, plaintiff agreed to discharge the defendant's from the debt alleged in the plaintiff's complaint.

Defendant has fully complied with and performed all obligations of the substituted agreement and, as a result, has no present obligation to plaintiff.

**Fifth Affirmative Defense**:

**Payment**

11. The defendant refers to and incorporates by reference the allegations of paragraph 5 Through 10 of this answer in this Fifth defense, the same as if fully copied and set forth at Length.

On April 29, 2005 prior to the commencement of this action, defendant duly paid, satisfied, and discharged the alleged claim of the plaintiff set forth in the complaint by payment to Plaintiff of the full sum of $ 1,000.00 damages for termination, as per the Novation and Settlement agreement with Joe Maida authorized agent for Days Inn Worldwide Inc.

**Sixth Affirmative Defense**:

**Waiver**

12. The defendant refers to and incorporates by reference the allegations of paragraph 5 Through 11 of this answer in this Sixth defense, the same as if fully copied and set forth at length

Plaintiff has waived the right to sue for the alleged breach of contract, violation of the Lanham Act. The plaintiff knowingly accepted Marcia Miller as the new owner of the Days Inn in Galesburge Illinois. As demonstrated in correspondence between the parties. And defendant issues payment to plaintiffs in the sum of $1,000.00 early termination fee as

per the contract. Plaintiffs accepted payment from Marcia Miller after April 29, 2005.

## PRAYER

Defendant prays judgment:

1. That the plaintiffs take nothing by his complaint in this action.

2. That judgment be entered for the defendant in this action.

3. That this defendant be awarded its cost of suit. That this defendant be awarded its reasonable attorney's fees incurred in responding to this action.

4. That this defendant be granted any and all other relief to which it may be justly entitled.

5. That this matter be dismissed with prejudice and plaintiff take nothing.


Dated August 22, 2006

                                        Frank Ticas
                                        In Pro Se
                                        _____
                                        Frank Ticas
                                        Defendant


## DEMAND FOR JURY TRIAL

Defendant Frank Ticas demands trial by jury for all triable issues in this action.

                                        _____
                                        Frank Ticas Defendant

## JURAT WITH AFFIANT STATEMENT

State of _California_

County of _Orange_   } ss.

☑ See Attached Document (Notary to cross out lines 1–8 below)
☐ See Statement Below (Lines 1-7 to be completed only by document signer[s], *not* Notary)

_____      _____
Signature of Document Signer No. 1              Signature of Document Signer No. 2 (if any)

Subscribed and sworn to (or affirmed) before me this **22nd** day of **August**, **2006**, by

(1) _Frank Ticas_
    Name of Signer(s)

(2) _____
    Name of Signer(s)

**DEBORAH F. CASTILLO**
Commission # 1519465
Notary Public - California
Orange County
My Comm. Expires Oct 15, 2008

Place Notary Seal Above

_____
Signature of Notary Public

──────────── **OPTIONAL** ────────────

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

| RIGHT THUMBPRINT OF SIGNER #1 | RIGHT THUMBPRINT OF SIGNER #2 |
|---|---|
| Top of thumb here | Top of thumb here |

**Further Description of Any Attached Document**

Title or Type of Document: _Verification_

Document Date: _08/22/2006_    Number of Pages: _1_

Signer(s) Other Than Named Above: _None_

© 2002 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2404 • Prod. No. 5924 • Reorder: Call Toll-Free 1-800-876-6827

# VERIFICATION

State of California        ) ss.:
County of Orange           )

1.  I, Frank Ticas, being duly sworn, deposes and says that, I Frank Ticas Reside at 12540 Euclid Street #202 Garden Grove CA. 92840. That I am a defendant in this Action; that I have personal knowledge of those facts, that I am prepared to testify Competently to them if called as a witness.

2.  that I have read the foregoing answer and know the contents, and those contents are True of my own knowledge, except as to the matters stated on information and belief, and as To those matters I am informed and believe them to be true, based on business records, or on Information made available to me by Growth Property Investment Group Inc.

_____
Frank Ticas

SWORN and SUBSCRIBED to before me
This 15th day of August 2006.

_____
NOTARY PUBLIC

## PROOF OF SERVICE OF PAPERS BY MAIL

I certify that, prior to 5:00pm on August 15, 2006, I placed a true and correct copy of the attached **Answer and demand For Jury Trial and Verification of Frank Ticas**, in the United States Mail, and in a properly addressed envelope, with postage duly paid and affixed to the envelope, and with the envelope addressed to:

**UNITED STATES DISTRICT COURT**
United States District Clerks Office
309 Federal Building
100 N.E. Monroe
Peoria, ILL 61602

**CLAY A. TILLACK**
**FIONA A. BURKE**
**SCHIFF HARDIN LLP**
Attention: Clay A. Tillack Lead Counsel
6600 Sears Tower
Chicagi, ILL 60606

**GROWTH PROPERTY INVESTMENT GROUP INC.**
Attention: Frank Ticas
11752 Garden Grove Blvd. Ste., 114
Garden Grove, California 92843

**CARLOS E. CARDONA**
313 North Birch Street
Santa Ana, CA 92701

I declare under penalty of perjury that all of the statements made in this Certificate of Service are true and correct and that if called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth in the certificate.

This certificate was executed on August 23, 2006 at Santa Ana, California.

_____
Carol Alva
11752 Garden Grove Blvd., Ste., 114
Garden Grove, CA 92701
714-467-3378