**E-FILED**
Wednesday, 08 November, 2006  05:36:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-CV-01171-MMM-BGC |
| v. | ) | |
| | ) | Hon. Michael M. Mihm |
| | ) | |
| GROWTH PROPERTY INVESTMENT | ) | Magistrate Judge Byron G. Cudmore |
| GROUP, INC., a California Corporation, | ) | |
| CARLOS E. CARDONA, and FRANK | ) | |
| TICAS, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT GROWTH PROPERTY INVESTMENT GROUP, INC.

Plaintiff Days Inns Worldwide, Inc. ("DIW"), by its attorneys, hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 55(b), to enter default judgment on its Verified Complaint ("Complaint") in favor of DIW and against defendant Growth Property Investment Group, Inc. ("GPIG") for its failure to answer or file a responsive pleading to DIW's Complaint within the time required by law. A proposed Default Judgment Order is attached as Exhibit 1. In support of its Motion, DIW relies on the Complaint filed in this matter, the Affidavit of Valerie Capers Workman (attached hereto as Exhibit 2), and the Affidavit of Clay A. Tillack (attached hereto as Exhibit 3), and states as follows:

1.      On June 29, 2006, DIW filed its Complaint in this action, seeking damages from defendants Carlos Cardona ("Cardona"), Frank Ticas ("Ticas") and GPIG (collectively, "Defendants") for their breaches of the License Agreement and Guaranty. Defendant Cardona was served in his individual capacity and as the Vice President of defendant GPIG on July 26,

2006. Defendant Ticas was served in his individual capacity and as the President of GPIG on July 28, 2006.

2.    On October 25, 2006, the Court entered default against defendant GPIG for its failure to appear, answer, or otherwise plead in response to the Complaint. A copy of the October 25, 2006 Order of Default is attached hereto as Exhibit 4.

3.    On June 30, 2004, DIW entered into a License Agreement with GPIG for the operation of a 118-room Days Inn guest lodging facility, located at 3282 N. Henderson St., Galesburg, IL 61401, Site No. 797 (the "Facility"). Effective as of the date of the License Agreement, Cardona and Ticas jointly and severally, and irrevocably and unconditionally, provided DIW with a Guaranty of GPIG's obligations under the License Agreement. A true and correct copy of DIW's Complaint is in the Court's file for this case as Document No. 1. The License Agreement is attached as Exhibit B to DIW's Complaint, and the Guaranty is attached as Exhibit C to DIW's Complaint. (*See* Doc. 1, Compl., ¶¶ 15, 28 and Exs. B and C thereto; *see also* Ex. 2, Workman Aff., ¶¶ 3, 16.)

4.    DIW's Complaint alleges that the Defendants breached the License Agreement and Guaranty in their operation of the Facility. Specifically, DIW has alleged that Defendants breached the Agreements by engaging in an unauthorized transfer of the Facility to a third party in violation of the License Agreement, resulting in the premature termination of the Agreement more than fourteen years before the expiration of its term. In the course of the unauthorized transfer, Defendants breached their contractual obligations to DIW by failing to remove the Days Inn trademarks, trade names, logos and federally-registered service marks (the "Days Inn Marks") from the facility. By letter dated April 29, 2005, DIW acknowledged the termination of

the License Agreement, effective December 31, 2004, in accordance with its terms. (*See* Doc. 1, Compl., ¶¶ 31-32 and Ex. D thereto; *see also* Ex. 2, Workman Aff., ¶¶ 18, 19.)

5.     DIW's Complaint seeks three categories of damages as compensation for Defendants' breaches of the License Agreement and Guaranty, their contributory trademark infringement, and an award of its attorneys' fees and costs, as further discussed below.

### Infringement Damages

6.     DIW is entitled to damages to compensate DIW for GPIG's contributory trademark infringement and its failure to comply with section 13 of the License Agreement, which required complete de-identification of the Facility upon termination of the License Agreement. Specifically, GPIG failed to cease all display and use of the Days Inn Marks in and around the Facility and failed to de-identify the Facility from its former appearance as a Days Inn facility prior to engaging in the unauthorized transfer of the Facility to a third party, Marcia Miller ("Miller") which resulted in termination of the License Agreement on December 31, 2004. (Doc. 1, Compl., ¶¶ 32-33, 45-46, 51, 57; Workman Aff., ¶ 23.) GPIG by virtue of its unauthorized transfer of the Facility knew or should have known that Miller would continue to use the Days Inn Marks at the Facility, and has therefore willfully allowed and contributed to the ongoing infringement of the Days Inn Marks by Miller. (Workman Aff., ¶¶ 24-26 and photographs attached as Exhibit A thereto.)

7.     Miller's infringement and GPIG's contributory infringement of the Days Inn Marks continued at least until August 10, 2006. (Workman Aff., ¶¶ 25-26 and photographs attached as Exhibit A thereto.)

8.     As compensation for GPIG's contributory infringement of the Days Inn Marks from the December 31, 2004, termination of the License Agreement to August 10, 2004, DIW seeks $31,147.52 from Defendants. (Workman Aff., ¶ 27.)

9.     This amount has been calculated by determining the average monthly Recurring Fees that Defendants reported for the Facility from the contractual Opening Date through the date of termination, and multiplying that amount by the number of months that Miller continued to display the Days Inn Marks at the Facility without authorization for a total of $31,147.52. GPIG has not paid DIW any portion of this compensation to date. (Workman Aff., ¶ 28.)

10.     As a result of GPIG's willful contributory infringement of the Days Inn Marks despite receiving notification from DIW that Defendants must fulfill the post-termination obligations set forth in the License Agreement (*see* Doc. 1, Compl., ¶ 31 and Ex. D thereto; Workman Aff., ¶¶ 19-20, 24), DIW is entitled to trebling of damages pursuant to 15 U.S.C. § 1117(a). DIW's infringement damages, when trebled, total $93,442.56. GPIG has not paid DIW any portion of this compensation to date. (Workman Aff., ¶¶ 28-29.)

**Liquidated Damages**

11.     Pursuant to sections 12.1 and 18.5 of the License Agreement, the premature termination of the License Agreement obligates the Defendants to pay $118,000 in liquidated damages. (Compl. ¶¶ 22-23; Ex. 2, Workman Aff., ¶ 30.) DIW therefore is entitled to an award of damages in the amount of $118,000.00, plus interest in the amount of $37,701.00 (calculated at the legal rate of 1.5% per month from January 30, 2005 (thirty days after the date of termination) to November 8, 2006 (the date of filing of this motion)) from GPIG. (Ex. 2, Workman Aff., ¶¶ 6, 30.)   In addition, pursuant to section 13 of the Satellite Connectivity Services Addendum to the License Agreement, GPIG agreed to pay $1,000.00 in Addendum

liquidated damages to DIW. (Compl. ¶ 24; Ex. 2, Workman Aff. ¶ 31.)  DIW is entitled to interest on the Addendum liquidated damages in the amount of $330.00 (calculated at the legal rate of 1.5% per month from January 10, 2005 (ten days after the date of termination) to November 8, 2006 (the date of filing of this motion)) from GPIG.  (Ex. 2, Workman Aff., ¶¶ 6, 31.)

### Recurring Fees

12.    Pursuant to section 7 and 18 and Schedule C of the License Agreement, Defendants were required to pay Recurring Fees, with interest, to DIW as provided in the License Agreement.  (Compl., ¶ 17; Ex. 2, Workman Aff., ¶¶ 6, 34-36.)  Interest is calculated at the rate of 1.5% monthly, per days in the month, on items that are over thirty days past due. Interest is not calculated on finance charges or accruals.  (Ex. 2, Workman Aff., ¶ 36.)  To date, Defendants have failed to pay DIW any of the Recurring Fees that were due at the date of termination.  (Compl. ¶¶ 35, 36; Ex. 2, Workman Aff., ¶ 37.)  DIW therefore is entitled to an award of damages of Recurring Fees, with interest, in the current amount of $23,307.67 from GPIG.  (Ex. 2, Workman Aff., ¶¶ 34-37 and Exhibit B thereto.)

### Attorneys' Fees and Costs

13.    Pursuant to section 17.4 of the License Agreement, DIW is also entitled to an award of its costs, expenses and attorneys' fees incurred to enforce the License Agreement, and is seeking a portion of those fees and costs in this Motion.  (Compl., ¶ 27; Ex. 2, Workman Aff., ¶¶ 15, 39.)

14.    In the Seventh Circuit, reasonable attorneys' fees are determined by multiplying the hours reasonably expended on litigation by a reasonable hourly rate to arrive at a base figure commonly called a "lodestar."  *See Strange v. Monogram Credit Card Bank of Georgia*, 129

- 5 -

F.3d 943, 945-46 (7th Cir. 1997). Courts may then increase or decrease the lodestar figure according to twelve factors set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983). The twelve factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* Courts have held that only time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable. *See Rosario v. Livaditis*, 963 F.2d 1013, 1020 (7th Cir. 1992) (quoting *Jackson v. Illinois Prisoner Review Bd.*, 856 F.2d 890, 894 (7th Cir. 1988)).

  15. DIW seeks an award of $21,042.06 consisting of $19,333.00 in attorneys' fees and $1,709.06 in costs, pursuant to section 17.4 of the License Agreement, the Guaranty Agreement between the parties, and Local Rule 54.1. DIW has substantially discounted the amount of fees and costs it seeks, as reflected in the Affidavit of Clay A. Tillack, which is attached to this Motion as Exhibit 3. The attorneys' fees and costs for which DIW seeks reimbursement are detailed in the billing detail attached as Exhibit A to Mr. Tillack's affidavit. DIW has included in Exhibit A only those entries for which it is seeking reimbursement in the present motion.[1]

---

[1] DIW reserves its right to seek a greater portion or all of its fees and costs from Frank Ticas and Carlos Cardona, the remaining defendants in the case, and makes this motion against GPIG without waiver to its rights or claims in that regard.

- 6 -

16.    As set forth in Mr. Tillack's Affidavit, DIW has calculated a reasonable lodestar. Although the base amount sought by DIW reasonably could be greater, and could be adjusted upward in full accordance with the License Agreement and Guaranty between the parties, DIW requests reimbursement only for a portion of its fees expended to prosecute DIW's claims against GPIG.

17.    The fees and costs sought by DIW in this action are customary and reasonable for the prosecution of a case of this type and are consistent with the rates approved in similar awards. (*See* Ex. 3, Tillack Aff., ¶¶ 3, 13-15; Form A0 133, Bill of Costs, attached to Tillack Aff. as Exhibit B). DIW's attorneys have charged market rates for their services, which is the presumptively reasonable method for calculating attorneys' fees. *See Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("the best evidence of the market value of legal services is what people pay for it"); *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate"); *see also* Ex. 3, Tillack Aff., ¶¶ 13-15 & Ex. A thereto.

18.    DIW acted appropriately to protect its trademarks, the traveling public, and the system interests at stake in this proceeding. (Ex. 3, Tillack Aff., ¶ 16.)  While courts have explicitly rejected arguments that attorneys' fees must be proportional to damage awards, *see Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187 (7th Cir. 1994) ("[t]his court has rejected the notion that fees must be calculated proportionally to damages"); *see also Estate of Borst*, 979 F.2d 511 (7th Cir. 1992) (an attorneys' fee award 47 times as great as the damage award was not excessive); *Littlefield v. McGuffey*, 954 F.2d 1337, 1350-51 (7th Cir. 1992) ("[t]he size of a damage award, however, is not the gauge of a plaintiff's victory"), the fees DIW seeks here are

in fact proportional to the harm posed to DIW by Defendants' disregard of their contractual obligations.

