# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., | |
| Plaintiff, | |
| v. | Case No. 06-CV-01171-MMM-BGC |
| GROWTH PROPERTY INVESTMENT GROUP, INC., a California corporation, and CARLOS E. CARDONA and FRANK TICAS, individuals, | Hon. Michael M. Mihm |
| | Magistrate Judge Byron G. Cudmore |
| Defendants. | |

## MOTION TO COMPEL INITIAL DISCLOSURES

Plaintiff Days Inns Worldwide, Inc. ("DIW"), by its attorneys, hereby respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 37(a)(2)(A), to compel Defendant Frank Ticas ("Ticas") to immediately serve his initial disclosures in compliance with Federal Rule of Civil Procedure 26(a). DIW also moves this Court for an award of its reasonable attorneys' fees incurred in bringing this Motion and for an order barring Ticas from introducing or using in any motion, or at trial, any information that he does not produce to DIW in full compliance with any Order compelling his initial disclosures that this Court may issue. In support of its Motion, DIW states as follows:

1.  DIW filed the instant action on June 29, 2006, seeking damages for breach of a license agreement and guaranty for the operation of a Days Inn guest lodging facility, and damages for Defendants' unauthorized use of the Days Inn trademarks after termination of the license agreement.

2. Ticas was personally served with summons and a copy of the Complaint on July 28, 2006. Ticas appeared *pro se* and filed his Verified Answer with this Court on August 25, 2006.

3. On November 6, 2006, after consultation with the parties in a scheduling conference, the Court entered a scheduling order requiring, among other things, that the parties exchange their initial Rule 26(a) disclosures no later than December 4, 2006. (Scheduling Order, Doc. 13.) Although DIW served its initial disclosures on December 1, Ticas did not serve any disclosures before the deadline for doing so.

4. On December 28, 2006, having received no initial disclosures from Ticas, Plaintiff's counsel Clay Tillack wrote to Mr. Ticas noting that his Rule 26(a) initial disclosures were overdue and inquiring a response as to when they would be served. (A true and correct copy of the December 28, 2006 letter is attached as Exhibit 1.) The December 28 letter further advised Ticas that if he failed to supply the disclosures, DIW would have no choice but to file a motion with the Court seeking an order requiring his compliance, along with sanctions. Plaintiff's counsel, however, did not receive any response to his letter.

5. In accordance with Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure and Local Rule 37.2, DIW certifies that it has made good faith attempts to consult with Ticas and to prompt him to comply with his initial disclosure obligations, but those attempts have proven unsuccessful.

6. Accordingly, as set forth in Federal Rule of Civil Procedure 37(a)(2)(A), DIW is entitled to an order compelling Ticas to immediately provide his required Rule 26(a) disclosures. Pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure, DIW additionally is entitled to its reasonable expenses incurred in making its Motion to Compel, including its attorneys' fees.

7. In view of Ticas' failures to comply with his initial disclosure obligations, DIW further respectfully requests that the Court enter an order barring Ticas from introducing or using in any motion or at trial any information that it does not produce to DIW in full compliance with any order which this Court may issue in response to DIW' Motion to Compel.

**WHEREFORE**, plaintiff Days Inns Worldwide, Inc. respectfully requests that this Court enter an order (1) compelling Ticas to immediately to serve his initial Rule 26(a) disclosures, (2) ordering Ticas to pay DIW its reasonable attorneys' fees incurred in bringing this motion, to be determined by the Court upon a petition submitted within 10 days of any order resulting from this Motion, and (3) barring Ticas from introducing or using in any motion or at trial any information that he did not produce to DIW in full compliance with any Order compelling his initial disclosures that may be issued by this Court, and for such further relief as this Court deems just and appropriate.

Respectfully Submitted,

DAYS INNS WORLDWIDE, INC.

By: s/ Mark E. Ashton
Mark E. Ashton Bar Number: 6287992
One of the Attorneys for Plaintiff

Clay A. Tillack
Fiona A. Burke
Mark E. Ashton
Schiff Hardin LLP
6600 Sears Tower, 233 South Wacker Drive
Chicago, IL  60606-6473
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
ctillack@schiffhardin.com
fburke@schiffhardin.com
mashton@schiffhardin.com

Dated: February 7, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2006, I electronically filed the foregoing **Motion to Compel Initial Disclosures** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiffs, and I hereby certify that I have mailed by United States Postal Service the documents to the following non CM/ECF participants:

Frank Ticas, individually
and as President of Growth Property Investment Group, Inc.
11752 Garden Grove Blvd
Suite 114
Garden Grove, CA 92843

Carlos Cardona, individually
and as Vice President of Growth Property Investment Group, Inc.
5 Wegeford Circle
Ladera Ranch, CA 92694

