UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYS INNS WORLDWIDE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GROWTH PROPERTY INVESTMENT )<br>GROUP INC., CARLOS CARDONA, )<br>FRANK TICAS, )<br>)<br>Defendants. ) | Case No. 06-1171 |

## ORDER

Before the Court is Plaintiff Days Inns Worldwide Inc.'s Motion for Summary Judgment against Defendants Carlos E. Cardona and Frank Ticas pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion for Summary Judgment [#27] is GRANTED.

### JURISDICTION

The Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because the claim against Growth Property Investment Group Inc. (GPIG) arises under 15 U.S.C. § 1114. The Court has supplemental jurisdiction over the state law claims against Carlos E. Cardona and Frank Ticas pursuant to 28 U.S.C. § 1367(a).

### LOCAL RULE 7.1

Initially, the Court notes that Cardona and Ticas both failed to file any response to the pending motion for summary judgment, despite numerous extensions granted to

allow the filing of a response. The time period for filing a response now has expired, and no motion for an extension has been filed by either party. Because of this failure, the Motion now is deemed uncontested pursuant to Local Rule 7.1(D), and the Court may rule without further notice.

The Seventh Circuit has sustained "the entry of summary judgment when the non-movant has failed to [respond] in the form called for by the pertinent rule and thereby conceded the movant's version of the facts." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Despite the fact that Cardona and Ticas received written notice of the requirements of Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1(D), they have not attempted to respond to the pending motion. Accordingly, the Court treats Plaintiff's Statement of Material Undisputed Facts as admitted and the Motion for Summary Judgment as unopposed.

## BACKGROUND

On June 30, 2004, Days Inns Worldwide, Inc. (DIW) and GPIG entered into a valid license agreement regarding the operation of a lodging facility in Galesburg, Illinois, including use of Days Inn trademarks, service marks, trade name, and logos (collectively, Marks), for a term of fifteen years. Cardona signed the license agreement on behalf of GPIG. In conjunction with this contract, Cardona and Ticas signed a valid guaranty, agreeing to make all payments and perform all obligations required under the license agreement if GPIG defaulted on the license agreement. The guaranty also expressly incorporates section seventeen of the license agreement, in which Cardona and Ticas agreed to pay costs and reasonable attorneys' fees incurred in the enforcement of rights or remedies under the guaranty or license agreement.

Additionally, the license agreement provides that any amount due under the license agreement is subject to a 1.5% monthly interest rate.

On or about November 12, 2004, GPIG sold the lodging facility to Marcia Miller without seeking or obtaining DIW's prior consent as required by the license agreement, thereby wrongfully terminating the license agreement. Additionally, GPIG failed to immediately discontinue use of the Marks and de-identify the lodging facility, further violating the license agreement. Cardona and Ticas also failed to perform these obligations, violating the guaranty.

On December 13, 2006, the Court entered a Default Judgment against GPIG for GPIG's breaches of the license agreement in the amount of $294,823.29, and this Default Judgment remains outstanding. The Default Judgment found that GPIG failed (1) to pay all Recurring Fees due under the license agreement; (2) to pay liquidated damages due under the license agreement for the premature termination of the license agreement resulting from GPIG's unauthorized transfer of the lodging facility fourteen years before the expiration of the license agreement; (3) to de-identify the lodging facility as required by the license agreement and federal and state trademark laws; and (4) to pay attorneys' fees and costs, along with accrued interest on the outstanding recurring fees and liquidated damages.

## STANDARD OF REVIEW

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must

demonstrate, through portions of the record or affidavits, the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986). Any doubt about the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the non-moving party then must present specific facts demonstrating a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986). Rule 56(e) requires the non-moving party to go beyond the pleadings and make specific factual allegations demonstrating a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548; *Holland v. Jefferson Nat'l Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir. 1989). Nevertheless, the Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland*, 883 F.2d at 1312. The Court will deny summary judgment if a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995).

## DISCUSSION

Pursuant to the valid guaranty, Cardona and Ticas, as guarantors of GPIG's obligations, are obligated to make payments on any unpaid obligations of GPIG and to perform any unpaid obligations of GPIG. Cardona and Ticas are jointly and severally liable for the damages identified in the Default Judgment against GPIG. The Court specifically finds that Cardona and Ticas are obligated to pay: (1) $118,000.00 in liquidated damages for premature termination of the license agreement, plus interest, as

4

a payment due under the license agreement; (2) $1000.00 in liquidated damages for premature termination of satellite services, plus interest, as a payment due under the license agreement; (3) $23,307.67 in recurring fees, plus interest, as a payment due under the license agreement; (4) $21,042.06 in attorneys' fees, costs, and expenses, as a payment due under the license agreement; and (5) $93,442.56 in infringement damages following the termination of the license agreement, as damages resulting from their failure to perform GPIG's unperformed obligation. The Court also finds that Cardona and Ticas are jointly and severally liable for additional accrued interest and attorneys' fees and costs pursuant to the license agreement, for which DIW is directed to provide a specific calculation.

## CONCLUSION

For the reasons set forth herein, the Motion for Summary Judgment [#27] is GRANTED. The Court directs Plaintiff to submit a calculation of accrued interest and a statement of attorneys' fees and costs to the Court within ten days of this Order to allow entry of final Judgment.

ENTERED this 29th day of November, 2007.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge