**E-FILED**
Thursday, 13 December, 2007  06:36:51 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

DAYS INNS WORLDWIDE, INC.,

        Plaintiff,

    v.

GROWTH PROPERTY INVESTMENT
GROUP, INC., a California corporation, and
CARLOS E. CARDONA and FRANK TICAS,
individuals,

        Defendants.

Case No.  06-CV01171-MMM-BGC

Hon. Michael M. Mihm

Magistrate Judge Byron G. Cudmore

## PETITION FOR AWARD OF
## ATTORNEYS' FEES AND COSTS AND ACCRUED INTEREST

Pursuant to the Court's Order dated November 27, 2007, plaintiff Days Inns Worldwide, Inc., formerly known as Days Inns of America, Inc. ("DIW"), respectfully submits this Petition and incorporated memorandum for an award of a portion of the attorneys' fees and costs that it has incurred in prosecuting its claims against defendants Frank Ticas and Carlos E. Cardona in this matter.  Ticas and Cardona violated the trademark laws and breached their contractual obligations, thereby causing DIW to incur legal expenses to obtain a judgment against them.  DIW also seeks, pursuant to the Court's November 27, 2007 Order, additional accrued interest on the Recurring Fees and Liquidated Damages awarded by the Court on summary judgment in that Order.

In the course of obtaining summary judgment against Ticas and Cardona, DIW investigated, prepared, filed and served its complaint, engaged in settlement discussions and discovery, was forced by the defendants to file motions to compel, and briefed its successful motion for summary judgment and supporting materials against Ticas and Cardona, among other work performed on the matter.  Accordingly, DIW respectfully seeks an award of a portion of its fees incurred in its

prosecution of its claims, in the amount of $46,987.17. This amount consists of $45,151.50 in attorneys' fees and $1,835.67 in costs, pursuant to section 17.4 of the License Agreement and Guaranty, F.R.C.P. 54(d), Local Rule 54.1 and this Court's November 29, 2007 Order holding Ticas and Cardona jointly and severally liable for attorneys' fees and costs. In addition, DIW seeks accrued interest on Recurring Fees and Liquidated Damages for the period from November 8, 2006 (the date to which interest was calculated in Plaintiff's Motion for Default Judgment) to the present, as awarded by the Court in its November 27, 2007 Order, in the amount of $27,467.37.

## I.    DIW Is Entitled To Recover Attorneys' Fees, Costs and Accrued Interest

DIW prevailed in this action. In its Order dated November 29, 2007, the Court ruled that Cardona and Ticas are jointly and severally liable for the full $256,792.29 in damages sought by DIW, as well as "for additional accrued interest and attorneys' fees and costs pursuant to the license agreement, for which DIW is directed to provide a specific calculation." Doc. #30, Nov. 27, 2007 Order at 4-5.[1]

## II.   The Standard For Determining Reasonable Attorneys' Fees Justifies the Award DIW Seeks

In the Seventh Circuit, reasonable attorneys' fees are determined by multiplying the hours reasonably expended on litigation by a reasonable hourly rate to arrive at a base figure commonly called a "lodestar." *Strange v. Monogram Credit Card Bank of Georgia*, 129 F.3d 943, 945-46 (7th Cir. 1997). This Court may then increase or decrease the lodestar figure according to twelve factors

---

[1] The Court previously had entered a default judgment against the corporate defendant, Growth Property Investment Group ("GPIG"), of which $21,042.06 represented attorneys fees and costs that DIW then was seeking. (Doc. #16.) Under the License Agreement and Guaranty, all three defendants, GPIG, Cardona, and Ticas, are jointly and severally liable for attorneys' fees and costs, including the $21,042.06 previously awarded to DIW against GPIG. Accordingly, that amount is appropriately included within the award DIW seeks in this Petition against Cardona and Ticas.

set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983). Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 430 n.3, 103 S. Ct. at 1937 n.3. The Seventh Circuit has held that "[o]nly 'time spent on claims for relief that are unsuccessful and unrelated to the ultimate result achieved are not compensable.'" *Rosario v. Livaditis*, 963 F.2d 1013, 1020 (7th Cir. 1992), (quoting *Jackson v. Illinois Prisoner Review Bd.*, 856 F.2d 890, 894 (7th Cir. 1988)).

Reasonable legal fees and expenses are not confined to the efforts of attorneys. As Judge Easterbrook has explained, "This term ["attorneys' fees"] includes not only work performed by members of the bar but also the costs of other inputs into legal services – paralegal time . . . libraries (and computer-aided legal research), travel expenses and the like." *To-Am Equip. Co. v. Mitsubishi Caterpillar Forklift Am., Inc.*, 953 F. Supp. 987 (N.D. Ill. 1997) (sitting by designation, and awarding attorney time, paralegal time, research expenses, deposition transcripts, messenger, delivery and telephone expenses).

As set forth below, DIW has calculated a reasonable lodestar. The *Hensley* factors justify full payment for the fees and expenses actually incurred, at the rate DIW actually paid.

V.    **DIW Has Requested Reasonable Attorneys' Fees**

A.    **DIW Seeks Reimbursement For Reasonable Hours Spent In Prosecuting This Matter**

The Declaration of Clay A. Tillack and attached billing records accurately describe the legal services rendered and time expended in the prosecution of DIW's claims by Schiff Hardin personnel.  As set forth below, the matter was appropriately staffed to meet the challenges posed by Defendants' violations.  The fees and expenses sought by DIW in this Petition are customary and reasonable for the prosecution of a case of this type, and are consistent with the prevailing rates for this kind of matter as regional counsel for a national franchisor like DIW.  (Tillack Declaration, ¶¶ 18-20.)

B.    **DIW Requests A Reasonable Hourly Rate, And Staffed This Matter Appropriately**

DIW's attorneys have charged market rates for their services, which are the presumptively reasonable method for calculating attorneys' fees in this Circuit.  *See Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992) ("[t]he reasonable hourly rate to be used in computing the lodestar figure should be based on the appropriate market rate for the attorney's work"); *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) ("the best evidence of the market value of legal services is what people pay for it"); *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1310 (7th Cir. 1996) ("[t]he attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate").  As set forth in the accompanying Declaration, the rates, fees, and costs requested in this Petition are well within the customary hourly rates charged by attorneys for litigation services of this type.  The requested fees thus represent the market value of the work performed in this litigation.

DIW's long-time Midwest counsel at Schiff Hardin, with the assistance of appropriate

paralegal personnel, investigated this matter, gathered evidence, and ultimately had no choice but to file this lawsuit to protect DIW's rights. From its inception through the present, this matter has been handled primarily by one Schiff Hardin partner (Clay A. Tillack), and one experienced Schiff Hardin associate (Fiona A. Burke), along with a second-year associate (Mark E. Ashton) who provided substantial assistance. (Tillack Decl., ¶ 9; 11-13.) There was efficient assistance on the summary judgment motion and supporting papers from Robin M. Spencer, a partner who regularly handles DIW matters and recently had obtained a summary judgment order in another case. (*Id.*, ¶ 11.)

The Schiff Hardin attorneys' fees for which DIW seeks reimbursement are reflected in the billing detail attached to the declaration of Clay A. Tillack. (*Id.*, ¶¶ 14-16.) In enforcing DIW's rights under the terms of the License Agreement, the provisions of the Lanham Act and applicable Illinois statutes, counsel for DIW prepared, filed and served the verified complaint ("Complaint"); investigated, prepared and filed DIW's motion for default and default judgment against the corporate defendant; engaged in discovery; successfully moved to compel discovery from Cardona and Ticas; investigated the origin and lack of authenticity of a highly suspect document produced by Cardona; and briefed DIW's successful motion for summary judgment, among other work on the matter. (*Id.*, ¶¶ 5-6.)

Throughout the process, counsel for DIW coordinated with inside counsel, obtained supporting documentation, and spoke with potential DIW witnesses in Parsippany, New Jersey. Before submitting its invoices to DIW, Schiff Hardin reviewed the entries closely and subtracted any training time, duplication of effort or other inefficiency. (*Id.*, ¶ 7.) The resulting fee bills were therefore reasonable and appropriate and consistent with the rates charged for such cases as regional

5

counsel for national franchisors like DIW.  (*Id.*, ¶¶ 18-20.)[2]

### C.    Additional Circumstances Justify The Requested Fees

#### 1.    DIW acted appropriately to protect the interests at stake in this litigation

DIW acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this litigation.  It is of critical importance to maintain uniform quality of the lodging facilities throughout DIW's franchise system, in order to protect DIW's trademarks and service marks, and the expectations of the traveling public.  Given the breadth of the DIW system, it is also important for DIW to enforce its rights against defaulting franchisees and guarantors.  In this case, defendants engaged in willful trademark infringement of DIW's valuable Days Inn Marks and breached their contractual obligations to DIW.  DIW had no ability to ensure the quality of services at the facility after the termination of the License Agreement.  The resulting termination has caused DIW to lose the benefit of its agreement that this franchisee would operate a facility in Galesburg, Illinois until 2019, and that the facility would comply with the standards DIW has set to protect the traveling public and the DIW marks.  DIW's enforcement of its rights was both appropriate and important, both in the message it sent to the system as a whole as well as in the recovery DIW obtained.  (*Id.*, ¶ 20.)

#### 2.    DIW has been awarded the full relief sought in its complaint

DIW respectfully submits that the results obtained against Defendants in this case fully

---

[2] DIW also seeks the fees incurred in preparing this Petition.  The Seventh Circuit has held that the time spent preparing and litigating fees is compensable.  *Spray-Rite Serv. Corp. v. Monsanto Co.*, 684 F.2d 1226, 1250 (7th Cir. 1982); *Northwestern Nat'l Life Ins. Co. of Milwaukee, Wisconsin v. Lutz*, 933 F. Supp. 730, 732 (C.D. Ill. 1996) (citing *Bond v. Stanton*, 630 F.2d 1231, 1235 (7th Cir. 1980)).  Accordingly, $2,532.50 of the total fees reflects the time spent preparing this Petition and accompanying materials (7 hours of associate time by Mark E. Ashton at his standard hourly rate of $260 and 1.5 hours of partner time by Robin M. Spencer at her standard hourly rate of $475).

justify the fee award requested.  As the Seventh Circuit has noted, "where a plaintiff has obtained excellent results, her attorney should presumptively recover a fully compensatory fee, encompassing all hours reasonably expended on the litigation."  *Smith v. Great Am. Rests., Inc.*, 969 F.2d 430, 440 (7th Cir. 1992).

While the Seventh Circuit has explicitly rejected arguments that attorneys' fees must be proportional to damage awards, *Alexander v. Gerhardt Enters., Inc.*, 40 F.3d 187, 194 (7th Cir. 1994); *Estate of Borst*, 979 F.2d 511, 516-17 (7th Cir. 1992), the fees DIW seeks here, are in fact proportional to the harm posed to DIW by Defendants' willful disregard not only of federal trademark and state law, but disregard as well of their contractual obligations.

**VI.    DIW Is Entitled To Reimbursement For Its Expenses As Well**

Section 17.4 of the License Agreement provides for recovery by DIW of all of its costs and expenses, in addition to reasonable attorneys' fees.  Those costs include the amounts actually incurred for filing and serving the complaint, deposition transcripts, copy charges, telephone and facsimile charges and delivery charges, reasonable "both in the amount and necessity to the litigation."  *Weihaupt v. American Med. Ass'n*, 874 F.2d 419, 430 (7th Cir. 1989).  DIW is further entitled to recover its costs incurred in this action pursuant to section 35(a) of the federal Lanham Act, Rule 54(d)(1) of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1920.

In the case before this Court, both DIW and Schiff Hardin carefully watched the outlay of expenses.  Although DIW is based in Parsippany, New Jersey, there are no travel expenses reflected in the billing records.  (Tillack Decl., ¶ 17.)  DIW and its counsel relied upon its regular courier service for bulky files, and used technology like scanning, email and telephone for exchange of materials and review of drafts.  There are photocopying costs for obtaining DIW's internal records of the history with this franchisee and its guarantors, for the documents produced by Cardona, and

for sets of the filings provided to the Court.  (*Id.*, ¶ 17.)  DIW was charged at a rate of $.10 per page for copies, a charge that is reasonable and customary among law firms which act as regional counsel for national franchisors in Chicago and other urban Midwest areas.  (*Id.*)  Other costs include service of process, title searches, asset searches, and similar actual outlays for the prosecution of this case and the protection of DIW's interests.  (*Id.*)

DIW therefore asks this Court for an award of $1,835.67 in costs.  (*Id.*)  Each of those expenses fall within License Agreement requirement, and the requirement of the accompanying Guaranty, that defendants compensate DIW for "all of its costs and expenses," and are appropriate under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.1, as reflected on the Bill of Costs attached to the Tillack Declaration as Exhibit 2.  (*Id.*, ¶ 17 and Ex. 2 thereto.)

## VII.   DIW is Entitled to Additional Accrued Interest

In its November 27, 2007 Order, the Court held that Ticas and Cardona are jointly and severally liable for accrued interest on the $142,307.67 in damages awarded to DIW in compensation for past due Recurring Fees and Liquidated Damages, and directed DIW to provide a specific calculation of such interest to the Court.  DIW seeks $27,467.37 in additional accrued interest on Recurring Fees and Liquidated Damages.  This amount was calculated pursuant to Section 7.3 of the License Agreement by applying the contractual monthly interest rate of 1.5% to Recurring Fees and Liquidated Damages from November 8, 2006, the date through which DIW previously had calculated and been awarded interest,[3] through December 13, 2007.  Accordingly, DIW seeks $27,467.37 in additional accrued interest from Ticas and Cardona.

-----

[3] DIW previously had calculated the accrued interest due and owing from defendants through November 8, 2006, as set forth in the Affidavit of Valerie Workman, attached to DIW's summary judgment memorandum as Exhibit D.  (Doc. #27-5.)  That interest was included in the Court's award of damages on summary judgment. (Doc. #30, Nov. 27, 2007 Order at 4-5.)  DIW seeks only additional interest since that date in this Petition.

## CONCLUSION

DIW respectfully requests that the Court award attorneys' fees and costs in the following amounts and forms:

(1)  $45,151.50 in attorneys' fees jointly and severally against Cardona and Ticas, of which $19,333.00 is awarded jointly and severally against Growth Property Investment Group, Inc.;

(2)  $1,835.67 in costs and expenses against Cardona and Ticas, of which $1,709.06 is awarded jointly and severally against Growth Property Investment Group; and

(3)  $27,467.37 in additional accrued interest.

Respectfully submitted,

DAYS INNS WORLDWIDE, INC.

By:    s/Mark E. Ashton
　　　　　　One of the Attorneys for Plaintiff
　　　　　　Mark E. Ashton Bar Number: 6287992

Clay A. Tillack
Fiona A. Burke
Mark E. Ashton
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60606-6473
Telephone:  (312) 258-5500
Facsimile:  (312) 258-5600
ctillack@schiffhardin.com
fburke@schiffhardin.com
mashton@schiffhardin.com

## CERTIFICATE OF SERVICE

I, Mark E. Ashton, an attorney, hereby certify that on December 13, 2007, I electronically filed the foregoing **Petition for Award of Attorneys' Fees and Costs and Accrued Interest** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for Plaintiff, and I hereby certify that I have mailed by United States Postal Service the documents to the following non-CM/ECF participants:

Frank Ticas, individually
and as President of Growth Property Investment Group, Inc.
12058 Foster Rd.
Norwalk, CA 90658

Carlos Cardona, individually
and as Vice President of Growth Property Investment Group, Inc.
PO Box 2145
Mission Viejo, CA 92690-0145

s/Mark E. Ashton
Mark E. Ashton Bar Number: 6287992
One of the Attorneys for Plaintiff
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
(312) 258-5500
(312) 258-5600 (facsimile)
mashton@schiffhardin.com

CH1\5366084.5

E-FILED
Thursday, 13 December, 2007  06:37:13 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

DAYS INNS WORLDWIDE, INC.,

           Plaintiff,

    v.

GROWTH PROPERTY INVESTMENT
GROUP, INC., a California corporation, and
CARLOS E. CARDONA and FRANK
TICAS, individuals,

           Defendants.

Case No.  06-CV01171-MMM-BGC

Hon. Michael M. Mihm

Magistrate Judge Byron G. Cudmore

## DECLARATION OF CLAY A. TILLACK

I, Clay A. Tillack, state as follows:

1.      I have personal knowledge of the following facts, and am prepared to testify to them if called as a witness.  I respectfully submit this declaration in support of Plaintiff's Petition for attorneys' fees and costs with respect to work performed by Schiff Hardin LLP ("Schiff Hardin") for Days Inns Worldwide, Inc. ("DIW"), and for additional accrued interest due to DIW from defendants Ticas and Cardona pursuant to the Court's November 27, 2007 Order.

2.      I am an attorney licensed to practice law in the State of Illinois.  I am a partner at the law firm of Schiff Hardin LLP and have held that position since August 1999.  Before that date, I was a partner in the law firm of Katten, Muchin & Zavis since 1988, and worked as an associate with other Chicago law firms commencing with my departure from law school in 1982. I am a 1982 graduate of the University of Texas School of Law, with Honors, and received my undergraduate degree from Dartmouth College in 1979.  I was admitted to practice in Illinois in 1982, and have also been admitted to the bars of the United States District Courts for the Northern District of Illinois, the Federal Trial Bar of the Northern District of Illinois, the Central

District of Illinois, the Eastern District of Michigan, as well as the United States Courts of Appeals for the Seventh Circuit. I have served as counsel for DWI in this matter from January 2006 through the present.

3.     I am a member of the ABA Forum on Franchising and have litigated commercial, franchise and trademark matters for over 12 years. In the course of my practice, I have handled or worked actively on what I believe to be hundreds of contested commercial matters both in state and federal court.

### The Work For Which DIW Seeks Fees and Costs

4.     DIW submits this Petition pursuant to this Court's November 29, 2007 Order. In its Order, the Court granted summary judgment in favor of DIW and against defendants Ticas and Cardona on all counts of DIW's complaint, including an award of costs and fees incurred. DIW's Petition seeks an award of those expenses, in the amount of $46,987.17, consisting of $45,151.50 in fees and $1,835.67 in costs.

5.     The fees included in this amount are comprised of amounts DIW has incurred for work performed by Schiff Hardin. That work has included the investigation of the matter following Schiff Hardin's involvement in December 2005, including reviewing and analyzing the facts, claims, and various client and defendant materials; engaging in the discovery process, including discovery requests and motions to compel; attempting to resolve the matter through settlement discussions with the defendants; researching and analyzing the legal issues relating to DIW's claims; drafting and filing the pleadings and motions in this matter; communications with DIW inside counsel Marcus Banks and inside paralegals Linda Rubiano, Lindsay Muller, and Devon Caughey, along with associated work for DIW on this case.

6.     In support of its Petition, DIW submits those portions of the billing detail of Schiff Hardin (attached to this Declaration as Exhibit 1) for which it seeks reimbursement.

Within those materials, there are a few terms whose meaning is not immediately obvious, but are used regularly in our communications with DIW. For example, the term "CLIP" refers to DIW's electronic network for communications with its outside counsel, and therefore an entry like "CLIP to client regarding status of . . ." refers to an update or a question sent over that network between Schiff Hardin and DIW personnel. The term "green file" refers to the client's files on a particular franchisee and guarantors, in this case the defendants. DIW is not seeking reimbursement for entries through which lines have been drawn.

7.     My partner Robin Spencer or I personally have reviewed the billing entries reflected in Exhibit 1, both before and after the completion of our billing process, and also reviewed the underlying court records and other documents prepared in this case, both as they were generated and in the course of preparing this declaration.

## Staffing Of This Matter

8.     Schiff Hardin has served as Regional Counsel for DIW for Illinois and other Midwestern states since 1999. We have represented DIW in connection with this matter since January 2006.

9.     As set forth in more detail below, the principal work performed on this matter was done by myself, with occasional assistance from my partner Robin M. Spencer, and associates Fiona A. Burke and Mark E. Ashton.

10.     All charges were made to DIW at Schiff Hardin's regular hourly rates. Through December 31, 2006, the regular hourly rate for my time was $450.00. Beginning on January 1, 2007, my regularly hourly rate increased to $485.00 in the ordinary course of our firm's business. The rates for the other principal lawyers who performed work on this matter are reflected below, as well as on the billing sheets.

11.     My partner, Robin M. Spencer, provided occasional assistance on this case. Ms.

Spencer is a partner at Schiff Hardin and a 1994 graduate of the University of Virginia School of Law, and has concentrated in the area of franchise litigation for more than thirteen years.  She is licensed to practice law in Minnesota and Illinois, and has been admitted to the bars of the United States District Courts for the Northern, Central and Southern Districts of Illinois and the Northern District of Indiana.  Her regular hourly rate in 2006 was $435.00, and in 2007 it increased to $475.00.

12.    Ms. Burke is a Schiff Hardin associate and a 2001 *magna cum laude* graduate of Loyola University Chicago School of Law.  She assisted in assessing the case, drafting the complaint, performing key research, drafting discovery requests and motions to compel, preparing the motion for summary judgment and supporting affidavits and materials, and associated work on the matter.  Schiff Hardin charged DIW Ms. Burke's regular hourly rates for her work performed on this matter.  Her regular hourly rate through December 31, 2006 was $305.00, which changed to $350.00 in the ordinary course of our business beginning on January 1, 2007.

13.    Mr. Ashton is a Schiff Hardin associate and a *cum laude* graduate of the University of Michigan Law School.  He assisted in assessing the case, drafting the complaint, effecting service on the defendants, performing research, drafting motions to compel, preparing the motion for summary judgment and supporting affidavits and materials, and associated work on the matter.  Schiff Hardin charged DIW Mr. Ashton's regular hourly rates for his work performed on this matter.  His regular hourly rate through December 31, 2006 was $210, which changed to $260 in the ordinary course of business beginning on January 1, 2007.

## Fees and Costs for Which DIW Seeks an Award

### A.    Fees and Discounts Reflected in Schiff Hardin's Time Entries

14.    The attached billing detail reflects the normal and customary billing rates charged to clients by Schiff Hardin.  As part of our normal review of bills before submission to DIW, we reviewed each entry and removed a substantial amount of time which, in our judgment, reflected associate training time, non-essential conferences, and any other items not appropriately billed to the client.  In addition, DIW is not seeking amounts through which lines have been drawn on the attached billing sheets, and has reduced these amounts from the totals on the billing sheets.

15.    The Court previously had awarded DIW $21,042.06 in attorneys' fees and costs against defendant Growth Property Investment Group, Inc. ("GPIG") as part of the default judgment against that defendant.  Because  Cardona and  Ticas are jointly and severally liable for attorneys fees and costs, and because GPIG has not paid any of the default judgment amount, DIW seeks those fees and costs amounts against defendants Cardona and Ticas herein.

16.    The Court also awarded $610.00 to DIW as a discovery sanction against defendant Cardona (Text Order dated July 30, 2007), and made awards of $104.00 (Text Order dated Sept. 18, 2007) and $588.50 (Text Order dated March 13, 2007) as discovery sanctions against defendant Ticas.  Because those amounts remain unpaid, DIW seeks those fees in connection as part of this Petition as well.

### B.    The Costs for Which DIW Seeks an Award

17.    In addition to legal fees, DIW asks this Court to award $1,835.67 for the expenses that DIW has incurred in this matter. (*See* Form AO 133, Bill of Costs, attached as Exhibit 2 hereto.) Those expenses are detailed in attached billing records, and include filing fees, fees for service of process, copying costs, and other amounts incurred.  The copying costs covered DIW's internal records over the history of this franchise, as well as the documents produced by

all parties, pleadings, color copies of photographs, and sets of the filings.  DIW was charged at a rate of $.10 per page for copies, a charge that is reasonable and customary among law firms which act as regional counsel for national franchisors in the Midwest. Although DIW is based in Parsippany, New Jersey, there are no travel expenses reflected in the billing records.

C.     **Appropriateness of Fees And Costs Sought by DIW in its Petition**

18.     I am familiar with market rates charged by attorneys who represent parties in franchise litigation and who practice in the Chicago area and other areas of the upper Midwest, by my experience with fee petitions, preparation of client billings and receipt of client payments for my firms, and information disclosed by publications, clients, and other counsel in the legal community, including those who act as regional counsel for franchisors.

19.     The rates at which DIW seeks compensation for the services rendered to it by counsel in this matter are well within the prevailing rates for lawyers practicing in the Chicago area and other urban Midwestern legal communities, and are within the appropriate rates charged for litigating a franchise matter such as this case as regional counsel for a national franchisor.

**Special Factors:  DIW has Significant Interests at Stake in the Guest Action**

20.     DIW acted appropriately to protect its trademarks, the traveling public and the system interests at stake in this litigation.  It is of critical importance to maintain uniform quality of the lodging facilities throughout DIW's franchise system, in order to protect DIW's guests and its trademarks.  Given the breadth of the DIW system, it is also important for DIW to enforce the terms of its franchise agreements against breaching franchisees.  In this case, Defendants transferred the facility to an unrelated third party who had no contractual obligations to DIW, putting the quality of the facility and the reputation of the DIW system at risk.  The resulting termination has caused DIW to lose the benefit of its agreement that this franchisee would operate a facility in Galesburg, Illinois, until 2019, and that the facility would comply with the

standards DIW has set to protect the traveling public and the DIW marks.  DIW's enforcement of its Franchise Agreement and Guaranty was both appropriate and important, both in the message it sends to the system as a whole and in the recovery DIW obtained for its past and future efforts in this region.

### Additional Accrued Interest to Which DIW is Entitled

21.     In its November 27, 2007 Order, the Court directed DIW to provide a calculation of the additional accrued interest that it was seeking upon the Recurring Fees and Liquidated Damages owed by Ticas and Cardona.  DIW seeks $27,467.37 in additional accrued interest on Recurring Fees and Liquidated Damages.  This amount was calculated pursuant to Section 7.3 of the License Agreement (which Ticas and Cardona guaranteed) by applying the contractual monthly interest rate of 1.5% to Recurring Fees and Liquidated Damages from November 8, 2006, the date through which DIW previously had calculated and been awarded interest,[1] through December 13, 2007.

22.     The additional accrued interest upon the Recurring Fees was calculated by: (1) multiplying the monthly interest rate of 1.5% by 12 to obtain an annual interest rate of 18%; (2) multiplying the outstanding, pre-interest Recurring Fees of $20,244.33 by the 18% annual rate to obtain an annual interest figure of $3,643.98; (3) dividing this annual interest by 365 to obtain a daily interest figure of $9.98; and (4) multiplying the daily interest by the 400 days for which DIW is entitled to additional interest (from November 8, 2006 through the date of this Motion), to arrive at $3,993.40 in additional accrued interest due to DIW on Recurring Fees.

23.     Similarly, the additional accrued interest upon Liquidated Damages was

---

[1] DIW previously had calculated the accrued interest due and owing from defendants through November 8, 2006, as set forth in the Affidavit of Valerie Workman, attached to DIW's summary judgment memorandum as Exhibit D.  (Doc. #27-5.)  That interest was included in the Court's award of damages on summary judgment. (Doc. #30, Nov. 27, 2007 Order at 4-5.)  DIW seeks only additional interest since that date in this Petition.

calculated by multiplying the pre-interest Liquidated Damages of $119,000 by the annual 18%

interest rate; dividing this by 365 to obtain a daily rate of $58.68; and multiplying the daily rate

by 400 days to arrive at $23,473.97 in additional accrued interest due to DIW.

 I declare under penalty of perjury that the foregoing is true and correct.


Executed on December 13, 2007     s/Clay A. Tillack
               Clay A. Tillack Bar Number: 6182927


SCHIFF HARDIN LLP
6600 Sears Tower, 233 South Wacker Drive
Chicago, IL  60606-6473
Telephone: (312) 258-5500
Facsimile: (312) 258-5600
ctillack@schiffhardin.com


CH1\5368310.1

E-FILED
Thursday, 13 December, 2007  06:37:38 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 1

**THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.**

Scott McLester, Esq.                          INVOICE #:    \*\*\*\*\*\*
Wyndham Worldwide Corporation                 DECEMBER 10, 2007
1 Sylvan Way
Parsippany, New Jersey 07054
Client Matter No. HFL00001229

RE: Days Inns Worldwide, Inc (797) Galesburg, IL
     Re: Growth Property Investment Group, Inc
     et al - Franchise Dispute
Matter Number: 33993-0019

### DESCRIPTION OF LEGAL SERVICES

Period covered by this invoice 01/01/01 to 11/30/07

| Name | Date | Hours | Description of Services | Task Act | Amount |
|------|------|-------|-------------------------|----------|--------|
| FAB | 12/05/05 | .30 | Review CLIP profile, CLIP comments and post termination obligations checklist re new matter. | L110 A104 | 81.00 |
| FAB | 12/05/05 | .10 | Communications with Linda Rubiano re **REDACTED** | L110 A106 | 27.00 |
| FAB | 12/28/05 | .20 | Communications with L. Rubiano re **REDACTED** | L110 A106 | 54.00 |
| FAB | 01/11/06 | .30 | Review green file. | L110 A104 | 91.50 |
| FAB | 01/11/06 | .20 | Communications with Linda Rubiano re **REDACTED** | L110 A106 | 61.00 |
| FAB | 01/11/06 | .30 | Communications with E. Blackwood re drafting complaint and preliminary injunction papers. | L210 A105 | 91.50 |

Scott McLester, Esq.                          Dec 10, 2007     PAGE   2
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| EAB | 01/11/06 | 1.00 | **REDACTED** | L110 A101 | ~~240.00~~ |
| EAB | 01/13/06 | 2.30 | **REDACTED** | L110 A101 | ~~552.00~~ |
| EAB | 01/16/06 | .60 | **REDACTED** | L110 A101 | ~~144.00~~ |
| FAB | 01/25/06 | .10 | Communications with E. Blackwood re status of draft pleadings. | L210 A105 | ~~30.50~~ |
| FAB | 01/27/06 | .10 | Communications with E. Blackwood re draft complaint. | L210 A105 | ~~30.50~~ |
| FAB | 01/30/06 | .20 | Communications with Marc Merriweather and Linda Rubiano re **REDACTED** | L210 A106 | 61.00 |
| FAB | 01/30/06 | .20 | **REDACTED** | L210 A105 | ~~61.00~~ |
| FAB | 01/31/06 | .10 | Communications with Linda Rubiano re **REDACTED** | L210 A106 | 30.50 |
| FAB | 01/31/06 | .50 | **REDACTED** | L210 A105 | ~~152.50~~ |
| EAB | 01/31/06 | 3.10 | **REDACTED** | L110 A101 | ~~744.00~~ |

Scott McLester, Esq.                    Dec 10, 2007       PAGE    3
FILE NUMBER: 33993-0019

**REDACTED**

| | | | | | |
|---|---|---|---|---|---|
| FAB | 02/01/06 | .20 | **REDACTED** | L210 A105 | ~~61.00~~ |
| FAB | 02/01/06 | .30 | Review faxes from Linda Rubiano enclosing termination information and transferee; communications with Linda Rubiano re **REDACTED** | L210 A106 | 91.50 |
| EAB | 02/01/06 | .20 | **REDACTED** | 10 A101 | ~~48.00~~ |
| EAB | 02/02/06 | 1.70 | **REDACTED** | L110 A101 | ~~408.00~~ |
| EAB | 02/03/06 | 3.80 | **REDACTED** | L110 A101 | ~~912.00~~ |
| FAB | 02/07/06 | 1.00 | Review client documents, California Secretary of State filing; began review and redline of E. Blackwood's draft complaint. | L210 A103 | 305.00 |
| FAB | 02/08/06 | 2.00 | Continued review and redline of E. Blackwood's draft complaint. | L210 A103 | 610.00 |
| FAB | 02/08/06 | .20 | Communications with Linda Rubiano and Marcus Banks re **REDACTED** | L110 A106 | 61.00 |

Scott McLester, Esq.                          Dec 10, 2007      PAGE    4
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 02/08/06 | .20 | Communications with E. Blackwood re revisions to complaint; communications with research librarian re obtaining Choicepoint searches for 3 individual defendants. | L110 A105 | 61.00 |
| FAB | 02/08/06 | .50 | Research regarding current information for individual defendants. | L110 A102 | 152.50 |
| DDL | 02/08/06 | 1.50 | Researched online in AUTOTRACKXP database and obtained business reports for Frank Ticas, 12311 Pine Street, Garden Grove, CA, Carlos E. Cardona, 11752 Garden Grove Blvd. #115, Garden Grove, CA and Marcia Miller, 309 7th Ave., Sterling, IL. Requested by F. Burke. | L110 A102 | 187.50 |
| FAB | 02/09/06 | .10 | Communications with K. Nystedt re determining ownership of hotel property. | L110 A105 | ~~30.50~~ |
| FAB | 02/09/06 | 2.70 | **REDACTED** | L220 A103 | ~~823.50~~ |
| KN | 02/09/06 | .30 | Correspondence with FAB and title company, order new ownership searches. | L140 A102 | ~~57.00~~ |
| FAB | 02/10/06 | 2.50 | Review asset search reports for Frank Ticas, Carlos Cardona and Marcia Miller; review bankruptcy court docket for Marcia Miller; draft summary of outstanding issues. | L110 A102 | 762.50 |

Scott McLester, Esq.                          Dec 10, 2007    PAGE    5
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 02/10/06 | .20 | **REDACTED** | L110 A105 | ~~61.00~~ |
| PJF | 02/10/06 | .20 | **REDACTED** | L120 A105 | ~~61.00~~ |
| EAB | 02/10/06 | .10 | **REDACTED** | L120 A101 | ~~24.00~~ |
| FAB | 02/13/06 | .20 | **REDACTED** | L220 A105 | ~~61.00~~ |
| FAB | 02/13/06 | .10 | Communications with Marcus Banks re **REDACTED** | L220 A106 | 30.50 |
| WIK | 02/13/06 | .80 | **REDACTED** | L120 A104 | ~~440.00~~ |
| FAB | 02/14/06 | .30 | Conference call with Marcus Banks and Dave Catuogno at Eliades and Holt re **REDACTED** | L110 A106 | 91.50 |
| FAB | 02/14/06 | .10 | Communications with W. Kohn re bankruptcy. | L110 A105 | ~~30.50~~ |
| FAB | 02/28/06 | .40 | **REDACTED** | L210 A105 | ~~122.00~~ |

Scott McLester, Esq.                     Dec 10, 2007    PAGE    6
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 03/01/06 | .30 | Email response to David Catuogno re **REDACTED** | L110 A107 | 91.50 |
| RMS | 03/16/06 | .20 | **REDACTED** | L120 A105 | 87.00 |
| FAB | 03/16/06 | .10 | **REDACTED** | L210 A105 | 30.50 |
| FAB | 03/20/06 | .10 | **REDACTED** | L210 A105 | 30.50 |
| RMS | 03/21/06 | .40 | **REDACTED** | L190 A105 | 174.00 |
| FAB | 03/21/06 | .40 | **REDACTED** | L210 A105 | 122.00 |
| FAB | 03/23/06 | .80 | Revise complaint; **REDACTED** | L210 A103 | 244.00 |
| FAB | 03/23/06 | .40 | Research re **REDACTED** under California and Illinois franchise laws; communications re same. | L210 A105 | 122.00 |
| FAB | 03/24/06 | 1.00 | Revise draft complaint. | L210 A103 | 305.00 |
| CAT | 03/29/06 | 1.20 | Review and revise draft Verified Complaint. | L210 A103 | 540.00 |
| CAT | 03/29/06 | .40 | Conference with F. Burke re: research regarding contributory infringement in context of transferred license agreement. | L120 A105 | 180.00 |

Scott McLester, Esq.                                    Dec 10, 2007        PAGE    7
FILE NUMBER: 33993-0019

| FAB | 03/29/06 | .40 | Communications and conference with C. Tillack re draft complaint and contributory infringement issues. | L210 A105 | 122.00 |
|-----|----------|-----|------|-----------|--------|
| FAB | 03/29/06 | 1.20 | Research current case law regarding contributory infringement of trademarks. | L210 A102 | 366.00 |
| CAT | 04/05/06 | .70 | Review and analysis of draft Complaint. | L210 A104 | 315.00 |
| CAT | 04/05/06 | 1.50 | Prepare revisions to draft Complaint. | L210 A103 | 675.00 |
| CAT | 04/05/06 | .50 | Directions to F. Burke re: revisions to draft Complaint. | L210 A105 | 225.00 |
| FAB | 04/05/06 | .50 | Communications with C. Tillack re revisions to complaint. | L210 A105 | 152.50 |
| FAB | 04/06/06 | .50 | Research regarding liability under   **REDACTED** | L210 A102 | ~~152.50~~ |
| FAB | 04/06/06 | .10 | Communications with C. Tillack re research regarding   **REDACTED** | L210 A105 | ~~30.50~~ |
| FAB | 04/06/06 | .60 | Revise complaint per C. Tillack's comments. | L210 A103 | 183.00 |
| CAT | 04/14/06 | .80 | Review and revision of draft Complaint, and allegations re: Lanham Act violation, contract breach and damages. | L210 A103 | 360.00 |

Scott McLester, Esq.                           Dec 10, 2007     PAGE     8
FILE NUMBER: 33993-0019

| FAB | 04/14/06 | .30 | **REDACTED** | L210 A103 | 91.50 |
| FAB | 04/14/06 | .50 | **REDACTED** | L210 A105 | 152.50 |
| CAT | 04/17/06 | .80 | Review and revise draft Complaint re: **REDACTED** | L210 A103 | 360.00 |
| CAT | 04/17/06 | .30 | **REDACTED** | L210 A105 | 135.00 |
| FAB | 04/17/06 | .30 | **REDACTED** | L210 A105 | 91.50 |
| FAB | 04/17/06 | 1.20 | Revise complaint per C. Tillack's comments. | L210 A103 | 366.00 |
| FAB | 04/19/06 | .50 | Revise draft complaint per C. Tillack's comments. | L210 A103 | 152.50 |
| FAB | 04/19/06 | .10 | **REDACTED** | L210 A105 | 30.50 |
| CAT | 04/20/06 | .60 | Review and revise final draft of Complaint. | L210 A103 | 270.00 |
| FAB | 04/20/06 | .50 | **REDACTED** | L210 A105 | 152.50 |
| FAB | 04/20/06 | .30 | Revise complaint per C. Tillack's comments. | L210 A103 | 91.50 |
| CAT | 05/01/06 | .20 | **REDACTED** | L210 A105 | 90.00 |
| CAT | 05/01/06 | .40 | **REDACTED** | L210 A104 | 180.00 |

Scott McLester, Esq.                          Dec 10, 2007      PAGE    9
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 05/01/06 | .10 | Forward draft complaint to Marcus Banks and Linda Rubiano for review and comment. | L210 A106 | 30.50 |
| FAB | 05/01/06 | .20 | **REDACTED** | L210 A105 | ~~61.00~~ |
| FAB | 05/11/06 | .10 | Review **REDACTED** inspection report showing | L110 A104 | 30.50 |
| FAB | 05/11/06 | .10 | Communications with David Catuogno re status of intervention in bankruptcy proceedings to ensure de-identification. | L110 A107 | 30.50 |
| FAB | 05/25/06 | .10 | Review emails from Linda Rubiano re **REDACTED** | L110 A106 | 30.50 |
| FAB | 05/30/06 | .10 | Review correspondence from client re revisions to draft complaint. | L210 A106 | 30.50 |
| FAB | 06/09/06 | .10 | Communications with M. Ashton re finalizing draft complaint. | L210 A105 | 30.50 |
| MEA | 06/14/06 | .60 | **REDACTED** | L110 A104 | ~~126.00~~ |
| MEA | 06/14/06 | 1.20 | Updated complaint to reflect requested changes. Compiled exhibits. | L210 A103 | 252.00 |
| CAT | 06/21/06 | .10 | **REDACTED** | L210 A103 | ~~45.00~~ |

Scott McLester, Esq.                          Dec 10, 2007    PAGE   10
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 06/21/06 | .60 | **REDACTED** | L210 A104 | ~~270.00~~ |
| FAB | 06/21/06 | .50 | **REDACTED** | L210 A105 | ~~152.50~~ |
| MEA | 06/21/06 | .50 | **REDACTED** | L210 A105 | ~~105.00~~ |
| MEA | 06/21/06 | 2.40 | **REDACTED** | L210 A103 | ~~504.00~~ |
| CAT | 06/22/06 | .70 | **REDACTED** | L210 A103 | ~~315.00~~ |
| CAT | 06/22/06 | .30 | **REDACTED** | L210 A105 | ~~135.00~~ |
| FAB | 06/22/06 | .20 | **REDACTED** | L210 A105 | ~~61.00~~ |
| FAB | 06/22/06 | .10 | Email to Dave Catuogno requesting update re status of intervention in bankruptcy. | L210 A107 | 30.50 |
| MEA | 06/22/06 | .20 | Made changes to draft complaint. | L210 A103 | 42.00 |
| FAB | 06/26/06 | .10 | Review correspondence from Forman & Eliades re status of bankruptcy matter. | L210 A107 | 30.50 |
| CAT | 06/27/06 | .80 | **REDACTED** | L210 A103 | ~~360.00~~ |
| MEA | 06/27/06 | .20 | Prepared complaint for filing. | L210 A103 | 42.00 |

Scott McLester, Esq.                          Dec 10, 2007     PAGE   11
FILE NUMBER: 33993-0019

| FAB | 06/28/06 | .20 | **REDACTED** | L210 A105 | ~~61.00~~ |
|-----|----------|-----|-------------|-----------|----------|
| MEA | 06/28/06 | .40 | Filed complaint. | L210 A103 | 84.00 |
| CAT | 06/29/06 | .10 | **REDACTED** | L210 A104 | ~~45.00~~ |
| CAT | 07/06/06 | .30 | Review materials prepared re: service of defendants and correspondence and pleadings re: waiver of same. | L210 A104 | 135.00 |
| CAT | 07/06/06 | .20 | Conference with M. Ashton re: service of defendants and correspondence re: waiver of same. | L210 A105 | 90.00 |
| FAB | 07/06/06 | .30 | Review e-filing notices and attachments received from court. | L210 A108 | ~~91.50~~ |
| FAB | 07/06/06 | .30 | Communications with M. Ashton re service of summons and complaint by mail; review emails re same. | L210 A105 | 91.50 |
| MEA | 07/06/06 | .90 | Prepared waivers of service and letters requesting waiver of service. | L210 A103 | 189.00 |
| FAB | 07/10/06 | .10 | Communications with M. Ashton re serving complaint. | L210 A105 | 30.50 |
| CAT | 07/12/06 | .40 | **REDACTED** | 10 A105 | ~~180.00~~ |
| MEA | 07/13/06 | .40 | Served defendants. | L210 A103 | 84.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE  12
FILE NUMBER: 33993-0019

| FAB | 07/14/06 | .20 | Review CLIP comment re status of infringement and respond to same. | L110 A106 | 61.00 |
| RMS | 08/11/06 | .10 | **REDACTED** | 210 A105 | ~~43.50~~ |
| FAB | 08/11/06 | .10 | **REDACTED** | L210 A105 | ~~30.50~~ |
| CAT | 08/21/06 | .30 | Telephone conference with defendant re: Answer and Defenses. | L210 A108 | 135.00 |
| FAB | 08/21/06 | .10 | Review CLIP comment from client re ongoing infringement. | L110 A106 | 30.50 |
| FAB | 08/21/06 | .10 | Communications with C. Tillack re service on defendants. | L210 A105 | ~~30.50~~ |
| FAB | 08/22/06 | .10 | Review and respond to voicemail from C. Tillack re appearance and answer filed by Cardona. | L210 A105 | 30.50 |
| FAB | 08/22/06 | .20 | Review answer filed by Cardona. | L210 A104 | 61.00 |
| CAT | 08/23/06 | .40 | **REDACTED** | L210 A105 | ~~180.00~~ |
| FAB | 08/23/06 | .50 | **REDACTED** | L210 A105 | ~~152.50~~ |

Scott McLester, Esq.                              Dec 10, 2007    PAGE  13
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 08/23/06 | .30 | CLIP comment to client re answer filed by defendant Cardona. | L210 A106 | 91.50 |
| FAB | 08/23/06 | .20 | Efile returns of service for all three defendants. | L210 A108 | 61.00 |
| FAB | 08/24/06 | .10 | Review CLIP comment from Marcus Banks re **REDACTED** | L210 A106 | 30.50 |
| CAT | 08/25/06 | .30 | Review Answer and Affirmative Defense filed by defendant Frank Ticas. | L210 A104 | 135.00 |
| CAT | 08/25/06 | .20 | Conference with F. Burke re: affirmative defenses raised by individual defendants. | L210 A105 | ~~90.00~~ |
| FAB | 08/25/06 | .10 | Briefly review answer filed by Frank Ticas. | L210 A104 | 30.50 |
| FAB | 08/25/06 | .20 | Communications with C. Tillack re answer and affirmative defenses filed by Frank Ticas. | L210 A105 | 61.00 |
| CAT | 09/06/06 | .30 | Telephone conference with C. Cardona re: affirmative defenses and settlement inquiry. | L160 A108 | 135.00 |
| CAT | 09/21/06 | .30 | **REDACTED** | L210 A105 | 135.00 |
| FAB | 09/21/06 | .10 | **REDACTED** | L210 A105 | ~~30.50~~ |
| FAB | 09/27/06 | .10 | Review minute order setting Rule 16 scheduling conference. | L210 A108 | 30.50 |
| CAT | 10/19/06 | 1.40 | **REDACTED** | L210 A103 | ~~630.00~~ |

Scott McLester, Esq.                         Dec 10, 2007      PAGE   14
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 10/19/06 | .80 | **REDACTED** | L210 A105 | ~~360.00~~ |
| CAT | 10/19/06 | .10 | **REDACTED** | L120 A104 | ~~45.00~~ |
| MEA | 10/19/06 | .20 | Began drafting motion for entry of default. | L240 A103 | 42.00 |
| MEA | 10/20/06 | .90 | Drafted motion for entry of default. | L240 A103 | 189.00 |
| FAB | 10/22/06 | .60 | Draft proposed joint scheduling order and cover letter to pro se defendants re same. | L230 A103 | 183.00 |
| FAB | 10/22/06 | .10 | Communications with C. Tillack re proposed joint scheduling order and cover letter to pro se defendants re same. | L230 A105 | ~~30.50~~ |
| CAT | 10/23/06 | .30 | Telephone conference with C. Cardona re: proposed discovery call and Court-ordered discovery plan. | L390 A108 | 135.00 |
| CAT | 10/23/06 | .40 | **REDACTED** | L240 A105 | ~~180.00~~ |
| CAT | 10/23/06 | .50 | Review and revise draft Scheduling Order and letter to defendants. | L210 A104 | 225.00 |
| FAB | 10/23/06 | .10 | Communications with C. Tillack re scheduling conference. | L230 A105 | 30.50 |
| CAT | 10/24/06 | .30 | Correspondence to opposing parties re: mandatory pre-trial conference and proposed discovery schedule. | L390 A108 | 135.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE   15
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 10/24/06 | .50 | **REDACTED** | L240 A103 | ~~225.00~~ |
| CAT | 10/24/06 | .10 | Directions to F. Burke re: **REDACTED** | L240 A105 | ~~45.00~~ |
| FAB | 10/24/06 | .10 | **REDACTED** | L230 A105 | ~~30.50~~ |
| FAB | 10/24/06 | .20 | Communications with C. Tillack re motion for default against corporation; communications with docket and review **REDACTED** | L240 A105 | 61.00 |
| FAB | 10/24/06 | .30 | Revise draft motion for entry of default against corporate | L240 A103 | 91.50 |
| CAT | 10/25/06 | .20 | **REDACTED** | L120 A104 | ~~90.00~~ |
| CAT | 10/25/06 | .30 | **REDACTED** | L240 A105 | ~~135.00~~ |
| FAB | 10/25/06 | .40 | E-file motion for entry of default against GPIG; communications with clerk of the court re courtesy copies; review order granting motion for entry of default. | L240 A108 | 122.00 |
| FAB | 10/25/06 | .20 | Communications with C. Tillack and M. Ashton re preparing motion for default judgment. | L240 A105 | 61.00 |

| FAB | 10/25/06 | .10 | CLIP comment to client re **REDACTED** | L210 A106 | 30.50 |
| CAT | 10/26/06 | .30 | Conference with F. Burke re: **REDACTED** | L240 A105 | ~~135.00~~ |
| FAB | 10/26/06 | .30 | Communications with M. Ashton re preparing motion for default judgment; forward sample motions to Mark; communications with C. Tillack and C. Betenia re include request for fees and costs in motion for default judgment. | L240 A105 | 91.50 |
| FAB | 10/26/06 | .10 | Communications with David Catuogno re ongoing infringement and request for update on status of intervention in bankruptcy matter. | L110 A107 | 30.50 |
| MEA | 10/26/06 | 2.60 | Drafted motion for default judgment, proposed order, and affidavit in support. | L240 A103 | 546.00 |
| CAT | 10/27/06 | .10 | Telephone call to defendants re: scheduled conference call to discuss proposed scheduling order per order of Court. | L390 A108 | 45.00 |
| MEA | 10/28/06 | .80 | Finished drafting motion, affidavit, and proposed judgment for default judgment. | L240 A103 | 168.00 |
| CAT | 10/30/06 | .30 | Revise preliminary discovery schedule. | L310 A103 | 135.00 |
| FAB | 10/30/06 | .20 | **REDACTED** | L240 A105 | ~~61.00~~ |

Scott McLester, Esq.                                      Dec 10, 2007    PAGE  17
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 10/31/06 | .30 | **REDACTED** | L240 A105 | ~~135.00~~ |
| CAT | 10/31/06 | .30 | **REDACTED** | L390 A105 | ~~135.00~~ |
| FAB | 10/31/06 | .10 | Review email from David Catuogno providing update on status of de-id of the facility. | L110 A107 | 30.50 |
| FAB | 10/31/06 | .50 | **REDACTED** | L240 A105 | ~~152.50~~ |
| FAB | 10/31/06 | .10 | Communications with Linda Rubiano re **REDACTED** | L240 A106 | 30.50 |
| FAB | 10/31/06 | 1.00 | Revise M. Ashton's draft motion for default judgment. | L240 A103 | 305.00 |
| FAB | 10/31/06 | .20 | Revise proposed scheduling order. | L230 A103 | 61.00 |
| FAB | 10/31/06 | .10 | **REDACTED** | L230 A105 | ~~30.50~~ |
| MEA | 10/31/06 | 1.50 | Modified default judgment papers to include infringement damages, permanent injunction. | L240 A103 | 315.00 |
| CAT | 11/01/06 | .80 | **REDACTED** | L210 A103 | ~~360.00~~ |
| CAT | 11/01/06 | .30 | **REDACTED** | L210 A105 | ~~135.00~~ |

| | | | | | |
|---|---|---|---|---|---|
| CAT | 11/01/06 | .30 | Telephone conference with defendant Frank Ticas re: proposed Scheduling Order. | L210 A108 | 135.00 |
| FAB | 11/01/06 | .30 | **REDACTED** | L240 A105 | ~~91.50~~ |
| FAB | 11/01/06 | .20 | **REDACTED** | L230 A105 | ~~61.00~~ |
| MEA | 11/01/06 | .60 | Finished revising default judgment materials for infringement damages, permanent injunction, and other changes suggested by F. Burke. | L240 A103 | 126.00 |
| MEA | 11/01/06 | .30 | Made further changes to default judgment papers based on feedback from C. Tillack and F. Burke. | L240 A103 | 63.00 |
| CAT | 11/02/06 | .90 | Telephone conference with F. Ticas re: proposed Scheduling Order and pre-trial conference; Telephone conference with C. Cardona re: draft Scheduling Order. | L210 A108 | 405.00 |
| CAT | 11/02/06 | 1.00 | Revise draft Scheduling Order; Revise draft Scheduling Order per telephone conference with defendants. | L210 A103 | 450.00 |
| FAB | 11/02/06 | .20 | Telephone conversation with Lindsay Muller re **REDACTED** | L240 A106 | ~~61.00~~ |
| FAB | 11/02/06 | .30 | **REDACTED** | L230 A105 | ~~91.50~~ |

Scott McLester, Esq.                          Dec 10, 2007     PAGE  19
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 11/02/06 | .10 | Revisions to proposed scheduling order. | L230 A103 | 30.50 |
| FAB | 11/02/06 | .10 | E-file proposed scheduling order. | L230 A108 | 30.50 |
| FAB | 11/02/06 | 1.00 | Continue revising motion for default judgment, review and revise supporting affidavit and proposed order. | L240 A103 | 305.00 |
| CAT | 11/03/06 | 1.80 | Review draft motion for default judgment pleadings; Revise same. | L210 A103 | 810.00 |
| FAB | 11/03/06 | .20 | **REDACTED** | L240 A105 | ~~61.00~~ |
| FAB | 11/03/06 | .10 | Email to Marcus Banks and Linda Rubiano with draft default judgment papers. | L240 A106 | 30.50 |
| FAB | 11/03/06 | .10 | Review motion for default judgment per C. Tillack's comments. | L240 A103 | 30.50 |
| CAT | 11/06/06 | 1.00 | Prepare for Court's Case Management Conference; Attend Court's Case Management Conference by telephone. | L230 A101 | 450.00 |
| CAT | 11/06/06 | .30 | Telephone conference with C. Cardona re: discovery plan. | L390 A108 | 135.00 |
| CAT | 11/06/06 | 1.30 | Conference with F. Burke re: follow-up from Court's Case Management Plan; Conference with F. Burke re: attorney's affidavit re: damages; Conference with R. Spencer re: attorney's affidavit re: fees and expenses in support of motion for default judgment. | L210 A105 | 585.00 |

Scott McLester, Esq.            Dec 10, 2007     PAGE  20
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 11/06/06 | 1.80 | **REDACTED** | L210 A103 | ~~810.00~~ |
| FAB | 11/06/06 | .10 | **REDACTED** | L230 A105 | ~~30.50~~ |
| FAB | 11/06/06 | .10 | **REDACTED** | L240 A105 | ~~30.50~~ |
| FAB | 11/06/06 | .20 | **REDACTED** | L240 A105 | ~~61.00~~ |
| MEA | 11/06/06 | .20 | Reviewed and compiled exhibits for motion for default judgment. | L240 A102 | 42.00 |
| CAT | 11/07/06 | 2.40 | Revise draft affidavit in support of motion for default judgment; Revise exhibits to be filed in support of motion for default judgment. | L210 A103 | 1080.00 |
| CAT | 11/07/06 | .20 | **REDACTED** | L210 A104 | ~~90.00~~ |
| FAB | 11/07/06 | .20 | Communications with Linda Rubiano re **REDACTED** | L240 A106 | 61.00 |
| FAB | 11/07/06 | .30 | Revise motion for default judgment and supporting Workman affidavit with client comments and to include other post termination inspection reports. | L240 A103 | 91.50 |

Scott McLester, Esq.                    Dec 10, 2007      PAGE   21
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 11/07/06 | .80 | Review file and assemble exhibits for motion for default judgment and supporting Workman affidavit. | L240 A104 | 244.00 |
| FAB | 11/07/06 | .10 | Review scheduling order issued by court. | L230 A108 | 30.50 |
| FAB | 11/07/06 | .20 | **REDACTED** | L240 A105 | ~~61.00~~ |
| MEA | 11/07/06 | .60 | **REDACTED** | L240 A102 | ~~126.00~~ |
| CAT | 11/08/06 | 1.60 | Revise draft affidavit, billing exhibits and prepare bill of costs; Review and revise supplemental certificate of interest. | L210 A103 | 720.00 |
| CAT | 11/08/06 | .60 | Review client provided information for inclusion in affidavit in support of motion for default judgment. | L210 A104 | 270.00 |
| CAT | 11/08/06 | .70 | **REDACTED** | L210 A105 | ~~315.00~~ |
| FAB | 11/08/06 | .40 | Communications with Linda Rubiano re **REDACTED** | L240 A106 | 122.00 |
| FAB | 11/08/06 | .20 | **REDACTED** | L240 A105 | ~~61.00~~ |

Scott McLester, Esq.                        Dec 10, 2007    PAGE   22
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 11/08/06 | 2.30 | Revise and finalize Motion for Default Judgment, affidavit of Valerie Capers Workman and proposed default judgment order; review final copy with exhibits prior to filing. | L240 A103 | 701.50 |
| FAB | 11/08/06 | .50 | E-file motion for default judgment and attachments. | L240 A108 | 152.50 |
| MEA | 11/08/06 | .10 | Revised supplement to corporate disclosure statement. | L240 A102 | 21.00 |
| CAT | 11/09/06 | .20 | **REDACTED** | L210 A105 | 90.00 |
| FAB | 11/09/06 | .10 | **REDACTED** | L210 A105 | 30.50 |
| FAB | 11/10/06 | .10 | **REDACTED** | L210 A103 | 30.50 |
| FAB | 11/10/06 | .10 | E-file supplement to certificate of interest. | L210 A108 | 30.50 |
| FAB | 11/13/06 | .10 | Communications with M. Ashton re preparing Rule 26(a) disclosures. | L310 A105 | 30.50 |
| FAB | 11/14/06 | .10 | **REDACTED** | L310 A105 | 30.50 |
| MEA | 11/14/06 | .60 | Drafted initial Rule 26(a) disclosures. | L310 A103 | 126.00 |
| CAT | 11/22/06 | .40 | Review and revise draft Plaintiff's Rule 26(a) Disclosures. | L310 A103 | 180.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE   23
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 11/22/06 | .20 | **REDACTED** | L310 A105 | ~~90.00~~ |
| FAB | 11/22/06 | .10 | **REDACTED** | L310 A105 | ~~30.50~~ |
| FAB | 11/28/06 | .10 | Forward draft initial disclosures to client for review and comment. | L310 A106 | 30.50 |
| FAB | 11/30/06 | .10 | Review client comments on Rule 26(a) disclosures. | L310 A106 | 30.50 |
| CAT | 12/06/06 | .30 | Telephone conference with Carlos Cardona re: discovery disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. | L310 A108 | 135.00 |
| CAT | 12/06/06 | .10 | Telephone conference with Carlos Cardona re: status of settlement and representation. | L160 A108 | 45.00 |
| CAT | 12/11/06 | .80 | Initial review and analysis of Carlos Cardona's initial disclosures pursuant to Rule 26(a); Initial review and analysis of documents produced by C. Cardona. | L320 A104 | 360.00 |
| CAT | 12/11/06 | .30 | **REDACTED** | L320 A105 | ~~135.00~~ |
| FAB | 12/11/06 | .10 | **REDACTED** | L310 A105 | ~~30.50~~ |
| CAT | 12/13/06 | .50 | Review and analysis of Court's Order awarding damages and entering default judgment against corporate defendant. | L210 A104 | 225.00 |

Scott McLester, Esq.                     Dec 10, 2007    PAGE   24
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 12/13/06 | .20 | CLIP note to client re **REDACTED** | L210 A106 | 90.00 |
| CAT | 12/13/06 | .40 | Conference with R. Spencer re: potential motion for summary judgment against individual defendants. | L210 A105 | 180.00 |
| CAT | 12/14/06 | 1.40 | Analysis of document production from defendants, including **REDACTED** | L320 A104 | 630.00 |
| CAT | 12/14/06 | .30 | Research **REDACTED** | L120 A102 | 135.00 |
| FAB | 12/14/06 | .10 | **REDACTED** | L110 A105 | ~~30.50~~ |
| CAT | 12/15/06 | 1.00 | Analysis of          claim and **REDACTED** for same in client file for potential summary judgment motion. | L210 A104 | 450.00 |
| CAT | 12/15/06 | .40 | CLIP note to L. Rubiano re: **REDACTED** | L160 A106 | 180.00 |
| CAT | 12/15/06 | .40 | **REDACTED** | L160 A105 | ~~180.00~~ |
| CAT | 12/18/06 | .30 | Correspondence to/from M. Banks re: **REDACTED** | L190 A106 | 135.00 |
| CAT | 12/18/06 | .50 | Review correspondence received from client confirming **REDACTED** | L190 A104 | 225.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE   25
FILE NUMBER: 33993-0019

### REDACTED

| FAB | 12/18/06 | .10 | Communications with C. Tillack re forged release letter provided by defendants. | L110 A105 | 30.50 |
|-----|----------|-----|----------------------------------|-----------|--------|
| CAT | 12/28/06 | .50 | Follow up on Rule 26 mandatory disclosures status from defendant Frank Ticas; correspond to F Ticas re failure to provide discovery pursuant to case management order. | L310 A103 | 225.00 |
| CAT | 01/22/07 | .20 | Telephone voice mail from defendant (pro se) Carlos Cardona. | L390 A107 | 97.00 |
| CAT | 01/24/07 | .20 | Telephone calls to and from defendant C Cardona. | L190 A107 | 97.00 |
| CAT | 01/31/07 | .20 | Telephone conference with C Cardona regarding settlement possibility and status of financial information. | L190 A107 | 97.00 |
| CAT | 02/05/07 | .30 | **REDACTED** | L310 A105 | ~~145.50~~ |
| FAB | 02/05/07 | .20 | **REDACTED** | L310 A105 | ~~70.00~~ |
| MEA | 02/05/07 | .50 | Drafted motion to compel. | L350 A103 | 130.00 |
| MEA | 02/06/07 | .40 | Revisions to motion to compel. | L350 A103 | 104.00 |
| FAB | 02/07/07 | .40 | Communications with M. Ashton re draft motion to compel; assist Mark with motion. | L350 A105 | 140.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE   26
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 02/07/07 | .50 | Revise M. Ashton's draft motion to compel 26(a) disclosures from Ticas. | L350 A103 | 175.00 |
| MEA | 02/07/07 | .20 | Revised motion to compel discovery. | L350 A103 | 52.00 |
| MEA | 02/07/07 | .50 | Compiled and prepared motion to compel, appearance, notice of appearance, and served documents on defendants. | L350 A111 | 130.00 |
| CAT | 02/19/07 | .20 | Conference with M. Ashton, F. Burke regarding potential motion for summary judgment, motion to compel disclosures. | L120 A105 | 97.00 |
| FAB | 02/26/07 | .10 | Communications with M. Ashton re service of process on defendant corporation. | L210 A105 | 35.00 |
| CAT | 02/28/07 | .10 | Review and analysis of court's opinion regarding plaintiff's motion to compel discovery disclosures and granting motion for attorneys fees. | L390 A104 | 48.50 |
| CAT | 02/28/07 | .20 | Direction to M. Ashton regarding petition for attorneys fees. | L390 A105 | 97.00 |
| FAB | 02/28/07 | .10 | **REDACTED** | L350 A108 | ~~35.00~~ |
| FAB | 02/28/07 | .10 | Communications with M. Ashton re drafting fee petition. | L350 A105 | 35.00 |
| CAT | 03/06/07 | .30 | **REDACTED** | L210 A105 | ~~145.50~~ |
| FAB | 03/06/07 | .20 | **REDACTED** | L350 A105 | ~~70.00~~ |

Scott McLester, Esq.                    Dec 10, 2007    PAGE    27
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 03/06/07 | .10 | Revise M. Ashton's submission in support of fee award. | L350 A103 | 35.00 |
| MEA | 03/06/07 | 1.00 | Drafted fee submission re motion to compel production. | L250 A103 | 260.00 |
| MEA | 03/06/07 | .10 | Communication with C. Tillack re fee submission. | L250 A105 | 26.00 |
| CAT | 03/07/07 | .40 | Revise draft pleadings in association with motion to compel disclosures and request for attorneys fees. | L210 A103 | 194.00 |
| CAT | 03/07/07 | .30 | **REDACTED** | L210 A105 | ~~145.50~~ |
| FAB | 03/09/07 | .10 | **REDACTED** | L350 A105 | ~~35.00~~ |
| CAT | 03/12/07 | .30 | **REDACTED** | L210 A105 | ~~145.50~~ |
| CAT | 03/12/07 | .10 | Review and analysis of court order issued for discovery motion against the defendants. | L120 A104 | 48.50 |
| FAB | 03/12/07 | .20 | Review/revise M. Ashton's revised declaration in support of request for attorneys' fees and communications with M. Ashton re same. | L250 A105 | 70.00 |
| MEA | 03/12/07 | .10 | **REDACTED** | L250 A103 | ~~26.00~~ |
| MEA | 03/12/07 | .40 | Filed and served fee declaration. | L250 A111 | 104.00 |

Scott McLester, Esq.                          Dec 10, 2007      PAGE   28
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 03/13/07 | .20 | **REDACTED** | L190 A104 | ~~97.00~~ |
| FAB | 03/13/07 | .10 | Review order awarding fees for motion to compel. | L350 A108 | 35.00 |
| CAT | 04/05/07 | .40 | **REDACTED** | L310 A105 | ~~194.00~~ |
| FAB | 04/05/07 | .30 | Communications with C. Tillack and M. Ashton re upcoming fact discovery deadline and drafting motion for extension of deadline. | L350 A105 | 105.00 |
| CAT | 04/06/07 | .50 | Review and revise draft motion for extension of discovery schedule. | L210 A103 | 242.50 |
| CAT | 04/06/07 | .30 | Direction to M. Ashton regarding finalizing, filing and serving motion to extend discovery schedule. | L210 A105 | 145.50 |
| MEA | 04/06/07 | 1.20 | Drafted motion to extend fact discovery deadline. Filed and served motion. | L190 A103 | 312.00 |
| CAT | 04/10/07 | .10 | Review court order granting motion regarding extension of fact discovery outline. | L210 A104 | 48.50 |
| CAT | 04/13/07 | .40 | Telephone conference with C. Cardona re planned bankruptcy filing; follow up regarding status of defendant's discovery. | L190 A107 | 194.00 |
| CAT | 04/24/07 | .10 | Review order received from court regarding service on C. Cardona. | L210 A104 | 48.50 |

Scott McLester, Esq.                                    Dec 10, 2007      PAGE  29
FILE NUMBER: 33993-0019

| | | | | | | |
|---|---|---|---|---|---|---|
| CAT | 04/26/07 | .30 | **REDACTED** | L310 A105 | ~~145.50~~ |
| FAB | 04/27/07 | 1.00 | Draft interrogatories and document requests to Cardona and Ticas. | L310 A103 | 350.00 |
| CAT | 04/30/07 | .40 | Plan for discovery demands regarding false affidavit filed by defendant, related discovery against individual defendants. | L310 A101 | 194.00 |
| CAT | 04/30/07 | .40 | Conference and communications with F Burke regarding draft discovery against individual defendants. | L310 A105 | 194.00 |
| FAB | 04/30/07 | .10 | Communications with C. Tillack re draft discovery requests. | L310 A105 | 35.00 |
| FAB | 04/30/07 | .30 | Communications with C. Tillack re topics for discovery requests. | L310 A105 | 105.00 |
| FAB | 04/30/07 | 2.50 | Review client documents and draft requests to admit directed to defendants. | L310 A103 | 875.00 |
| CAT | 05/01/07 | .30 | **REDACTED** | L310 A107 | ~~145.50~~ |
| CAT | 05/01/07 | .50 | **REDACTED** | L310 A104 | ~~242.50~~ |
| FAB | 05/01/07 | 1.60 | Continue drafting interrogatories, requests to admit and document requests. | L310 A103 | 560.00 |

Scott McLester, Esq.                    Dec 10, 2007      PAGE   30
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 05/01/07 | .30 | **REDACTED** | L310 A105 | ~~105.00~~ |
| FAB | 05/01/07 | .10 | CLIP comment to Lindsay Muller re **REDACTED** | L110 A106 | 35.00 |
| CAT | 05/02/07 | .30 | **REDACTED** | L310 A105 | ~~145.50~~ |
| CAT | 05/03/07 | 1.50 | Revise draft interrogatories, document requests, requests for admission to defendants Cardona, Ticas. | L310 A103 | 727.50 |
| CAT | 05/03/07 | .40 | Conference with F. Burke regarding revisions to draft interrogatories, document requests, requests for admissions. | L310 A105 | 194.00 |
| FAB | 05/03/07 | .40 | Communications with C. Tillack re draft discovery requests. | L310 A105 | 140.00 |
| FAB | 05/03/07 | 2.00 | Revise draft interrogatories, document requests and requests to admit to incorporate C. Tillack's edits; assemble exhibits to requests to admit. | L310 A103 | 700.00 |
| FAB | 05/04/07 | .20 | Review CLIP comments to/from Marcus Banks re **REDACTED** | L110 A106 | 70.00 |
| CAT | 05/08/07 | .20 | Conference with F. Burke regarding defendants' position regarding **REDACTED** | L190 A105 | 97.00 |

Scott McLester, Esq.                           Dec 10, 2007      PAGE    31
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 05/10/07 | .20 | **REDACTED** | L310 A105 | ~~97.00~~ |
| CAT | 06/06/07 | ~~.40~~ | **REDACTED** | L310 A105 | ~~194.00~~ |
| MEA | 06/06/07 | .20 | Researched current case law obtaining ~~in~~ sanctions for failure to cooperate in discovery. Email to C. Tillack re same. | L310 A102 | 52.00 |
| CAT | 06/25/07 | .30 | Conference with and direction to M. Ashton regarding motion for discovery sanctions. | L310 A105 | 145.50 |
| MEA | 06/25/07 | .60 | Researched motion for default judgment for failure to respond to written discovery. | L240 A102 | 156.00 |
| CAT | 06/26/07 | .50 | | ‚310 A105 | ~~242.50~~ |
| | | | **REDACTED** | | |
| CAT | 06/26/07 | .20 | Telephone conference with F. Ticas regarding overdue discovery responses; telephone call to C. Cardona regarding overdue discovery responses. | L310 A107 | 97.00 |
| CAT | 06/26/07 | .20 | Review and revise draft discovery requests. | L310 A104 | 97.00 |

Scott McLester, Esq.                    Dec 10, 2007    PAGE  32
FILE NUMBER: 33993-0019

| MEA | 06/26/07 | .50 | Revised and sent renewed discovery requests to Deft. Ticas at new address. | L310 A103 | 130.00 |
|-----|----------|-----|------|------|--------|
| MEA | 06/26/07 | 1.20 | Drafted motion to compel responses to discovery requests. | L310 A103 | 312.00 |
| CAT | 06/27/07 | .20 | Review and analysis of inspection report of premises. | L190 A104 | 97.00 |
| CAT | 06/28/07 | .40 | Review and revise draft motion to compel discovery responses. | L190 A104 | 194.00 |
| MEA | 06/28/07 | .20 | Filed motion to compel discovery responses. | L120 A108 | 52.00 |
| CAT | 07/23/07 | .20 | **REDACTED** | L190 A105 | ~~97.00~~ |
| FAB | 07/25/07 | .10 | Communications with M. Ashton re revisions to fee petition for motion to compel. | L350 A105 | 35.00 |
| FAB | 07/25/07 | .10 | Review and redline M. Ashton's draft fee petition for motion to compel. | L350 A103 | 35.00 |
| MEA | 07/25/07 | .40 | Drafted fee petition for motion to compel discovery responses. | L310 A103 | 104.00 |
| MEA | 07/26/07 | .40 | E-Filed fee petition with the court. Direction to S. Edwards re service. | L310 A108 | 104.00 |
| CAT | 07/30/07 | .10 | Review of court's order granting motion regarding motion to compel discovery and request for attorneys fees. | L190 A104 | 48.50 |

Scott McLester, Esq.                    Dec 10, 2007     PAGE  33
FILE NUMBER: 33993-0019


FAB    07/30/07    .10   Review orders granting fees      L240 A108        35.00
                         in connection with motion to
                         compel discovery responses.


TOTALS                                                            32,576.00

THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.

**THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.**

Scott McLester, Esq.                    INVOICE #:   ******
Wyndham Worldwide Corporation           DECEMBER 10, 2007
1 Sylvan Way
Parsippany, New Jersey 07054
Client Matter No. HFL00001229

RE: Days Inns Worldwide, Inc (797) Galesburg, IL
    Re: Growth Property Investment Group, Inc
    et al - Franchise Dispute
Matter Number: 33993-0019

                   DESCRIPTION OF LEGAL SERVICES

Period covered by this invoice 01/01/01 to 12/10/07

| Name | Date | Hours | Description of Services | Task | Act | Amount |
|------|------|-------|-------------------------|------|-----|--------|
| CAT | 08/06/07 | .20 | Conference with F. Burke re: status of discovery responses from F. Ticas and potential motion to dismiss/motion for summary judgment. | L120 | A105 | 97.00 |
| FAB | 08/06/07 | .40 | **REDACTED** | L350 | A105 | ~~140.00~~ |
| MEA | 08/06/07 | .30 | **REDACTED** | L310 | A104 | ~~78.00~~ |
| CAT | 08/07/07 | .30 | **REDACTED** | L350 | A105 | ~~145.50~~ |
| FAB | 08/07/07 | .20 | Communications with C. Tillack re discovery directed to Cardona about the alleged settlement letter and | L240 | A105 | 70.00 |

Scott McLester, Esq.                          Dec 10, 2007      PAGE    2
FILE NUMBER: 33993-0019

|     |          |      | precluding its use on summary judgment. |          |        |
|-----|----------|------|------------------------------------------|----------|--------|
| FAB | 08/07/07 | .10  | Communications with M. Ashton and C. Tillack re discovery motion against Ticas. | L350 A105 | 35.00  |
| FAB | 08/07/07 | .10  | Review M. Ashton's discovery motion against Ticas. | L350 A104 | 35.00  |
| MEA | 08/07/07 | .20  | Drafted motion to compel Deft. Ticas' discovery responses. | L310 A103 | 52.00  |
| CAT | 08/08/07 | .30  | **REDACTED** | L350 A105 | ~~145.50~~ |
| FAB | 08/08/07 | .10  | **REDACTED** | L350 A105 | ~~35.00~~ |
| CAT | 08/09/07 | .30  | Review and revise draft motion to compel discovery responses. | L350 A103 | 145.50 |
| CAT | 08/09/07 | .20  | **REDACTED** | L350 A105 | ~~97.00~~ |
| FAB | 08/09/07 | .10  | **REDACTED** | L350 A105 | ~~35.00~~ |
| MEA | 08/09/07 | .20  | Filed motion to compel Ticas' discovery responses. | L310 A108 | 52.00  |
| CAT | 08/10/07 | .30  | Communication with and directions to F. Burke re: preparation of draft motion for summary judgment. | L240 A105 | 145.50 |
| CAT | 08/15/07 | .20  | Conference with F Burke regarding draft summary judgment brief; | L240 A105 | 97.00  |
| FAB | 08/15/07 | 1.00 | Begin drafting memorandum of law in support of MSJ. | L240 A103 | 350.00 |

Scott McLester, Esq.                          Dec 10, 2007    PAGE    3
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| FAB | 08/15/07 | .10 | CLIP comment to client re **REDACTED** | L240 A106 | 35.00 |
| FAB | 08/20/07 | 1.20 | Continue drafting memorandum in support of motion for summary judgment. | L240 A103 | 420.00 |
| RMS | 08/21/07 | .40 | Conference with CAT re judgment against guarantors. | L190 A105 | 190.00 |
| CAT | 08/21/07 | .30 | Conference with and direction to F Burke regarding preparation and content of motion for summary judgment; | L240 A105 | 145.50 |
| FAB | 08/21/07 | .30 | Communications with C. Tillack re approach for MSJ. | L240 A105 | 105.00 |
| FAB | 08/21/07 | .20 | CLIP comments to client re approach for MSJ and telephone calls to/from Lindsay Muller re same. | L240 A106 | 70.00 |
| FAB | 08/21/07 | 4.00 | Continue drafting memorandum in support of motion for summary judgment; draft motion. | L240 A103 | 1400.00 |
| CAT | 08/24/07 | .80 | Review and revise draft memorandum in support of motion for summary judgment; | L240 A104 | 388.00 |
| CAT | 08/24/07 | .40 | **REDACTED** | L240 A105 | ~~194.00~~ |
| FAB | 08/24/07 | .10 | **REDACTED** | L240 A105 | ~~35.00~~ |
| RMS | 08/27/07 | .30 | Analysis with CAT of summary judgment arguments, approach, infringement claims. | L240 A105 | 142.50 |

Scott McLester, Esq.                          Dec 10, 2007      PAGE    4
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 08/27/07 | .20 | Conference with and direction to F Burke regarding motion for summary judgment against guarantors; | L240 A105 | 97.00 |
| FAB | 08/27/07 | .20 | Communications with C. Tillack and M. Ashton re revisions to motion for summary judgment and supporting memorandum. | L240 A105 | 70.00 |
| MEA | 08/27/07 | 2.30 | Research and revisions to summary judgment brief. | L240 A103 | 598.00 |
| RMS | 08/28/07 | 2.50 | Review and revise MEA's draft summary judgment brief; communications with CAT re same. | L250 A104 | 1187.50 |
| RMS | 08/28/07 | .30 | Email communications with MEA, CAT re interest calculations. | L240 A105 | 142.50 |
| CAT | 08/28/07 | 1.20 | Review and revise draft memorandum in support of motion for summary judgment; | L240 A104 | 582.00 |
| CAT | 08/28/07 | .70 | Conference with R Spencer regarding positions regarding **REDACTED** conferences with and direction to F Burke, M Ashton regarding revisions to draft motion for summary judgment; | L240 A105 | 339.50 |
| MEA | 08/28/07 | 1.20 | Revisions to motion for summary judgment. | L240 A103 | 312.00 |
| RMS | 08/29/07 | .50 | **REDACTED** | L240 A101 | ~~237.50~~ |

Scott McLester, Esq.                    Dec 10, 2007      PAGE    5
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 08/29/07 | 1.30 | Review and analysis of revised memorandum in support of motion for summary judgment; revise draft brief in support of motion for summary judgment; | L240 A104 | 630.50 |
| CAT | 08/29/07 | .60 | Conferences with and direction to M Ashton regarding finalization of draft memorandum. **REDACTED** conferences with F Burke regarding revisions to draft agreements; | L240 A105 | 291.00 |
| CAT | 08/29/07 | .20 | Correspondence with M Banks regarding draft motion for summary judgment; | L240 A106 | 97.00 |
| FAB | 08/29/07 | .30 | **REDACTED** | L240 A105 | ~~105.00~~ |
| MEA | 08/29/07 | .80 | Revisions to summary judgment motions. Emails to F. Burke, R. Spencer, C. Tillack re same. | L240 A103 | 208.00 |
| CAT | 08/30/07 | .20 | Communication with M Banks regarding draft motion **REDACTED** | L240 A106 | 97.00 |
| CAT | 08/30/07 | .30 | Direction to M Ashton regarding filing of approved motion for summary judgment; | L240 A105 | 145.50 |
| FAB | 08/30/07 | .10 | **REDACTED** | L240 A106 | ~~35.00~~ |
| FAB | 08/30/07 | .10 | **REDACTED** | L240 A105 | ~~35.00~~ |

| | | | | | |
|---|---|---|---|---|---|
| MEA | 08/30/07 | 1.90 | Final proofread of summary judgment motion. Compiled exhibits, filed, and served on defendants. | L240 A108 | 494.00 |
| CAT | 09/05/07 | .30 | **REDACTED** | L350 A104 | ~~145.50~~ |
| CAT | 09/05/07 | .20 | **REDACTED** | L350 A105 | ~~97.00~~ |
| MEA | 09/11/07 | .10 | Drafted fee petition for motion to compel Ticas' responses. | L240 A108 | 26.00 |
| MEA | 09/17/07 | .40 | Filed and served fee petition. | L240 A108 | 104.00 |
| CAT | 09/24/07 | .20 | **REDACTED** | L350 A104 | ~~97.00~~ |
| MEA | 09/25/07 | .30 | Updated matter on CLIP. | L460 A106 | 78.00 |
| CAT | 09/26/07 | .20 | **REDACTED** | L240 A104 | ~~97.00~~ |
| FAB | 09/26/07 | .10 | Review order entering extended deadline for defendants' to respond to MSJ. | L240 A108 | 35.00 |
| MEA | 09/26/07 | .10 | **REDACTED** | L460 A106 | ~~26.00~~ |
| CAT | 11/19/07 | .30 | Review and analysis of court's trial and pretrial schedule in anticipation of summary judgment ruling | L190 A104 | 145.50 |
| CAT | 11/21/07 | .30 | **REDACTED** | L190 A108 | ~~145.50~~ |

Scott McLester, Esq.               Dec 10, 2007    PAGE   7
FILE NUMBER: 33993-0019

| | | | | | |
|---|---|---|---|---|---|
| CAT | 11/21/07 | .40 | **REDACTED** | L190 A105 | ~~194.00~~ |
| MEA | 11/21/07 | .30 | **REDACTED** | L250 A102 | ~~78.00~~ |
| RMS | 11/29/07 | .50 | **REDACTED** | L250 A104 | ~~237.50~~ |
| CAT | 11/29/07 | .30 | Conference with R Spencer regarding draft motion to extend pretrial and trial dates pending ruling on motion for summary judgment; | L210 A105 | 145.50 |
| CAT | 11/29/07 | .30 | Review and analysis of court order granting motion for summary judgment; | L240 A104 | 145.50 |
| CAT | 11/29/07 | .20 | Direction to M Ashton regarding preparation of fees motion per order of court; | L240 A105 | 97.00 |

TOTALS                              10,043.00

THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.

Scott McLester, Esq.                              Dec 10, 2007
FILE NUMBER: 33993-0019

CLIENT DISBURSEMENTS/CHARGES
JANUARY 1, 1901 to NOVEMBER 30, 2007
Days Inns Worldwide, Inc (797) Galesburg, IL

DATE      DESCRIPTION                                    AMOUNT

                                                          9.87
11/08/06 Courier Services
         Air Bill: 726648957015
         Sender: FIONA A. BURKE, MAILROOM
         Recipient: HONORABLE MICHAEL M. MIHM, UNI
         Address: CENTRAL DISTRICT OF ILLINOIS
         City: PEORIA
         State: IL
         Zip code: 61602
                                                         10.43
05/03/07 Delivery services/messengers
         Air Bill: 726649010350
         Sender: FIONA A. BURKE, MAILROOM
         Recipient: FRANK TICAS  INDIVIDUALLY AND,
         Address: 11752 GARDENS GROVE BLVD
         City: GARDEN GROVE
         State: CA
         Zip code: 92843
                                                         12.85
05/03/07 Delivery services/messengers
         Air Bill: 726649010361
         Sender: FIONA A. BURKE, MAILROOM
         Recipient: CARLOS CARDONA  INDIVIDUALLY,
         Address: PROPERTY INVESTMENT GROUP  INC
         City: LADERA RANCH
         State: CA
         Zip code: 92694
                                                         10.76
06/26/07 Delivery services/messengers
         Air Bill: 726649025033
         Sender: MAE, MAILROOM
         Recipient: FRANK TICAS  INDIVIDUALLY AND,
         Address: 12058 FOSTER ROAD
         City: NORWALK
         State: CA
         Zip code: 90650
11/08/06 Duplicating Burke Fi USER DEFINED 1:  Burke Fi    22.20
12/01/06 Duplicating  Burke Fi USER DEFINED 1:  Burke Fi    1.50
12/28/06 Duplicating Tillack USER DEFINED 1:  Tillack       0.60
05/03/07 Duplicating Burke Fi USER DEFINED 1:  Burke Fi    15.00
05/07/07 Duplicating Burke Fi USER DEFINED 1:  Burke Fi     3.20

THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.

Scott McLester, Esq.                          Dec 10, 2007
FILE NUMBER: 33993-0019


08/25/06  Service of Process - VENDOR: IT'S YOUR SERVE        970.00
          SERVE CHARGES TO DAYS INNS WORLDWIDE INC. - M
          ASHTON
01/05/07  Telephone tolls                                      0.69
          Number: 816182420246
          Time: 00:11
          Caller: 5758
01/31/07  Telephone tolls                                      0.29
          Number: 817148361750
          Time: 00:05
          Caller: 5758
06/26/07  Facsimile                                            6.14
          User: SEDWARDS
          Telephone no.: 15622460976
06/26/07  Facsimile                                           10.21
          User: SEDWARDS
          Telephone no.: 15622460976
06/26/07  Facsimile                                            7.15
          User: SEDWARDS
          Telephone no.: 15622460976
02/13/06  Duplicating and Binding Burke Fi USER DEFINED        0.80
          1:  Burke Fi
05/04/06  Color Copies                                        13.00
          Burke Fi
05/04/06  Color Copies                                         6.00
          Burke Fi
05/16/06  Duplicating Burke Fi                                 0.50
05/16/06  Duplicating Burke Fi                                 1.70
05/16/06  Duplicating Burke Fi                                 0.20
06/28/06  Duplicating Ashton M                                44.50
07/13/06  Copying Ashton M                                    60.80
11/08/06  Color Copies                                         2.40
          Burke Fi
          USER DEFINED 1:  Burke Fi
01/24/06  Outside Duplicating - OUTSIDE COPYING OF CLIENT    223.86
          FILES - PJ MORENCY VENDOR:24 SEVEN DISCOVERE,
          LLC
01/10/06  Courier Services                                    37.70
          Air Bill: 726648854436
          Sender: MAILROOM
          Recipient: LINDA M RUBIANO
          Address: 1 SYLVAN WAY
          City: PARSIPPANY
          State: NJ
          Zip code: 07054
06/22/06  Filing Fees - VENDOR: CLERK, U.S. DISTRICT         350.00
          COURT FILING FEE FOR CASE IN CENTRAL DISTRICT
          OF ILLINOIS - M. ASHTON


THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.

Scott McLester, Esq.                          Dec 10, 2007
FILE NUMBER: 33993-0019


                CLIENT DISBURSEMENTS/CHARGES
            JANUARY 1, 1901   to   DECEMBER 10, 2007
            Days Inns Worldwide, Inc (797) Galesburg, IL


DATE        DESCRIPTION                            AMOUNT


09/04/07  Delivery services/messengers              9.42
          Air Bill: 726649044738
          Sender: MARK ASHTON, MAILROOM
          Recipient: HONORABLE MICHAEL M. MIHM, UNI
          Address: 309 U.S. COURTHOUSE
          City: PEORIA
          State: IL
          Zip code: 61602
08/27/07  Duplicating and Binding                   0.90
          Mark E.
          USER DEFINED 1:  Mark E.
08/29/07  Duplicating and Binding                   0.80
          Mark E.
          USER DEFINED 1:  Mark E.
08/30/07  Duplicating and Binding                   0.80
          Mark E.
          USER DEFINED 1:  Mark E.
08/30/07  Duplicating and Binding                   0.80
          Mark E.
          USER DEFINED 1:  Mark E.
09/17/07  Duplicating and Binding                   0.60
          Mark E.
          USER DEFINED 1:  Mark E.
08/01/07  On-line research                          0.16
          USER DEFINED 1:  Pacer Service
08/27/07  On-line research - Westlaw               71.61
          USER DEFINED 1:  ASHTON,MARK E
          USER DEFINED 2:  5612202
09/01/07  On-line research                          0.48
          USER DEFINED 1:  Pacer Service


                COST TOTAL

                                            $ 1,835.67




THIS STATEMENT CONTAINS INFORMATION PROTECTED BY THE
ATTORNEY-CLIENT AND/OR ATTORNEY WORK PRODUCT PRIVILEGES.

**E-FILED**
Thursday, 13 December, 2007  06:37:55 PM
Clerk, U.S. District Court, ILCD

# EXHIBIT 2

✎AO 133    (Rev. 8/06)  Bill of Costs

# UNITED STATES DISTRICT COURT

Central  District of  Illinois

Days Inns Worldwide, Inc.

V.

Growth Property Investment Group, Inc., et al.

**BILL OF COSTS**

Case Number:  06-CV-01171

Judgment having been entered in the above entitled action on  11/29/2007  against  Defendants  ,
the Clerk is requested to tax the following as costs:
Date

| | |
|---|---|
| Fees of the Clerk . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 350.00 |
| Fees for service of summons and subpoena . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 1,004.04 |
| Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case | 0.00 |
| Fees and disbursements for printing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 400.16 |
| Fees for witnesses (itemize on page two) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 0.00 |
| Fees for exemplification and copies of papers necessarily obtained for use in the case . . . . . . . . . . . . | |
| Docket fees under 28 U.S.C. 1923 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Costs as shown on Mandate of Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of court-appointed experts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 . . . . . | |
| Other costs (please itemize) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 81.47 |
| TOTAL | $ 1,835.67 |

SPECIAL NOTE:  Attach to your bill an itemization and documentation for requested costs in all categories.

---

## DECLARATION

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.  A copy of this bill has been served on all parties in the following manner:

☐    Electronic service by e-mail as set forth below and/or.

☑    Conventional service by first class mail, postage prepaid as set forth below.

s/ Attorney:    s/Mark E. Ashton

Name of Attorney:    Mark E. Ashton

For:  Days Inns Worldwide, Inc.                                    Date:  12/13/2007

Name of Claiming Party

Costs are taxed in the amount of  $1,835.67                                    and included in the judgment.

Clerk of Court                    By:                                    
                              Deputy Clerk                    Date

## <u>Continuation of Bill of Costs:  Itemization of "Other Costs"</u>

**Postage/Courier/Messenger Services** ...............................................$    **56.99**

**Long Distance/Tolls for Telephone Service** ........................................  <u>**24.48**</u>

**TOTAL OTHER COSTS** .............................................................. $  <u>**81.47**</u>

CH1\5368803.1