19.    Federal Rule 54(d) and section 17.4 of the License Agreement provide for recovery by DIW of its costs and expenses, in addition to reasonable attorneys' fees. DIW's costs include copy charges, telephone and facsimile charges, and delivery charges, reasonable "both in the amount and necessity to the litigation." *Weihaupt v. American Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989). DIW seeks $1,709.06 in incurred costs. (Ex. 3, Tillack Aff., ¶ 17 & Ex. B thereto.)

### Conclusion

20.    Accordingly, as set forth above and pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, DIW is entitled to the entry of a default judgment in its favor and against in its favor and against GPIG for a total damages award in the amount of $294,823.29, plus post-judgment interest.

**WHEREFORE**, plaintiff Days Inns Worldwide, Inc. respectfully requests that the Court enter judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, in its favor and against defendant GPIG, as follows:

(a)    $93,442.56 in Infringement Damages as a result of GPIG's unauthorized transfer of the Facility and their contributory infringement of the Days Inn Marks following the termination of the License Agreement; and

(b)    $118,000.00 in Liquidated Damages for premature termination of the License Agreement, plus interest in the amount of $37,701.00,; and

(c)  $1,000.00 in Addendum Liquidated Damages for premature termination of the Satellite Connectivity Services Addendum to the License Agreement, plus interest in the amount of $330.00; and

(d)  $23,307.67 in Recurring Fees plus interest; and

(e)  $21,042.06 in attorneys' fees, costs and expenses;

for a total award of $294,823.29 against defendant GPIG, plus post-judgment interest.

Dated: November 8, 2006                          Respectfully submitted,

                                                 Days Inns Worldwide, Inc.

                                                 By:  ___s/Fiona A. Burke_____
                                                 Fiona A. Burke Bar Number: 6273779

Clay A. Tillack
Fiona A. Burke
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
ctillack@schiffhardin.com
fburke@schiffhardin.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 8, 2006, I electronically filed the foregoing **Motion For Default Judgment Against Defendant Growth Property Investment Group, Inc.** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs, and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants:

Frank Ticas, individually
and as President of Growth Property Investment Group, Inc.
11752 Garden Grove Blvd
Suite 114
Garden Grove, CA 92843

Carlos Cardona, individually
and as Vice President of Growth Property Investment Group, Inc.
5 Wegeford Circle
Ladera Ranch, CA 92694

_____ s/Fiona A. Burke _____
Fiona A. Burke Bar Number: 6273779
One of the Attorneys for Plaintiff
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (facsimile)
fburke@schiffhardin.com

E-FILED
Wednesday, 08 November, 2006  05:36:15 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| **DAYS INNS WORLDWIDE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 06-CV-01171-MMM-BGC |
| **v.** | ) | |
| | ) | Hon. Michael M. Mihm |
| | ) | |
| **GROWTH PROPERTY INVESTMENT** | ) | Magistrate Judge Byron G. Cudmore |
| **GROUP, INC., a California Corporation,** | ) | |
| **CARLOS E. CARDONA, and FRANK** | ) | |
| **TICAS, individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFAULT JUDGMENT ORDER

This matter having come before the Court pursuant to Rule 55 of the Federal Rules of Civil Procedure and upon plaintiff Days Inns Worldwide, Inc.'s ("DIW") Motion for Default Judgment, and the Court having been fully advised,

**IT IS HEREBY ORDERED THAT:**

Judgment is entered in favor of plaintiff Days Inns Worldwide, Inc. and against the Defaulted Defendant Growth Property Investment Group, Inc., as follows:

(a)     $93,442.56 in Infringement Damages as a result of Growth Property Investment Group, Inc.'s unauthorized transfer of the Facility and its contributory infringement of the Days Inn Marks following the termination of the License Agreement; and

(b)     $118,000.00 in Liquidated Damages for premature termination of the License Agreement, plus interest in the amount of $37,701.00,; and

      (c)    $1,000.00 in Addendum Liquidated Damages for premature termination of the Satellite Connectivity Services Addendum to the License Agreement, plus interest in the amount of $330.00; and

      (d)    $23,307.67 in Recurring Fees plus interest; and

      (e)    $21,042.06 in attorneys' fees, costs and expenses;

for a total award of $294,823.29 against defendant Growth Property Investment Group, Inc., plus post-judgment interest.

Dated: _____          ENTERED:

                                                                    _____

                                                                     The Honorable Michael M. Mihm
United States District Court Judge

E-FILED
Wednesday, 08 November, 2006  05:36:50 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **DAYS INNS WORLDWIDE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 06-CV-01171-MMM-BGC** |
| **v.** | ) | |
| | ) | **Hon. Michael M. Mihm** |
| | ) | |
| **GROWTH PROPERTY INVESTMENT** | ) | **Magistrate Judge Byron G. Cudmore** |
| **GROUP, INC., a California Corporation,** | ) | |
| **CARLOS E. CARDONA, and FRANK** | ) | |
| **TICAS, individuals,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF VALERIE CAPERS WORKMAN

Valerie Capers Workman being duly sworn, according to law, upon her oath, deposes and says:

1.      I am the Vice President of Franchise Administration for plaintiff Days Inn Worldwide, Inc. ("DIW").

2.      This affidavit is made in support of DIW's Motion for Entry of Default Judgment against defendant Growth Property Investment Group, Inc. ("GPIG") pursuant to Federal Rule of Civil Procedure 55(b). I make this affidavit on behalf of DIW based on my personal knowledge, the records of DIW, or information available through employees of DIW and am prepared to testify to the following facts if called as a witness.

### The Agreements Between The Parties

3.      On June 30, 2004, DIW entered into a License Agreement with GPIG for the operation of a 118-room Days Inn guest lodging facility, located at 3282 N. Henderson St.,

Galesburg, IL 61401, Site No. 797 (the "Facility") for a 15-year term.  A true copy of the License Agreement is attached to DIW's Complaint as Exhibit B.

4.     Pursuant to sections 1 and 5 of the License Agreement, GPIG was obligated to operate the Facility as a Days Inn® guest lodging facility for the remainder of the 15-year term, during which time GPIG was permitted to use the Days Inn® trade names and service marks ("Days Inn Marks") in association with the operation and use of the Facility as part of DIW's franchise system.

5.     Pursuant to sections 7 and 18 and Schedule C of the License Agreement, GPIG was required to make certain periodic payments to DIW for royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

6.     Pursuant to section 7.3 GPIG was required to pay interest on any past due amounts "at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid."

7.     Pursuant to section 9.1 of the License Agreement, if GPIG transferred the property without also transferring the License Agreement in accordance with sections 9.3 and 9.6, and without obtaining DIW's prior written consent, the License Agreement would be void as between DIW and GPIG and the License Agreement would be subject to termination.

8.     Pursuant to Appendix A, Definitions, to the License Agreement, "Transfer" was defined to include, among other things, an "assign[ment], pledge, transfer, delegat[ion] or grant [of] a security interest in all or any of [GPIG's] rights, benefits and obligations under [the License] Agreement, or a "sale, conveyance, transfer, or donation of [GPIG's] right, title and interest in and to the Facility."

- 2 -

9.  Pursuant to section 9.1, "[t]he License [Agreement was] not transferable to [GPIG's] transferee, who has no right or authorization to use the [Days Inn] System and the [Days Inn] Marks when [GPIG] transfer[s] ownership or possession of the Facility.  The transferee may not operate the Facility under the [Days Inn] System, and [GPIG is] responsible for performing the post-termination obligations in Section 13."

10.  Pursuant to section 11.2 of the License Agreement, DIW could terminate the License Agreement, with written notice to GPIG, for various reasons, including GPIG's violation of the transfer provisions of section 9.

11.  In light of the difficulty of calculating the precise amount of injury to DIW if GPIG breached and/or impermissibly terminated the License Agreement, sections 12.1 and 18.5 contained a provision for liquidated damages.  Under the terms of section 12.1, GPIG agreed that, in the event of a termination of the License Agreement pursuant to section 11.2, it would pay liquidated damages to DIW within 30 days, in accordance with the formula specified in the License Agreement. GPIG agreed that DIW's "right to receive other amounts due under [the License] Agreement is not affected" by Defendants' obligation to pay liquidated damages.

12.  Pursuant to section 18.5, the parties reached an agreed compromise that set Liquidated Damages for the Facility upon termination occurring before the last two years of the License Agreement at $1,000.00 for each guest room of the Facility.  There were 118 authorized guest rooms in this Facility at the time of termination.

13.  In addition, pursuant to section 13 of the Satellite Connectivity Services Addendum to the License Agreement, GPIG agreed that, in the event of a termination of the Addendum pursuant to section 11.2 of the License Agreement, it would pay liquidated damages

- 3 -

in the amount of $1,000.00 to DIW ("Addendum Liquidated Damages") within ten (10) days of termination.

14.     Section 13 of the License Agreement specified GPIG's obligations in the event of a termination of the License Agreement, including its obligation to cease immediately all use of the Days Inn Marks.

15.     Pursuant to section 17.4 of the License Agreement, GPIG agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [License] Agreement or collect amounts owed under this [License] Agreement."

16.     Effective as of the date of the License Agreement, Cardona and Ticas provided DIW with a Guaranty of GPIG's obligations under the License Agreement. A true copy of the Guaranty is attached to DIW's Complaint as Exhibit C.

17.     Pursuant to the terms of the Guaranty, Cardona and Ticas each agreed, among other things, that upon default under the License Agreement, they would immediately make all payments and/or perform all obligations required under the License Agreement.

## The Defendants' Defaults and Termination

18.     On or around November 12, 2004, GPIG sold the facility, without seeking or obtaining DIW's prior consent, to Marcia Miller ("Miller"). DIW did not learn of the transfer until approximately November 17, 2004. DIW attempted in good faith to enter into a License Agreement with Miller. However, Miller refused to execute a License Agreement for the Facility.

19.     After learning of the transfer, DIW advised Defendants by letter dated April 29, 2005, that the License Agreement, including the Satellite Connectivity Services Addendum to

the License Agreement, was automatically terminated effective December 31, 2004. DIW further advised Defendants that they must fulfill the post-termination obligations set forth in the License Agreement, including the payment of $118,000.00 in Liquidated Damages for the premature termination of the License Agreement, $1,000.00 in Addendum Liquidated Damages for early termination of the Addendum to the Agreement for Satellite Connectivity Services, in addition to all outstanding Recurring Fees at that time in the amount of $31,894.27. A true and correct copy of the Notice of Termination is attached to the Complaint as Exhibit D.

20.     The termination of the License Agreement required Defendants to discontinue immediately any further use of the Days Inn Marks, and to de-identify the Facility by removing all items bearing the Days Inn Marks. Defendants failed to fulfill those obligations before conveying title and relinquishing control of the premises to Miller.

21.     As of November 8, 2006, the amount of Recurring Fees due and owing by Defendants was $23,307.67.

22.     Despite DIW's repeated demands, Defendants have failed to pay any of the amounts due and owing to DIW under the License Agreement and Guaranty.

## Damages

### Infringement Damages

23.     GPIG not only violated the federal and state trademark laws, but it also failed to comply with section 13 of the License Agreement. Specifically GPIG failed to immediately cease all use of the Days Inn Marks in and around the Facility and to completely de-identify the Facility from its former appearance as a Days Inn facility before engaging in the unauthorized transfer to a third party, Marcia Miller ("Miller") which resulted in termination of the License Agreement on December 31, 2004.

24.    GPIG knew or should have known that Miller was likely to continue using the Days Inn Marks at the Facility. GPIG's failure to de-identify the facility before its unauthorized transfer enabled Miller to use of the Days Inn Marks without license from DIW, and has therefore willfully allowed and contributed to the ongoing infringement of the Days Inn Marks by Miller.

25.    As late as August 10, 2006, Miller had not ceased her use of the Days Inn Marks at the Facility. Inspections conducted by DIW personnel on August 31, 2005, January 31, 2006, May 2, 2006 and August 10, 2006, revealed that Miller has continued to use the Days Inn Marks without authorization at the Facility. Attached as Group Exhibit A to this Affidavit are copies of photographs taken during the August 31, 2005, January 31, 2006, May 2, 2006 and August 10, 2006 inspections. These photographs were taken in the ordinary course of those inspections, and were prepared and maintained in the ordinary course of business of DIW by DIW quality assurance personnel. Each of these photographs fairly and accurately represents the subject matter as it appeared on the dates on which the photograph was taken.

26.    Since the termination of the License Agreement, Miller has continued to display the Days Inn Marks without authorization through, among other things, failure to remove Days Inn signage which bears the Days Inn trade name from the exterior of the Facility. For example, the inspections conducted on August 31, 2005, January 31, 2006, May 2, 2006 and August 10, 2006, revealed that Miller continued to display the Days Inn name and Days Inn Marks on signage on the exterior of the Facility, including large signs in front of the Facility. (Photographs attached as Group Exhibit A.) GPIG has willfully contributed to Miller's infringement of the Days Inn Marks.

- 6 -

27.    DIW seeks $31,147.52 in damages for GPIG's unauthorized, willful contribution to GCI 's post-termination use of the Days Inn Marks, trebled to total $93,442.56.

28.    DIW's infringement damages were calculated as follows.  DIW multiplied the average monthly Recurring Fees paid pursuant to the License Agreement, $1,611.98, by the number of months that the post-termination infringement of the Days Inn Marks continued (December 31, 2004 through August 10, 2006), to arrive at its $30,627.62 calculation of infringement damages.

29.    GPIG has not paid DIW any compensation for its contributory infringement of the Days Inn Marks.

**Liquidated Damages**

30.    Pursuant to sections 12.1 and 18.5 of the License Agreement, DIW is also seeking $118,000.00 in Liquidated Damages that became due as a result of the premature termination of the License Agreement.  Pursuant to section 7.3 of the License Agreement, DIW is also entitled to interest on these amounts calculated at the legal rate of interest of 1.5% per month in the amount of $37,701.00 from January, 31 2005 (30 days after the date of termination) through November 8, 2006 (the date of filing of this Motion for Default Judgment).

31.    DIW also seeks $1000 in Addendum Liquidated Damages that became due as a result of the premature termination of the Satellite Connectivity Services Addendum to the License Agreement pursuant to section 13 of the Satellite Connectivity Services Addendum to the License Agreement.  Pursuant to section 7.3 of the License Agreement, DIW is also entitled to interest on these amounts calculated at the legal rate of interest of 1.5% per month in the amount of $330 from January, 31 2005 (30 days after the date of termination) through November 8, 2006 (the date of filing of this Motion for Default Judgment).

32.    Defendants have not paid any of the Liquidated Damages for premature termination of the License Agreement set forth in the preceding paragraphs.

33.    DIW has attempted to replace this site since the premature termination of the License Agreement on December 31, 2005.  However, DIW has been unable to replace this site to date.

### Recurring Fees

34.    As of November 8, 2006, and pursuant to section 7 and 18 and Schedule C of the License Agreement, the amount of Recurring Fees due and owing by Defendants under the License Agreement and Guaranty was $23,307.67.

35.    The amounts of past due Recurring Fees due from GPIG, as set forth in the preceding paragraph, was calculated using an itemized statement for the Facility dated November 8, 2006 covering Recurring Fees owed by GPIG from August 2004 to the present. The Itemized Statement was compiled and printed by DIW's Finance Department.  DIW's Finance Department has regular responsibility for maintaining such records in the ordinary course of our business.  A true and correct copy of the November 8, 2006 Itemized Statement is attached hereto as Exhibit B.

36.    The Itemized Statement includes accrued interest.  Pursuant to section 7.3 of the License Agreement, DIW is entitled to interest on past due amounts calculated at the legal rate of interest of 1.5% per month. Interest is calculated at the rate of 1.5% monthly, per days in the month, on items that are over thirty days past due.  Interest is not calculated on finance charges or accruals.

37.    To date, Defendants have failed to pay any of the Recurring Fees that are due to DIW.

## Other Damages

38.     In addition to the amounts described above, DIW is entitled to interest accruing after the date of entry of DIW's Motion for Default Judgment until the judgment is paid in full.

39.     DIW also has incurred attorneys' fees, costs and expenses, for which it is owed reimbursement from the Defendants pursuant to Section 17.4 of the License Agreement and the Guaranty, and respectfully seeks a fees and costs award as well, as set forth in its accompanying motion.

Further affiant sayeth not.

DATED: November 8, 2006

Valerie Capers Workman

SUBSCRIBED and SWORN to before me this
8th day of November, 2006 in Parsippany,
New Jersey.

My commission expires: _Feb. 5, 2009_

Linda M. Rublano
Notary Public
State of New Jersey
My Commission expires 2-5-09

- 9 -

# GROUP EXHIBIT A

00797 083105 DEID

*legal*



# POST TERMINATION OBLIGATIONS CHECKLIST

BRAND: DAYS INN                    UNIT: 00797                    DATE: 08/31/2005

ADDRESS: 3282 NORTH HENDERSON STREET

CITY: GALESBURG                                        STATE: IL

|  | YES | NO |
|---|---|---|
| Primary signage removed/replaced/properly covered: |  | X |
| All additional exterior signage removed: |  | X |
| Signage removed from interior public areas: |  | X |
| Billboards changed to remove name: | X |  |
| Stop answering phone: Days, HJ, Knights, Ramada, Super 8, Travelodge, Villager, Wingate |  | X |
| Domain name removed from brochures & advertising: (www.motelname.com) |  |  |
| Returned confidential operations manuals & reservation equipment: |  |  |
| Howard Johnson Gatelodge orange roof painted: | X |  |
| Howard Johnson Gatelodge cupola removed: | X |  |

Has the logo and name been removed from the following items?

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| Stationery/Pads/Pens | X | | Soap/Shampoo | | X |
| Directories/Brochures | X | | Key Tags | X | |
| Business Cards | X | | Credit Card Imprinter | X | |
| Folios/Reg. Cards | X | | Laundry Bags | X | |
| Do-Not-Disturb Cards | | X | Name Tags/Uniforms | X | |
| Comment Cards | X | | Ice Buckets/Trays | X | |
| Telephone Plates | | X | Ashtray/Matches | X | |
| Telephone Dialing Instructions | | X | Plaques | X | |
| TV Channel ID plates | X | | Guest Checks/Receipts | X | |
| Rate/Law Cards | X | | Menus | X | |
| Door Signage | X | | | | |

Comments: _____

_____

_____

_____

_____

_____

QA Representative: *Steve B Blankenship*

Print Name:    SHANE BLANKENSHIP

Produced using ACI software, 800.234.8727 www.aciweb.com

PTOC 0628002

Quality Assurance

**De-Id Photographs**

Unit #:  00797
Date:   08/31/2005

00797 083105 DEID



**Primary Sign**



**Primary Sign**



SIGNAGE ON PORTE COCHERE



DAYS INN LOGOED SUPPLIES BEING USED



00797 013106 DEID





## POST TERMINATION OBLIGATIONS CHECKLIST

| | | |
|---|---|---|
| BRAND: DAYS INN | UNIT: 00797 | DATE: 01/31/2006 |
| ADDRESS: 3282 N. HENDERSON STREET | | |
| CITY: GALESBURG | | STATE: IL |

| | YES | NO |
|---|---|---|
| Primary signage removed/replaced/properly covered: | | X |
| All additional exterior signage removed: | | X |
| Signage removed from interior public areas: | | X |
| Billboards changed to remove name: | | X |
| Stop answering phone: Days, HJ, Knights, Ramada, Super 8, Travelodge, Villager, Wingate | X | |
| Domain name removed from brochures & advertising: (www.motelname.com) | X | |
| Returned confidential operations manuals & reservation equipment: | | X |
| Howard Johnson Gatelodge orange roof painted: | | X |
| Howard Johnson Gatelodge cupola removed: | | X |

Has the logo and name been removed from the following items?

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| Stationery/Pads/Pens | | X | Soap/Shampoo | | X |
| Directories/Brochures | | X | Key Tags | | X |
| Business Cards | | X | Credit Card Imprinter | | X |
| Folios/Reg. Cards | | X | Laundry Bags | | X |
| Do-Not-Disturb Cards | | X | Name Tags/Uniforms | | X |
| Comment Cards | | X | Ice Buckets/Trays | | X |
| Telephone Plates | | X | Ashtray/Matches | | X |
| Telephone Dialing Instructions | | X | Plaques | | X |
| TV Channel ID plates | | X | Guest Checks/Receipts | | X |
| Rate/Law Cards | | X | Menus | | X |
| Door Signage | | X | | | X |

Comments: PROPERTY APPEARS ABANDONED. HANDWRITTEN CLOSED SIGN ON FRONT DOOR. ONE WINDOW TO INTERIOR VIEWED BROKEN. ALL SIGNAGE REMAINS IN VIEW

QA Representative: _Krista Kraynick_

Print Name: KRISTA KRAYNICK

Produced using ACI software, 800.234.8727 www.aciweb.com

PTOC 0628002

Quality Assurance

**De-Id Photographs**

Unit #: 00797
Date: 01/31/2006

00797 013106 DEID



**Primary Sign**



**Primary Sign**



ONE OF TWO BUILDING SIGNS SA SHOWN IN ABOVE PHOTO



ONE OF THREE ENTRANCE SIGNS



HIRISE SIGN

00797 050206 DEID





## POST TERMINATION OBLIGATIONS CHECKLIST

BRAND: DAYS INN                UNIT: 00797              DATE: 05/02/2006

ADDRESS: 3282 NORTH HENDERSON STREET

CITY: GALESBURG                              STATE: IL

|  | YES | NO |
|---|---|---|
| Primary signage removed/replaced/properly covered: |  | X |
| All additional exterior signage removed: |  | X |
| Signage removed from interior public areas: |  |  |
| Billboards changed to remove name: | X |  |
| Stop answering phone: Days, HJ, Knights, Ramada, Super 8, Travelodge, Villager, Wingate | X |  |
| Domain name removed from brochures & advertising: (www.motelname.com) |  |  |
| Returned confidential operations manuals & reservation equipment: |  |  |
| Howard Johnson Gatelodge orange roof painted: |  |  |
| Howard Johnson Gatelodge cupola removed: |  |  |

Has the logo and name been removed from the following items?

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| Stationery/Pads/Pens |  |  | Soap/Shampoo |  |  |
| Directories/Brochures |  |  | Key Tags |  |  |
| Business Cards |  |  | Credit Card Imprinter |  |  |
| Folios/Reg. Cards |  |  | Laundry Bags |  |  |
| Do-Not-Disturb Cards |  |  | Name Tags/Uniforms |  |  |
| Comment Cards |  |  | Ice Buckets/Trays |  |  |
| Telephone Plates |  |  | Ashtray/Matches |  |  |
| Telephone Dialing Instructions |  |  | Plaques |  |  |
| TV Channel ID plates |  |  | Guest Checks/Receipts |  |  |
| Rate/Law Cards |  |  | Menus |  |  |
| Door Signage |  |  |  |  |  |

Comments: CLOSED SIGN POSTED ON WINDOWS, DOORS CHIANED LOCK

QA Representative:

Print Name:    DARRYL DAVIS

Produced using ACI software, 800.234.8727 www.aciweb.com    PTOC0628002

Quality Assurance

# De-Id Photographs

Unit #: 00797
Date: 05/02/2006

00797 050206 DEID



**Primary Sign**



**Primary Sign**









Produced using ACI software, 800.234.8727 www.aciweb.com
Quality Assurance

00797 081006 DEID



## POST TERMINATION OBLIGATIONS CHECKLIST

| | YES | NO |
|---|---|---|
| BRAND: DAYS INN    UNIT: 00797    DATE: 08/10/2006 | | |
| ADDRESS: 3282 NORTH HENDERSON STREET | | |
| CITY: GALESBURG    STATE: IL | | |
| Primary signage removed/replaced/properly covered: | | X |
| All additional exterior signage removed: | | X |
| Signage removed from interior public areas: | | |
| Billboards changed to remove name: | X | |
| Stop answering phone: Days, HJ, Knights, Ramada, Super 8, Travelodge, Villager, Wingate | X | |
| Domain name removed from brochures & advertising: (www.motelname.com) | | |
| Returned confidential operations manuals & reservation equipment: | | |
| Howard Johnson Gatelodge orange roof painted: | X | |
| Howard Johnson Gatelodge cupola removed: | X | |

Has the logo and name been removed from the following items?

| | YES | NO | | YES | NO |
|---|---|---|---|---|---|
| Stationery/Pads/Pens | | | Soap/Shampoo | | |
| Directories/Brochures | | | Key Tags | | |
| Business Cards | | | Credit Card Imprinter | | |
| Folios/Reg. Cards | | | Laundry Bags | | |
| Do-Not-Disturb Cards | | | Name Tags/Uniforms | | |
| Comment Cards | | | Ice Buckets/Trays | | |
| Telephone Plates | | | Ashtray/Matches | | |
| Telephone Dialing Instructions | | | Plaques | | |
| TV Channel ID plates | | | Guest Checks/Receipts | | |
| Rate/Law Cards | | | Menus | | |
| Door Signage | | | | | |

Comments: PROPERTY IS CLOSED

QA Representative: _[signature]_

Print Name:    SHANE BLANKENSHIP

Quality Assurance



**Primary Sign**



**Primary Sign**



PRIMARY SIGN



PROPERTY IS CLOSED



# EXHIBIT B

@ 001/008

WYNDHAM HOSPITALITY

11/08/2006  15:04  FAX

Report Date : 08-NOV-06

ITEMIZED STATEMENT
-------------------

As of Date (DD-MON-YYYY) : 08-NOV-2006
Customer No :            00757-82054-05-DAY
Category Set :
Category Group :
Group No :
Bankruptcy :             No Bankruptcy Sites
Disputed :               No

Page 1 of 8

@ 002/008

11/08/2006 16:04 FAX    WYNDHAM HOSPITALITY

Report Date : 08-NOV-06

ITEMIZED STATEMENT
-------------------

Customer No :   80797-82054-05-DAY
Address :       1392 N. HENDERSON ST.,GALESBURG,IL,61401,US
As of Date:     08-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|-----------|--------------|-------------|---------|---------|-----|----------------|-------|
| AUG-2004 | IN1350514-002 | 18-AUG-04 | JLY-DIRECTWAY | | 53.23 | 0.00 | 0.00 | 53.23 |
| | IN1366224-001 | 27-AUG-04 | AUG-EQUIP SALES | | 9.38 | 0.00 | 0.00 | 9.38 |
| | IN1366224-002 | 27-AUG-04 | AUG-DIRECTWAY | | 150.00 | 0.00 | 0.00 | 150.00 |
| | INV08G3083-002 | 31-AUG-04 | MARKETING FEE | | 313.36 | 0.00 | 0.00 | 313.36 |
| | INV08G3083-003 | 31-AUG-04 | RESERVATION FEE | | 480.00 | 0.00 | 0.00 | 480.00 |
| | INV08G3083-001 | 31-AUG-04 | ROYALTY FEE | | 835.64 | 0.00 | 0.00 | 835.64 |
| | | | Sub Total | | 1841.61 | 0.00 | 0.00 | 1841.61 |
| SEP-2004 | IN1374926-001 | 16-SEP-04 | PROCS CHG Willi | | 25.00 | 0.00 | 0.00 | 25.00 |
| | 07978493A-001 | 30-SEP-04 | ROYALTY ACCRUAL | * | 3000.00 | 0.00 | 0.00 | 3000.00 |
| | TP3995395-001 | 30-SEP-04 | SDS & INTEREST | | 24.00 | 0.00 | 0.00 | 24.00 |
| | IN1385603-002 | 30-SEP-04 | TRIPREWARDS SVC | | 28.41 | 0.00 | 0.00 | 28.41 |
| | IN1385603-001 | 30-SEP-04 | 9/8 Debra Drago | | 60.00 | 0.00 | 0.00 | 60.00 |
| | IN1385603-004 | 30-SEP-04 | SEP-DIRECWAY | | 150.00 | 0.00 | 0.00 | 150.00 |
| | IN1385603-003 | 30-SEP-04 | SEP-EQUIP SALES | | 9.38 | 0.00 | 0.00 | 9.38 |
| | 07976499A-006 | 30-SEP-04 | RESERVATION FEE | * | 1700.00 | 0.00 | 0.00 | 1700.00 |
| | TA3995393-001 | 30-SEP-04 | T/A COMMISSIONS | | 54.66 | 0.00 | 0.00 | 54.66 |
| | 07977469A-003 | 30-SEP-04 | MKTG FEE ACCRUA | * | 1100.00 | 0.00 | 0.00 | 1100.00 |
| | | | Sub Total | | 6151.45 | 0.00 | 0.00 | 6151.45 |
| OCT-2004 | IN1391745-001 | 07-OCT-04 | PROCS CHG Gina | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1395531-001 | 21-OCT-04 | OCT-MKT SOFTWAR | | 249.10 | 0.00 | 0.00 | 249.10 |
| | IN1401016-003 | 28-OCT-04 | OCT-EQUIP SALES | | 9.38 | 0.00 | 0.00 | 9.38 |
| | IN1401016-002 | 28-OCT-04 | TRIPREWARDS SVC | | 75.50 | 0.00 | 0.00 | 75.50 |
| | TA3998923-001 | 28-OCT-04 | T/A COMMISSIONS | | 173.18 | 0.00 | 0.00 | 173.18 |
| | TP3998923-001 | 28-OCT-04 | SDS & INTEREST | | 43.50 | 0.00 | 0.00 | 43.50 |
| | IN1401016-001 | 28-OCT-04 | PROCS CHG Ronal | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1401816-004 | 28-OCT-04 | OCT-DIRECWAY | | 150.00 | 0.00 | 0.00 | 150.00 |
| | FCG292671-001 | 31-OCT-04 | FINANCE CHARGE | | 20.11 | 0.00 | 0.00 | 20.11 |
| | 07970410A-001 | 31-OCT-04 | ROYALTY ACCRUAL | * | 3400.00 | 0.00 | 0.00 | 3400.00 |
| | 07970410A-006 | 31-OCT-04 | RESERVATION FEE | * | 1900.00 | 0.00 | 0.00 | 1900.00 |
| | 07970410A-003 | 31-OCT-04 | MKTG FEE ACCRUA | * | 1300.00 | 0.00 | 0.00 | 1300.00 |

Page 2 of 6

1:06-cv-01171-MMM-BGC    # 14-3    Page 23 of 28

ITEMIZED STATEMENT
-------------------

Customer No : 00797-H2054-05-DAY
Address : 3392 N. HENDERSON ST.,GALESBURG,IL,61401,US
As of Date: 08-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|-----------|--------------|-------------|---------|---------|-----|----------------|-------|
| | | | Sub Total | | 7370.77 | 0.00 | 0.00 | 7370.77 |
| NOV-2004 | IN1410759-001 | 11-NOV-04 | PROCS CHG Fred | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1413681-001 | 22-NOV-04 | O/S Fred Housel | | 59.83 | 0.00 | 0.00 | 59.83 |
| | IN1413681-002 | 22-NOV-04 | TRANS CHG Fred | | 75.00 | 0.00 | 0.00 | 75.00 |
| | IN1413681-003 | 22-NOV-04 | PROCS CHG Erin | | 25.00 | 0.00 | 0.00 | 25.00 |
| | TA3007843-001 | 24-NOV-04 | T/A COMMISSIONS | | 227.66 | 0.00 | 0.00 | 227.66 |
| | TP4207843-001 | 24-NOV-04 | GDS & INTERNET | | 51.00 | 0.00 | 0.00 | 51.00 |
| | IN1418379-003 | 29-NOV-04 | NOV-NSI SOFTWAR | | 249.10 | 0.00 | 0.00 | 249.10 |
| | IN1418379-002 | 29-NOV-04 | PROCS CHG Chris | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1418379-001 | 29-NOV-04 | PROCS CHG Sally | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1418379-004 | 29-NOV-04 | TRIPREWARDS SVC | | 45.86 | 0.00 | 0.00 | 45.86 |
| | FC0295815-001 | 30-NOV-04 | FINANCE CHARGE | | 32.46 | 0.00 | 0.00 | 32.46 |
| | MV0909959-003 | 30-NOV-04 | RESERVATION FEE | | 437.71 | 0.00 | 0.00 | 437.71 |
| | MV0909959-001 | 30-NOV-04 | ROYALTY FEE | | 743.96 | 0.00 | 0.00 | 743.96 |
| | MV0909959-002 | 30-NOV-04 | MARKETING FEE | | 278.94 | 0.00 | 0.00 | 278.94 |
| | IN1423359-001 | 30-NOV-04 | NOV-EQUIP SALES | | 9.38 | 0.00 | 0.00 | 9.38 |
| | IN1423359-002 | 30-NOV-04 | NOV-DIRECWAY | | 150.00 | 0.00 | 0.00 | 150.00 |
| | | | Sub Total | | 2450.58 | 0.00 | 0.00 | 2450.58 |
| DEC-2004 | IN1432758-002 | 27-DEC-04 | DEC-NSI SOFTWAR | | 249.10 | 0.00 | 0.00 | 249.10 |
| | IN1432758-001 | 27-DEC-04 | PROCS CHG Darty | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1432758-003 | 27-DEC-04 | TRIPREWARDS SVC | | 103.22 | 0.00 | 0.00 | 103.22 |
| | IN1439289-001 | 30-DEC-04 | DEC-EQUIP SALES | | 9.38 | 0.00 | 0.00 | 9.38 |
| | IN1439289-002 | 30-DEC-04 | DEC-DIRECWAY | | 150.00 | 0.00 | 0.00 | 150.00 |
| | FC0298553-001 | 31-DEC-04 | FINANCE CHARGE | | 57.21 | 0.00 | 0.00 | 57.21 |
| | MV0891082-003 | 31-DEC-04 | RESERVATION FEE | | 356.00 | 0.00 | 0.00 | 356.00 |
| | MV0891082-001 | 31-DEC-04 | ROYALTY FEE | | 618.91 | 0.00 | 0.00 | 618.91 |
| | MV0891082-002 | 31-DEC-04 | MARKETING FEE | | 232.09 | 0.00 | 0.00 | 232.09 |

@004/008

11/08/2006 15:04 FAX          WYNDHAM HOSPITALITY

Report Date : 08-NOV-06

ITEMIZED STATEMENT
------------------

Customer No :   00797-92054-05-DAY
Address :       3283 N. HENDERSON ST.,GALESBURG,IL,61401,US
As of Date:     08-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|-----------|--------------|-------------|---------|---------|------------|----------------|-------|
| | | | | Sub Total | 1800.91 | 0.00 | 0.00 | 1800.91 |
| JAN-2005 | IN1449145-002 | 27-JAN-05 | TRIPREWARDS SVC | | 87.80 | 0.00 | 0.00 | 87.80 |
| | FC0301845-001 | 31-JAN-05 | FINANCE CHARGE | | 71.99 | 0.00 | 0.00 | 71.99 |
| | | | | Sub Total | 159.79 | 0.00 | 0.00 | 159.79 |
| FEB-2005 | IN1462366-002 | 24-FEB-05 | TRIPREWARDS SVC | | 129.34 | 0.00 | 0.00 | 129.34 |
| | FC0305265-001 | 28-FEB-05 | FINANCE CHARGE | | 83.80 | 0.00 | 0.00 | 83.80 |
| | | | | Sub Total | 213.04 | 0.00 | 0.00 | 213.04 |
| MAR-2005 | IN1477797-001 | 24-MAR-05 | G/S Julia Nelms | | 30.80 | 0.00 | 0.00 | 30.80 |
| | IN1477797-002 | 24-MAR-05 | TRANS CHG Julia | | 75.00 | 0.00 | 0.00 | 75.00 |
| | FC0308651-001 | 31-MAR-05 | FINANCE CHARGE | | 103.79 | 0.00 | 0.00 | 103.79 |
| | IN1484339-001 | 31-MAR-05 | TRIPREWARDS SVC | | 112.42 | 0.00 | 0.00 | 112.42 |
| | | | | Sub Total | 321.91 | 0.00 | 0.00 | 321.91 |
| APR-2005 | ING498533-001 | 28-APR-05 | PROCG CHG Tarwa | | 25.00 | 0.00 | 0.00 | 25.00 |
| | IN1498533-002 | 28-APR-05 | TRIPREWARDS SVC | | 149.70 | 0.00 | 0.00 | 149.70 |
| | FC0311788-001 | 30-APR-05 | FINANCE CHARGE | | 168.04 | 0.00 | 0.00 | 168.04 |
| | | | | Sub Total | 342.74 | 0.00 | 0.00 | 342.74 |
| MAY-2005 | IN1511738-001 | 26-MAY-05 | TRIPREWARDS SVC | | 36.65 | 0.00 | 0.00 | 36.65 |
| | FC0315257-001 | 31-MAY-05 | FINANCE CHARGE | | 115.26 | 0.00 | 0.00 | 115.26 |

Page 4 of 9

@005/008

Report Date : 09-NOV-06

ITEMIZED STATEMENT
-------------------

Customer No :  00797-02054-05-DAY
Address :   3292 N. HENDERSON ST., GALESBURG, IL, 61401, US
As of Date:   09-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|-----------|--------------|-------------|---------|---------|------------|----------------|-------|
| | | | | Sub Total | 151.89 | 0.00 | 0.00 | 151.89 |
| JUN-2006 | FC0315948-001 | 30-JUN-06 | FINANCE CHARGE | | 114.18 | 0.00 | 0.00 | 114.18 |
| | IN1536718-001 | 30-JUN-06 | TRIPREWARDS PRC | | 36.75 | 0.00 | 0.00 | 36.75 |
| | | | | Sub Total | 150.93 | 0.00 | 0.00 | 150.93 |
| JUL-2005 | FC0322474-001 | 31-JUL-05 | FINANCE CHARGE | | 118.47 | 0.00 | 0.00 | 118.47 |
| | | | | Sub Total | 118.47 | 0.00 | 0.00 | 118.47 |
| AUG-2005 | FC0326047-001 | 31-AUG-05 | FINANCE CHARGE | | 119.03 | 0.00 | 0.00 | 119.03 |
| | IN1559769-001 | 31-AUG-05 | TRIPREWARDS PRC | | 6.22 | 0.00 | 0.00 | 6.22 |
| | | | | Sub Total | 125.25 | 0.00 | 0.00 | 125.25 |
| SEP-2005 | IN1975371-001 | 28-SEP-05 | PROCS CHG John | | 25.00 | 0.00 | 0.00 | 25.00 |
| | FC0329540-001 | 30-SEP-05 | FINANCE CHARGE | | 115.26 | 0.00 | 0.00 | 115.26 |
| | | | | Sub Total | 140.26 | 0.00 | 0.00 | 140.26 |
| OCT-2005 | FC0333214-001 | 11-OCT-05 | FINANCE CHARGE | | 119.13 | 0.00 | 0.00 | 119.13 |
| | | | | Sub Total | 119.13 | 0.00 | 0.00 | 119.13 |
| NOV-2005 | IN0505063-001 | 29-NOV-05 | PROCS CHG Sandr | | 25.00 | 0.00 | 0.00 | 25.00 |

Page 5 of 8

©WYNDHAM HOSPITALITY     11/06/2006 15 04 FAX

Report Date : 08-NOV-06

ITEMIZED STATEMENT
--------------------

Customer No :   00797-82054-06-DAY
Address :        3202 N. HENDERSON ST., GALESBURG, IL, 61401, US
As of Date:     08-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|-----------|--------------|-------------|---------|---------|-----|----------------|-------|
| | FC0337155-001 | 30-NOV-05 | FINANCE CHARGE | | 115.72 | 0.00 | 0.00 | 115.72 |
| | | | | Sub Total | 140.72 | 0.00 | 0.00 | 140.72 |
| DEC-2005 | FC0341094-001 | 31-DEC-05 | FINANCE CHARGE | | 119.51 | 0.00 | 0.00 | 119.51 |
| | | | | Sub Total | 119.51 | 0.00 | 0.00 | 119.51 |
| JAN-2006 | FC0345062-001 | 31-JAN-06 | FINANCE CHARGE | | 139.89 | 0.00 | 0.00 | 139.89 |
| | | | | Sub Total | 119.89 | 0.00 | 0.00 | 119.89 |
| FEB-2006 | FC0348741-001 | 28-FEB-06 | FINANCE CHARGE | | 108.39 | 0.00 | 0.00 | 108.39 |
| | | | | Sub Total | 108.39 | 0.00 | 0.00 | 108.39 |
| MAR-2006 | FC0352150-001 | 31-MAR-06 | FINANCE CHARGE | | 119.89 | 0.00 | 0.00 | 119.89 |
| | | | | Sub Total | 119.89 | 0.00 | 0.00 | 119.89 |
| APR-2006 | FC0355772-001 | 30-APR-06 | FINANCE CHARGE | | 218.03 | 0.00 | 0.00 | 116.03 |
| | | | | Sub Total | 116.03 | 0.00 | 0.00 | 116.03 |
| MAY-2006 | FC0359309-001 | 31-MAY-06 | FINANCE CHARGE | | 119.89 | 0.00 | 0.00 | 119.89 |

Page 6 of 8

@ 007/008

Report Date : 08-NOV-06

ITEMIZED STATEMENT
--------------------

Customer No : 00797-82054-05-IBY
Address :   3287 N. HENDERSON ST., GALESBURG, IL, 61401, US
As of Date:  08-NOV-2006

| Mon-Year | Invoice No | Invoice Date | Description | Accrued | Billing | Amount Tax | FinanceCharges | Total |
|----------|------------|--------------|-------------|---------|---------|------------|----------------|-------|
| | | | | Sub Total | 119.89 | 0.00 | 0.00 | 119.89 |
| JUN-2006 | FC0367718-001 | 30-JUN-06 | FINANCE CHARGE | | 116.09 | 0.00 | 0.00 | 116.09 |
| | | | | Sub Total | 116.09 | 0.00 | 0.00 | 116.09 |
| JUL-2006 | FC0365594-001 | 31-JUL-06 | FINANCE CHARGE | | 119.89 | 0.00 | 0.00 | 119.89 |
| | | | | Sub Total | 119.89 | 0.00 | 0.00 | 119.89 |
| SEP-2006 | 10003894 | 15-SEP-06 | FINANCE CHARGE | | 465.62 | 0.00 | 0.00 | 465.62 |
| | | | | Sub Total | 465.62 | 0.00 | 0.00 | 465.62 |
| OCT-2006 | 30018399 | 15-OCT-06 | FINANCE CHARGE | | 303.66 | 0.00 | 0.00 | 303.66 |
| | | | | Sub Total | 303.66 | 0.00 | 0.00 | 303.66 |
| | | | | Grand Total | 23307.67 | 0.00 | 0.00 | 23307.67 |

Requested By: Karen Vitiello

Page 7 of 9

WYNDHAM HOSPITALITY

11/08/2006 15 04 FAX

Report Date : 08-NOV-06

ITEMIZED STATEMENT
-----------------------

* Please note the accruals on your account are estimates.
  Make sure to promptly submit your actual gross room revenue and rooms sold.


******* END OF REPORT *******

Page 8 of 8

E-FILED
Wednesday, 08 November, 2006  05:37:08 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| DAYS INNS WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06-CV-01171-MMM-BGC |
| v. | ) | |
| | ) | Hon. Michael M. Mihm |
| | ) | |
| GROWTH PROPERTY INVESTMENT | ) | Magistrate Judge Byron G. Cudmore |
| GROUP, INC., a California Corporation, | ) | |
| CARLOS E. CARDONA, and FRANK | ) | |
| TICAS, individuals, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF CLAY A. TILLACK

I, Clay A. Tillack, being duly sworn on oath, state as follows:

1.      I have personal knowledge of the following facts, and am prepared to testify to them if called as a witness. I respectfully submit this affidavit in support of Plaintiff's Motion for Default Judgment against defendant Growth Property Investment Group, Inc. ("GPIG") for the work performed for Days Inn Worldwide, Inc. ("DIW") in this matter.

### Background and Counsel

2.      I am an attorney licensed to practice law in the States of Illinois. I also have been admitted to the bars of the United States District Courts for the Northern and Central Districts of Illinois and the Eastern District of Michigan, as well as the Seventh Circuit Court of Appeals. I am a partner at the law firm of Schiff Hardin LLP and a 1982 graduate of the University of Texas School of Law. I have served with Paula J. Morency as Regional Counsel for DIW and its affiliates in the states of Wisconsin, Illinois, and Indiana from 1999 to the present, and as counsel for DIW in this matter from its inception. I have litigated franchise and distributor matters for

more than ten years, including scores of contested commercial matters both in state and federal court, with a primary focus on distribution and franchise suits.

### The Work For Which Fees Are Sought

3.    DIW requests reimbursement from this Court on its present Motion for Default Judgment for the attorneys' fees and expenses reasonably and necessarily expended on this matter to date. The fees reflect time spent in the investigation, preparation of the pleadings, service of process, and preparation and briefing of this motion for default judgment, and associated electronic and telephone communications with DIW client personnel, Linda Rubiano and Marcus Banks, all in prosecution of DIW's claims against defendant GPIG. In support of its motion, DIW submits billing detail of the law firm of Schiff Hardin LLP ("Schiff Hardin") (attached as Exhibit A). DIW does not seek reimbursement for the redacted entries or amounts through which lines have been drawn, and notes that the term "CLIP communications" refers to the communications of questions and updates between Schiff Hardin LLP and client personnel.

4.    I personally reviewed the billing detail which is attached, as well as the underlying court records and other documents prepared for this litigation.

### Staffing of This Matter

5.    Schiff Hardin serves as Regional Counsel for DIW for Illinois and other Midwestern states, and has performed all of the work for DIW on this matter, from its inception through the present.

6.    I performed the principal work on this matter, along with my associates Fiona A. Burke and Mark E. Ashton. As set forth on the billing statements, DIW was charged an hourly rate of $450.00 for Mr. Tillack's time, $305.00 for Ms. Burke's time, and $210 for Mr. Ashton's time.

-2-

7.     Ms. Burke, a Schiff Hardin associate and a 2001 graduate of Loyola University Chicago Law School, assisted on this matter by evaluating this matter, preparing the pleadings, finalizing the pleadings, reviewing the motions for entry of default and default judgment and supporting affidavits and attachments, and performing other associated work on the matter.

8.     Mr. Ashton, a Schiff Hardin associate and a 2005 graduate of the University of Michigan Law School, assisted on this matter by preparing the pleadings for filing, drafting the motions for entry of default and default judgment and supporting affidavits and attachments, and performing other associated work on the matter.

## Attorneys' Fees For Which DIW Seeks Reimbursement

### A.     Fees and Discounts Reflected In Schiff Hardin's Time Entries

9.     The attached billing detail reflects the normal and customary billing rates charged to clients by Schiff Hardin, after adjustment downward to reflect discounts provided to this client in the ordinary course of business, as well as reductions for the circumstances of this particular case.  For example, we have omitted from this request fees incurred in the reparation of injunction pleadings, since it was determined that it was not necessary to file for motion for preliminary injunction.

10.     DIW seeks an award of $17,368 for incurred charges for Schiff Hardin's services to date.  (*See* Exhibit A).  DIW is not seeking reimbursement for entries that have been redacted, and has discounted the amount of fees it seeks by $3,895.00.

11.     In addition DIW seeks $1,965.00 for the time spent in completing its Motion for Default Judgment and supporting materials: an additional 4 hours in associate time, billed at $210 per hour totaling $840 and an additional 2.5 hours of partner time billed at $450 per hour totaling $1125.00.  That time is not yet reflected in the billing sheets.

-3-

**B.    Total Attorneys Fees Amount Sought by DIW in its Petition**

12.    The total fees sought by DIW in its petition are $19,333.00

13.    Based upon my experience and judgment, the rates, fees and costs requested by this fee petition are fair, reasonable, and well within those that normally would be charged for the services provided on a matter of this nature, where a claim was investigated, a complaint was prepared, motions for default and default judgment were prepared and presented to the Court, and other associated work was performed.

**C.    Appropriateness of Fees Sought by DIW in its Petition**

14.    I am familiar with market rates charged by attorneys who represent parties in franchise litigation and who practice in the Chicago area and other areas of the upper Midwest, by my experience with fee petitions, preparation of client billings and receipt of client payments for my firms, and information disclosed by publications, clients and other counsel in the legal community, including those who act as regional counsel for franchisors.

15.    The rates at which DIW seeks compensation for the services rendered to it by counsel in this matter are well within the prevailing rates for lawyers practicing in the Chicago area and other urban Midwestern legal communities, and are within the appropriate rates charged for litigating a franchise matter such as this case as regional counsel for a franchisor.

**Special Factors:  DIW Had Significant Interests at Stake in this Litigation**

16.    DIW acted appropriately to protect its trademarks, the traveling public, and the system interests at stake in this litigation. It is of critical importance to maintain uniform quality of the lodging facilities throughout DIW's franchise system, in order to protect DIW's guests and its trademarks. Given the breadth of the DIW system, it is also important for DIW to enforce the terms of its license agreements against breaching licensees. In this case, the Defendants breached the payment obligations that they were required to meet under the License Agreement, and also

-4-

breached their obligation not to transfer the hotel property to a third party. The resulting termination has caused DIW to lose the benefit of its agreement that this licensee would operate a facility in Galesburg, Illinois until 2019, and that the facility would comply with the standards DIW has set to protect the traveling public and the DIW marks. DIW's enforcement of its License Agreement is both appropriate and important, both in the message it sends to the system as a whole and in the recovery DIW seeks against the Defendants for its past and future efforts in this region.

### Costs For Which DIW Seeks Reimbursement in its Petition

17.    In addition to legal fees, DIW asks this Court to award $1709.06 for costs that DIW incurred in the prosecution of this matter to date, for copying expenses, facsimile charges, as well as service, filing, and other delivery expenses. (See also, Form A0 133, Bill of Costs, attached as Exhibit B.)

FURTHER AFFIANT SAYETH NOT.

_____
Clay A. Tillack

*CHI\4737571.1*

-5-

# EXHIBIT A

Scott McLester, Esq.
Wyndham Worldwide Corporation
1 Sylvan Way
Parsippany, New Jersey 07054

INVOICE #:   ******
OCTOBER 26, 2006

RE: Days Inns Worldwide, Inc (797) Galesburg, IL
    Re: Growth Property Investment Group, Inc
    et al - Franchise Dispute
Matter Number: 33993-0019
**Client Matter No. HFL00001229**

DESCRIPTION OF LEGAL SERVICES

Period covered by this invoice 01/01/01 to 10/26/06

| Name | Date | Hours | Description of Services | Task Act | Amount |
|------|------|-------|-------------------------|----------|--------|
| FAB | 12/05/05 | .30 | Review CLIP profile, CLIP comments and post termination obligations checklist re new matter. | L110 A104 | 81.00 |
| FAB | 12/05/05 | .10 | Communications with Linda Rubiano re *REDACTED* | L110 A106 | 27.00 |
| FAB | 12/28/05 | .20 | Communications with L. Rubiano re *REDACTED* | L110 A106 | 54.00 |
| FAB | 01/11/06 | .30 | Review green file. | L110 A104 | 91.50 |
| FAB | 01/11/06 | .20 | Communications with Linda Rubiano re *REDACTED* | L110 A106 | 61.00 |
| FAB | 01/11/06 | .30 | Communications with E. Blackwood re drafting complaint and preliminary injunction papers. | L210 A105 | 91.50 |

Scott McLester, Esq.                    Oct 26, 2006    PAGE    2
FILE NUMBER: 33993-0019

| EAB | 01/11/06 | 1.00 | Met with Fiona Burke to discuss Days Inn Complaint; began reviewing Days Inn Galesburg Green File. | L110 A101 | 240.00 |
| EAB | 01/13/06 | 2.30 | Continued to review Green File and other Days Inn, Galesburg, IL documents in preparation for drafting complaint. | L110 A101 | 552.00 |
| EAB | 01/16/06 | .60 | Continued review of Cendant materials on Days Inn, Galesburg. | L110 A101 | 144.00 |
| FAB | 01/25/06 | .10 | Communications with E. Blackwood re status of draft pleadings. | L210 A105 | 30.50 |
| FAB | 01/27/06 | .10 | Communications with E. Blackwood re draft complaint. | L210 A105 | 30.50 |
| FAB | 01/30/06 | .20 | Communications with Marc Merriweather and Linda Rubiano re REDACTED | L210 A106 | 61.00 |
| FAB | 01/30/06 | .20 | Communications with P. Morency re pleadings and motion for preliminary injunction; communications with E. Blackwood re same. | L210 A105 | 61.00 |
| FAB | 01/31/06 | .10 | Communications with Linda Rubiano re REDACTED | L210 A106 | 30.50 |
| FAB | 01/31/06 | .50 | Communications with E. Blackwood re draft pleadings and motion for preliminary injunction, termination letter and transferee. | L210 A105 | 152.50 |
| EAB | 01/31/06 | 3.10 | Drafting Days Inn 797 complaint; preliminary injunction; memo for preliminary injunction; | L110 A101 | 744.00 |

Scott McLester, Esq.
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| | | | ~~affidavit for preliminary injunction; communication with FAB re file information.~~ | | |
| FAB | 02/01/06 | .20 | Communications with E. Blackwood re draft pleadings and adding transferee. | L210 A105 | 61.00 |
| FAB | 02/01/06 | .30 | Review faxes from Linda Rubiano enclosing termination information and transferee; communications with Linda Rubiano re *REDACTED* | L210 A106 | 91.50 |
| ~~EAB~~ | ~~02/01/06~~ | ~~.20~~ | ~~Review Fiona's Burke's emails on the transferee for the Days Inn 797 case; corresponded with Fiona Burke about complaint and preliminary injunction papers.~~ | ~~L110 A101~~ | ~~48.00~~ |
| ~~EAB~~ | ~~02/02/06~~ | ~~1.70~~ | ~~Continued to draft Complaint, Preliminary Injunction (Motion and Memo) and Affidavit.~~ | ~~L110 A101~~ | ~~408.00~~ |
| ~~EAB~~ | ~~02/03/06~~ | ~~3.80~~ | ~~Drafted Days Inn 797 Complaint, Preliminary Injunction (Motion and Memo) and Affidavit; forwarded to Fiona Burke for review.~~ | ~~L110 A101~~ | ~~912.00~~ |
| FAB | 02/07/06 | 1.00 | Review client documents, California Secretary of State filing; began review and redline of E. Blackwood's draft complaint. | L210 A103 | 305.00 |
| FAB | 02/08/06 | 2.00 | Continued review and redline of E. Blackwood's draft complaint. | L210 A103 | 610.00 |
| FAB | 02/08/06 | .20 | Communications with Linda Rubiano and Marcus Banks re *REDACTED* | L110 A106 | 61.00 |

| | | | | | |
|---|---|---|---|---|---|
| FAB | 02/08/06 | .20 | Communications with E. Blackwood re revisions to complaint; communications with research librarian re obtaining Choicepoint searches for 3 individual defendants. | L110 A105 | 61.00 |
| FAB | 02/08/06 | .50 | Research regarding current information for individual defendants. | L110 A102 | 152.50 |
| DDL | 02/08/06 | 1.50 | Researched online in AUTOTRACKXP database and obtained business reports for Frank Ticas, 12311 Pine Street, Garden Grove, CA, Carlos E. Cardona, 11752 Garden Grove Blvd. #115, Garden Grove, CA and Marcia Miller, 309 7th Ave., Sterling, IL. Requested by F. Burke. | L110 A102 | 187.50 |
| FAB | 02/09/06 | .10 | Communications with K. Nystedt re determining ownership of hotel property. | L110 A105 | 30.50 |
| ~~FAB~~ | ~~02/09/06~~ | ~~2.70~~ | ~~Revise E. Blackwood's draft preliminary injunction motion, memorandum and affidavit; draft proposed order for preliminary injunction.~~ | ~~L220 A103~~ | ~~823.50~~ |
| KN | 02/09/06 | .30 | Correspondence with FAB and title company, order new ownership searches. | L140 A102 | 57.00 |
| FAB | 02/10/06 | 2.50 | Review asset search reports for Frank Ticas, Carlos Cardona and Marcia Miller; review bankruptcy court docket for Marcia Miller; draft summary of outstanding issues. | L110 A102 | 762.50 |

Scott McLester, Esq.                          Oct 26, 2006      PAGE    5
FILE NUMBER: 33993-0019

| FAB | 02/10/06 | .20 | Communications with P. Fokuo re bankruptcy of Marcia Miller. | L110 A105 | 61.00 |
| PJF | 02/10/06 | .20 | Phone conference with F. Burke regarding implications of bankruptcy | L120 A105 | 61.00 |

*REDACTED*

| ~~EAB~~ | ~~02/10/06~~ | ~~.10~~ | ~~Spoke with Fiona Burke about next steps to take re: bankruptcy court for Days Inn complaint.~~ | ~~L120 A101~~ | ~~24.00~~ |
| FAB | 02/13/06 | .20 | Communications with P. Morency and W. Kohn re transferee's chapter 7 bankruptcy and obtaining injunctive relief. | L220 A105 | 61.00 |
| FAB | 02/13/06 | .10 | Communications with Marcus Banks re *REDACTED* | L220 A106 | 30.50 |
| WIK | 02/13/06 | .80 | Reviewed franchise agreement and docket. | L120 A104 | 440.00 |
| FAB | 02/14/06 | .30 | Conference call with Marcus Banks and Dave Catuogno at Eliades and Holt re *REDACTED* | L110 A106 | 91.50 |
| FAB | 02/14/06 | .10 | Communications with W. Kohn re bankruptcy. | L110 A105 | 30.50 |
| FAB | 02/28/06 | .40 | Communications with P. Morency re pleadings; communications with J. Vigano and David Catuogno at Forman & Holt re bankruptcy/de-identification issues. | L210 A105 | 122.00 |

Scott McLester, Esq.
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 03/01/06 | .30 | Email response to David Catuogno re questions regarding infringement period by Marcia Miller in context of bankruptcy proceeding. | L110 A107 | 91.50 |
| RMS | 03/16/06 | .20 | Communications with FAB re potential claims against transferee and related issues. | L120 A105 | 87.00 |
| FAB | 03/16/06 | .10 | Communications with R. Spencer re revising complaint. | L210 A105 | 30.50 |
| FAB | 03/20/06 | .10 | Communications with R. Spencer re complaint. | L210 A105 | 30.50 |
| RMS | 03/21/06 | .40 | Conference with FAB re status of matter, transferee's bankruptcy, revisions to pleadings, factual issues and strategy with respect to claims. | L190 A105 | 174.00 |
| FAB | 03/21/06 | .40 | Communications and conference with R. Spencer re revising complaint. | L210 A105 | 122.00 |
| FAB | 03/23/06 | .80 | Revise complaint; remove claims against transferee in bankruptcy (Miller). | L210 A103 | 244.00 |
| FAB | 03/23/06 | .40 | Research re venue provisions under California and Illinois franchise laws; communications re same. | L210 A105 | 122.00 |
| FAB | 03/24/06 | 1.00 | Revise draft complaint. | L210 A103 | 305.00 |
| CAT | 03/29/06 | 1.20 | Review and revise draft Verified Complaint. | L210 A103 | 540.00 |
| CAT | 03/29/06 | .40 | Conference with F. Burke re: research regarding contributory infringement in context of transferred license agreement. | L120 A105 | 180.00 |

Scott McLester, Esq.
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 03/29/06 | .40 | Communications and conference with C. Tillack re draft complaint and contributory infringement issues. | L210 A105 | 122.00 |
| FAB | 03/29/06 | 1.20 | Research current case law regarding contributory infringement of trademarks. | L210 A102 | 366.00 |
| CAT | 04/05/06 | .70 | Review and analysis of draft Complaint. | L210 A104 | 315.00 |
| CAT | 04/05/06 | 1.50 | Prepare revisions to draft Complaint. | L210 A103 | 675.00 |
| CAT | 04/05/06 | .50 | Directions to F. Burke re: revisions to draft Complaint. | L210 A105 | 225.00 |
| FAB | 04/05/06 | .50 | Communications with C. Tillack re revisions to complaint. | L210 A105 | 152.50 |
| FAB | 04/06/06 | .50 | Research regarding liability under Illinois Consumer Fraud and Deceptive Trade Practices Act for contributory trademark infringement. | L210 A102 | 152.50 |
| FAB | 04/06/06 | .10 | Communications with C. Tillack re research regarding liability under Illinois Consumer Fraud and Deceptive Trade Practices Act for contributory trademark infringement. | L210 A105 | 30.50 |
| FAB | 04/06/06 | .60 | Revise complaint per C. Tillack's comments. | L210 A103 | 183.00 |
| CAT | 04/14/06 | .80 | Review and revision of draft Complaint, and allegations re: Lanham Act violation, contract breach and damages. | L210 A103 | 360.00 |

Scott McLester, Esq.
FILE NUMBER: 33993-0019

Oct 26, 2006    PAGE  8

| FAB | 04/14/06 | .30 | Revise draft complaint to combine breach of contract claims against licensee into one count. | L210 A103 | 91.50 |
| FAB | 04/14/06 | .50 | Communications with C. Tillack re additional revisions to draft complaint. | L210 A105 | 152.50 |
| CAT | 04/17/06 | .80 | Review and revise draft Complaint re: allegations of infringement and contract breach. | L210 A103 | 360.00 |
| CAT | 04/17/06 | .30 | Conference with F. Burke re: draft Complaint. | L210 A105 | 135.00 |
| FAB | 04/17/06 | .30 | Communications with C. Tillack re edits to complaint. | L210 A105 | 91.50 |
| FAB | 04/17/06 | 1.20 | Revise complaint per C. Tillack's comments. | L210 A103 | 366.00 |
| FAB | 04/19/06 | .50 | Revise draft complaint per C. Tillack's comments. | L210 A103 | 152.50 |
| FAB | 04/19/06 | .10 | Communications with C. Tillack re revised complaint. | L210 A105 | 30.50 |
| CAT | 04/20/06 | .60 | Review and revise final draft of Complaint. | L210 A103 | 270.00 |
| FAB | 04/20/06 | .50 | Communications with C. Tillack re revisions to complaint. | L210 A105 | 152.50 |
| FAB | 04/20/06 | .30 | Revise complaint per C. Tillack's comments. | L210 A103 | 91.50 |
| CAT | 05/01/06 | .20 | Conference with F. Burke re: revisions to draft Complaint. | L210 A105 | 90.00 |
| CAT | 05/01/06 | .40 | Review revisions to draft Complaint. | L210 A104 | 180.00 |

Scott McLester, Esq.                      Oct 26, 2006    PAGE    9
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 05/01/06 | .10 | Forward draft complaint to Marcus Banks and Linda Rubiano for review and comment. | L210 A106 | 30.50 |
| FAB | 05/01/06 | .20 | Communications with C. Tillack re draft complaint; communications with J. Vigano re status of bankruptcy matter. | L210 A105 | 61.00 |
| FAB | 05/11/06 | .10 | Review 5/2/06 post termination inspection report showing ongoing infringement. | L110 A104 | 30.50 |
| FAB | 05/11/06 | .10 | Communications with David Catuogno re status of intervention in bankruptcy proceedings to ensure de-identification. | L110 A107 | 30.50 |
| FAB | 05/25/06 | .10 | Review emails from Linda Rubiano re *REDACTED* | L110 A106 | 30.50 |
| FAB | 05/30/06 | .10 | Review correspondence from client re *REDACTED* | L210 A106 | 30.50 |
| FAB | 06/09/06 | .10 | Communications with M. Ashton re finalizing draft complaint. | L210 A105 | 30.50 |
| MEA | 06/14/06 | .60 | Reviewed emails from client *REDACTED* | L110 A104 | 126.00 |
| MEA | 06/14/06 | 1.20 | Updated complaint to reflect requested changes. Compiled exhibits. | L210 A103 | 252.00 |
| CAT | 06/21/06 | .10 | Conference with F. Burke re: final draft of Complaint for contributory infringement and breach of contract. | L210 A103 | 45.00 |

Scott McLester, Esq.                      Oct 26, 2006    PAGE  10
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 06/21/06 | .60 | Review and revise draft Complaint for contributory infringement and breach of contract. | L210 A104 | 270.00 |
| FAB | 06/21/06 | .50 | Communications with C. Tillack and M. Ashton re finalizing complaint for filing and preparing civil cover sheet, summonses, appearances, etc.; review same. | L210 A105 | 152.50 |
| MEA | 06/21/06 | .50 | Discussed complaint and plan for filing with F. Burke. | L210 A105 | 105.00 |
| MEA | 06/21/06 | 2.40 | Prepared complaint and associated documents for filing. | L210 A103 | 504.00 |
| CAT | 06/22/06 | .70 | Review and revise final draft of Complaint to be filed in Central District of Illinois. | L210 A103 | 315.00 |
| CAT | 06/22/06 | .30 | Conference with F. Burke re: revisions to draft Central District Complaint. | L210 A105 | 135.00 |
| FAB | 06/22/06 | .20 | Communications with C. Tillack re draft complaint. | L210 A105 | 61.00 |
| FAB | 06/22/06 | .10 | Email to Dave Catuogno requesting update re status of intervention in bankruptcy. | L210 A107 | 30.50 |
| MEA | 06/22/06 | .20 | Made changes to draft complaint. | L210 A103 | 42.00 |
| FAB | 06/26/06 | .10 | Review correspondence from Forman & Eliades re status of bankruptcy matter. | L210 A107 | 30.50 |
| CAT | 06/27/06 | .80 | Revise final pleadings documents for filing and execute same. | L210 A103 | 360.00 |
| MEA | 06/27/06 | .20 | Prepared complaint for filing. | L210 A103 | 42.00 |

| | | | | | |
|---|---|---|---|---|---|
| FAB | 06/28/06 | .20 | Communications with M. Ashton and F. McCormick re filing complaint and related documents. | L210 A105 | 61.00 |
| MEA | 06/28/06 | .40 | Filed complaint. | L210 A103 | 84.00 |
| CAT | 06/29/06 | .10 | Review pleadings as filed for initiation of Complaint, Summons and follow-up re: same. | L210 A104 | 45.00 |
| CAT | 07/06/06 | .30 | Review materials prepared re: service of defendants and correspondence and pleadings re: waiver of same. | L210 A104 | 135.00 |
| CAT | 07/06/06 | .20 | Conference with M. Ashton re: service of defendants and correspondence re: waiver of same. | L210 A105 | 90.00 |
| FAB | 07/06/06 | .30 | Review e-filing notices and attachments received from court. | L210 A108 | 91.50 |
| FAB | 07/06/06 | .30 | Communications with M. Ashton re service of summons and complaint by mail; review emails re same. | L210 A105 | 91.50 |
| MEA | 07/06/06 | .90 | Prepared waivers of service and letters requesting waiver of service. | L210 A103 | 189.00 |
| FAB | 07/10/06 | .10 | Communications with M. Ashton re serving complaint. | L210 A105 | 30.50 |
| CAT | 07/12/06 | .40 | Conference with and directions to M. Ashton re: service on defendants; Conference with J. LaBolt re: retention of process servers. | L210 A105 | 180.00 |
| MEA | 07/13/06 | .40 | Served defendants. | L210 A103 | 84.00 |

Scott McLester, Esq.                      Oct 26, 2006    PAGE   12
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 07/14/06 | .20 | Review CLIP comment re *REDACTED* | L110 A106 | 61.00 |
| RMS | 08/11/06 | .10 | Conference with FAB re new matter, background and status of pleadings. | L210 A105 | 43.50 |
| FAB | 08/11/06 | .10 | Communications with R. Spencer and C. Tillack re status of service of complaint. | L210 A105 | 30.50 |
| CAT | 08/21/06 | .30 | Telephone conference with defendant re: Answer and Defenses. | L210 A108 | 135.00 |
| FAB | 08/21/06 | .10 | Review CLIP comment from client re *REDACTED* | L110 A106 | 30.50 |
| FAB | 08/21/06 | .10 | Communications with C. Tillack re service on defendants. | L210 A105 | 30.50 |
| FAB | 08/22/06 | .10 | Review and respond to voicemail from C. Tillack re appearance and answer filed by Cardona. | L210 A105 | 30.50 |
| FAB | 08/22/06 | .20 | Review answer filed by Cardona. | L210 A104 | 61.00 |
| CAT | 08/23/06 | .40 | Conference with F. Burke re: defendants' Answer and Affirmative Defenses to Complaint; Follow-up re: same. | L210 A105 | 180.00 |
| FAB | 08/23/06 | .50 | Communications with C. Tillack re answer filed by defendant Cardona; communications with M. Ashton and F. McCormick re returns of service on defendants. | L210 A105 | 152.50 |

Scott McLester, Esq.                          Oct 26, 2006    PAGE   13
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 08/23/06 | .30 | CLIP comment to client re *REDACTED* | L210 A106 | 91.50 |
| FAB | 08/23/06 | .20 | Efile returns of service for all three defendants. | L210 A108 | 61.00 |
| FAB | 08/24/06 | .10 | Review CLIP comment from Marcus Banks re *REDACTED* | L210 A106 | 30.50 |
| CAT | 08/25/06 | .30 | Review Answer and Affirmative Defense filed by defendant Frank Ticas. | L210 A104 | 135.00 |
| CAT | 08/25/06 | .20 | Conference with F. Burke re: affirmative defenses raised by individual defendants. | L210 A105 | 90.00 |
| FAB | 08/25/06 | .10 | Briefly review answer filed by Frank Ticas. | L210 A104 | 30.50 |
| FAB | 08/25/06 | .20 | Communications with C. Tillack re answer and affirmative defenses filed by Frank Ticas. | L210 A105 | 61.00 |

TOTALS                    63.70                              19666.50

Scott McLester, Esq.
FILE NUMBER: 33993-0019

Oct 26, 2006    PAGE  15

FINAL TOTAL                    63.70              19666.50

Scott McLester, Esq.               Oct 26, 2006     PAGE  16
FILE NUMBER: 33993-0019

CLIENT DISBURSEMENTS/CHARGES
JANUARY 1, 1901   to  OCTOBER 26, 2006
Days Inns Worldwide, Inc (797) Galesburg, IL

| DATE | DESCRIPTION | AMOUNT |
|------|-------------|--------|
| 02/13/06 | Duplicating and Binding Burke Fi USER DEFINED 1:  Burke Fi | 0.80 |
| 05/04/06 | Color Copies Burke Fi | 13.00 |
| 05/04/06 | Color Copies Burke Fi | 6.00 |
| 05/16/06 | Duplicating Burke Fi | 0.50 |
| 05/16/06 | Duplicating Burke Fi | 1.70 |
| 05/16/06 | Duplicating Burke Fi | 0.20 |
| 06/28/06 | Duplicating Ashton M | 44.50 |
| 07/13/06 | Copying Ashton M | 60.80 |
| 01/24/06 | Outside Duplicating - OUTSIDE COPYING OF CLIENT FILES - PJ MORENCY VENDOR:24 SEVEN DISCOVERE, LLC | 223.86 |
| 01/10/06 | Courier Services Air Bill: 726648854436 Sender: MAILROOM Recipient: LINDA M RUBIANO Address: 1 SYLVAN WAY City: PARSIPPANY State: NJ Zip code: 07054 | 37.70 |
| 06/22/06 | Filing Fees - VENDOR: CLERK, U.S. DISTRICT COURT FILING FEE FOR CASE IN CENTRAL DISTRICT OF ILLINOIS - M. ASHTON | 350.00 |

COST TOTAL               739.06

Scott McLester, Esq.
FILE NUMBER: 33993-0019

Oct 26, 2006    PAGE  17

```
*---------COST CODE SUMMARY--------------------*
*---------COST CODE----------------*    AMOUNT
08        Online Data Research                 .00
58        Outside OnLine Data Resea            .00
E101      Copying                          127.50
E102      Outside Printing                 223.86
E107      Delivery services/messeng         37.70
E112      Court fees                       350.00
```

TOTAL FEES & COSTS                20405.56

Scott McLester, Esq.                    INVOICE #:   ******
Wyndham Worldwide Corporation            OCTOBER 26, 2006
1 Sylvan Way
Parsippany, New Jersey 07054


RE: Days Inns Worldwide, Inc (797) Galesburg, IL
    Re: Growth Property Investment Group, Inc
    et al - Franchise Dispute
Matter Number: 33993-0019
**Client Matter No. HFL00001229**

DESCRIPTION OF LEGAL SERVICES

Period covered by this invoice 01/01/01 to 10/26/06

| Name | Date | Hours | Description of Services | Task | Act | Amount |
|------|------|-------|-------------------------|------|-----|--------|
| CAT | 09/06/06 | .30 | Telephone conference with C. Cardona re: affirmative defenses and settlement inquiry. | L160 | A108 | 135.00 |
| CAT | 09/21/06 | .30 | Conference with and directions to F. Burke re: preparation of motion for default against corporate defendant. | L210 | A105 | 135.00 |
| FAB | 09/21/06 | .10 | Communications with C. Tillack re status of case. | L210 | A105 | 30.50 |
| FAB | 09/27/06 | .10 | Review minute order setting Rule 16 scheduling conference. | L210 | A108 | 30.50 |
| CAT | 10/19/06 | 1.40 | Review and revise draft Complaint. | L210 | A103 | 630.00 |
| CAT | 10/19/06 | .80 | Conference with F. Burke re: revisions to Complaint. | L210 | A105 | 360.00 |
| CAT | 10/19/06 | .10 | Research and analysis of Amended Dissolution Statute for Lanham Act allegations. | L120 | A104 | 45.00 |

Scott McLester, Esq.                          Oct 26, 2006     PAGE    2
FILE NUMBER: 33993-0019

| MEA | 10/19/06 | .20 | Began drafting motion for entry of default. | L240 A103 | 42.00 |
| MEA | 10/20/06 | .90 | Drafted motion for entry of default. | L240 A103 | 189.00 |

TOTALS                    4.20                                    1597.00

Scott McLester, Esq.                          Oct 26, 2006      PAGE   4
FILE NUMBER: 33993-0019


                    CLIENT DISBURSEMENTS/CHARGES
                JANUARY 1, 1901   to  OCTOBER 26, 2006
                Days Inns Worldwide, Inc (797) Galesburg, IL


DATE        DESCRIPTION                            AMOUNT


08/25/06 Service of Process - VENDOR: IT'S YOUR SERVE      970.00
         SERVE CHARGES TO DAYS INNS WORLDWIDE INC. - M
         ASHTON

                    COST TOTAL                          970.00


    *---------COST CODE SUMMARY--------------------*
    *---------COST CODE----------------*   AMOUNT
    18      Service of Process              970.00


           **TOTAL FEES & COSTS**                    2567.00

# **EXHIBIT B**

AO 133     (Rev. 8/06)  Bill of Costs

# UNITED STATES DISTRICT COURT

CENTRAL     District of     ILLINOIS

## PEORIA DIVISION

DAYS INNS WORLDWIDE, INC., Plaintiff,

v.

GROWTH PROPERTY INVESTMENT GROUP,
INC., a California corporation, CARLOS E. CARDONA
and FRANK TICAS, individuals, Defendants.

**BILL OF COSTS**

Case Number:  06-CV-01171-MMM-BGC

Judgment having been entered in the above entitled action on _____ against _____ ,
the Clerk is requested to tax the following as costs:                                    Date

| | |
|---|---:|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 350.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 970.00 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 0.00 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 351.36 |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . | 0.00 |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | 0.00 |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . Courier Services: | 37.70 |
| TOTAL | $ 1,709.06 |

SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories.

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services
for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the
following manner:

☐     Electronic service by e-mail as set forth below and/or.

☒     Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney: _____

Name of Attorney:     Clay A. Tillack, Esq., SCHIFF HARDIN LLP

For:  Plaintiff, DAYS INNS WORLDWIDE, INC.                    Date:     11/8/2006

Name of Claiming Party

Costs are taxed in the amount of _____ and included in the judgment.

Clerk of Court          By: _____          _____
                              Deputy Clerk                                      Date

AO 133    (Rev. 8/06)  Bill of Costs

# UNITED STATES DISTRICT COURT

| WITNESS FEES (computation, cf. 28 U.S.C. 1821 for statutory fees) | | | | | | | |
|---|---|---|---|---|---|---|---|
| | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| NAME , CITY AND STATE OF RESIDENCE | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | TOTAL | $0.00 |

## NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**
"Sec. 1924. Verification of bill of costs."
    "Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**
    "A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
Rule 54 (d)
    "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

Rule 6(e)
    "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period."

Rule 58 (In Part)
    "Entry of the judgment shall not be delayed for the taxing of costs."

E-FILED
Wednesday, 08 November, 2006  05:37:17 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 4

| | |
|---|---|
| **From:** | ECF_Returns@ilcd.uscourts.gov |
| **Sent:** | Wednesday, October 25, 2006 2:07 PM |
| **To:** | ECF_Notices@ilcd.uscourts.gov |
| **Subject:** | Activity in Case 1:06-cv-01171-MMM-BGC Days Inns Worldwide, Inc. v. Growth Property Investment Group INC. et al Order on Motion for Entry of Default |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### United States District Court for the Central District of Illinois

#### Notice of Electronic Filing

The following transaction was entered on 10/25/2006 at 2:06 PM CDT and filed on 10/25/2006
**Case Name:**     Days Inns Worldwide, Inc. v. Growth Property Investment Group INC. et al
**Case Number:**     1:06-cv-1171
**Filer:**
**Document Number:** No document attached

**Docket Text:**
TEXT ONLY ORDER granting [11] Motion for Entry of Default against defendant Growth Property Investment Group, Inc. Plaintiff is directed to file a properly supported Motion for Default Judgment on or before November 8, 2006. Entered by Judge Michael M. Mihm on 10/25/06. (MMM1, ilcd)

**1:06-cv-1171 Notice has been electronically mailed to:**

Fiona A Burke    fburke@schiffhardin.com, edocket@schiffhardin.com

Clay A Tillack   ctillack@schiffhardin.com

**1:06-cv-1171 Notice has been delivered by other means to:**

Carlos E. Cardona
5 Wegeford Circle
Ladera Ranch, CA 92694

Frank Ticas
12540 Euclid St #202
Garden Grove, CA 92840