                                              s/Mark E. Ashton
                                Mark E. Ashton Bar Number: 6287992
                                One of the Attorneys for Plaintiff
                                Schiff Hardin LLP
                                6600 Sears Tower
                                Chicago, IL 60606
                                (312) 258-5500
                                (312) 258-5600 (facsimile)
                                mashton@schiffhardin.com

# EXHIBIT 1



**SCHIFFHARDIN**LLP
A Limited Liability Partnership Including Professional Corporations

6600 Sears Tower
Chicago, Illinois  60606
t 312.258.5500
f 312.258.5600
www.schiffhardin.com

Clay A. Tillack
312-258-5758
ctillack@schiffhardin.com

December 28, 2006

Mr. Frank Ticas
11752 Garden Grove Boulevard
Suite 114
Garden Grove, CA 92843

Re:   <u>Days Inns Worldwide, Inc. v. Growth Property Investment Group Inc., et. al,</u>
      Case No. 1:06-cv-1171

Dear Mr. Ticas:

I am writing pursuant to Rule 37(a)(2) of the Federal Rules of Civil Procedure in an effort to procure your initial discovery disclosures as required by Rule 26(a).  As you know, the Scheduling Order in this case required all parties to make their initial disclosures under Rule 26 by December 4, 2006.  (For your convenience, I am enclosing another copy of the Scheduling Order with this letter.)

To date, we have not received your initial disclosures.  Would you please contact me at your earliest opportunity to provide me with a date certain when we may expect to receive your disclosures?  Should you refuse to supply the disclosures, your failure to comply with the Scheduling Order and Rule 26(a) will force us to file a motion with the Court seeking an order requiring your compliance, along with sanctions.  We hope such a motion will not be necessary and look forward to receiving your disclosures.

Sincerely,

Clay A. Tillack

CAT:sah
Enclosures

cc:    Mr. Carlos Cardona

E-FILED
Tuesday, 07 November, 2006 11:47:33 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| DAYS INN WORLDWIDE, INC., | ) |
| Plaintiff, | ) |
| -vs- | ) No. 06-1171 |
| GROWTH PROPERTY INVESTMENT GROUP, et al., | ) |
| Defendants. | ) |

### SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling conference was held on November 6, 2006 with Attorney Clay A. Tillack and *pro se* Defendants Carlos E. Cardona and Frank Ticas.

TIME LIMITS AND SETTINGS ARE ORDERED AS FOLLOWS:

1. Initial disclosures under Rule 26 to be made by December 4, 2006.

2. No motions to join other parties or to amend the pleadings to be filed after December 29, 2006.

3. Plaintiff is to identify testifying experts and to provide Rule 26 expert reports by May 30, 2007. All Defendants are to identify testifying experts and to provide Rule 26 expert reports by June 29, 2007.

4.  The parties have until April 30, 2007, to complete fact discovery. Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply. The parties have until July 30, 2007 to complete expert discovery.

5.  Motions to compel and other motions relating to discovery shall be pursued in a diligent and timely manner, but in no event filed more than sixty (60) days following the event (e.g. failure to answer interrogatories, objections to request for production, etc.) that is the subject of the motion. The parties are required to meet and confer on the discovery dispute as required by Rule 37(a) within the 60-day period. Except for good cause shown, any discovery motion that is not timely filed and any discovery motion that is filed after the discovery deadline will not be considered by the Court. If a motion to compel discovery is found by the Court to be time-barred, the moving party is prohibited from making a subsequent discovery request for the discovery which the Court has found to be time-barred. All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute. If the certification is not included, the motion to compel will be denied.

6.  The parties have until August 30, 2007 to file dispositive motions. No dispositive motions filed after that date will be considered by the Court.

7.  Final Pre-trial Conference is scheduled for December 7, 2007 at 11:00 a.m. before U.S. District Judge Mihm. All Motions in Limine to be filed on or prior to the Final Pre-Trial date. (See Local Rule 16.1 - Pre-Trial Procedures.)

8.  Jury trial is scheduled for January 22, 2008 at 8:30 a.m. on the trial calendar of U.S. District Judge Mihm.

9.  If the parties consent to trial before U.S. Magistrate Judge Byron Cudmore, the final pre-trial date and trial date may be changed.

10. Mediation will be hosted by U.S. Magistrate Judge Cudmore in Springfield at joint request of the parties. Attached is Judge Cudmore's memorandum concerning mediation.

11. Evidence Presentation Equipment: Attached is an information sheet describing the evidence presentation equipment which can be made available to attorneys and *pro se* litigants in the four active District Judges' courtrooms.

NOTE: ONLY JUDGE MIHM MAY GRANT A CONTINUANCE OF THE TRIAL DATE AND/OR FINAL PRE-TRIAL DATE.

ENTERED   November 6, 2006

s/ Byron G. Cudmore

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE