**E-FILED**
Wednesday, 30 January, 2008 12:12:20 PM
Clerk, U.S. District Court, ILCD

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of any excessive force by defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean however, that compensatory damages are restricted to the actual loss of money; they include the physical aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The reasonable value of medical care that plaintiff reasonably needed and eventually received;

The physical pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount o f one dollar ($1.00).

Defendant's No. ~~24~~ 23
7th Cir. P. I. 7.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

> In k~~nocking plaintiff to the ground~~ and stomping him on the back.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

Defendant's No. 17 ⁄ƒ
I.P.I. No. 20.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of any excessive force by defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The reasonable value of medical care that plaintiff reasonably needed and eventually received;

The physical and mental or emotional pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical or mental or emotional pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount o f one dollar ($1.00).

7th Cir. P. I. 7.23

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EDWIN DAVID, | ) | |
| | ) | |
|      Plaintiff, | ) | |
| | ) | |
|     v. | ) | No. 05-1234 |
| | ) | |
| BRAD COLBROOK AND MICHAEL LUSTER, | ) | |
| | ) | |
|      Defendants. | ) | |

## VERDICT FORM A

We, the jury, find in favor of the plaintiff, Edwin David, and against the following

defendant(s) _____.
               (Brad Colbrook and/or Michael Luster)

We assess compensatory damages in the amount of $_____.

We assess punitive damages against Brad Colbrook, if any, in the amount of

$_____.

We assess punitive damages against Michael Luster, if any, in the amount of

$_____.

_____      _____

Foreperson

_____      _____

_____      _____

_____      _____

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/ prejudice/ fear/ public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

The evidence consists of the testimony of the witnesses and the exhibits admitted in evidence.



Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight is to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You must give separate consideration to each claim and each party in this case. Although there are two defendants, it does not follow that if one is liable, the other is also liable.

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

When I use the expression "proximate cause," I mean that cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause, nor the last or nearest cause. It is sufficient if it occurs with some other cause acting at the same time, which, in combination with it, causes the injury.

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

In "stomping" plaintiff to the ground, kicking him twice.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

The plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each defendant:

First, that the defendant acted in the manner claimed by the plaintiff as stated to you in these instructions;

Second, the amount of force used by the defendant was objectively unreasonable:

Third, that plaintiff suffered an injury;

Fourth, that the wrongful conduct of the defendant was the proximate cause of the plaintiff's injury.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all of the evidence that each of these propositions has been proved as to one or both of the defendants, then that defendant or those defendants are liable and your verdict should be for the plaintiff and against that defendant or those defendants.

But if, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved against one or both of the defendants, then that defendant or those defendants are not liable and your verdict should be against the plaintiff and for that defendant or those defendants.

If you find for the plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purpose of punitive damages is to punish a defendant for his conduct and to serve as an example or warning to the defendant and to others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that defendant's conduct was in reckless disregard of plaintiff's rights. An action is in reckless disregard of plaintiff's rights if taken with the knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following facts:

- the reprehensibility of defendant's conduct;

- the impact of defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

If you find that plaintiff has proved his claim against one or both defendants, then you must determine what amount of damages, if any, plaintiff is entitled to recover.

If you find that plaintiff has failed to prove his claim, then you will not consider the question of damages.

The Fourth Amendment to the Constitution of the United States protects individuals against unreasonable searches and seizures. The detention of plaintiff on the ground during the execution of the search warrant was a seizure within the meaning of the Fourth Amendment. The Court has determined that the detention of plaintiff on the ground during the execution of the search warrant was not unreasonable. The question for you to decide is whether the amount of force that was used in detaining plaintiff was unreasonable.

You must decide whether defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether defendants' use of force was unreasonable, you must not consider whether defendants' intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reach unanimous agreement on the verdict, your presiding juror will fill in, and sign the appropriate form(s) and you must each sign the appropriate form(s).

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWIN DAVID,                          )
                                      )
              Plaintiff,              )
                                      )
    v.                                )        No. 05-1234
                                      )
BRAD COLBROOK AND MICHAEL LUSTER,     )
                                      )
              Defendants.             )

## VERDICT FORM A

We, the jury, find in favor of the plaintiff, Edwin David, and against the following

defendant(s) _____.
              (Brad Colbrook and/or Michael Luster)

We assess compensatory damages in the amount of $_____.

We assess punitive damages, if any, in the amount of $_____.


_____        _____
Foreperson


_____        _____


_____        _____


_____        _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Edwin David                              )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )          No. 05-1234
                                         )
Brad Colbrook and Michael Luster         )
                                         )
          Defendants.                    )

## **VERDICT FORM B**

We, the jury, find against the plaintiff, Edwin David, and in favor of the following

defendant(s), _____
                          (Brad Colbrook and/or Michael Luster)


_____          _____
Foreperson                        *t*

The plaintiff claims he was injured and sustained damage, and that the defendants

violated the plaintiff's right under the Fourth Amendment to the Constitution of the United

States to be free from unreasonable seizures, in the following respect:

> In knocking plaintiff to the ground and stomping him on the
> back.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth

Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

Defendant's No. 17 *G*
I.P.I. No. 20.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWIN DAVID,                           )
                                       )
            Plaintiff,                 )
                                       )
    v.                                 )        No. 05-1234
                                       )
BRAD COLBROOK AND MICHAEL LUSTER,      )
                                       )
            Defendants.                )

## VERDICT FORM A

We, the jury, find in favor of the plaintiff, Edwin David, and against the following

defendant(s) _____.

(Brad Colbrook and/or Michael Luster)

We assess compensatory damages in the amount of $_____.

We assess punitive damages against Brad Colbrook, if any, in the amount of

$_____.

We assess punitive damages against Michael Luster, if any, in the amount of

$_____.

_____          _____

Foreperson

_____          _____

_____          _____

_____          _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of any excessive force by defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean however, that compensatory damages are restricted to the actual loss of money; they include the physical aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The reasonable value of medical care that plaintiff reasonably needed and eventually received;

The physical pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount o f one dollar ($1.00).

23
Defendant's No. 24
7th Cir. P. I. 7.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

In "stomping" plaintiff to the ground, kicking him twice.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

Yahoo! Mail - michael_mihm@yahoo.com
1:06-cv-01171-MMM-BGC    # 38-2    Page 1 of 41

Page 1 of 3
E-FILED
Wednesday, 30 January, 2008  12:12:38 PM
Clerk, U.S. District Court, ILCD

Yahoo!   My Yahoo!   Mail   Tutorials   More        Make Y! your homepage  michael_mihm  Sign Out  All-New Mail  Help

YAHOO! MAIL
Classic

Search: [                    ]   Web Search

Mail Plus    Contacts    Calendar    Notepad          Mail For Mobile - Mail Upgrades - Options

Check Mail    Compose                          Search Mail    Search the Web

Folders    [Add - Edit]
Inbox
Draft
Sent
Bulk        [Empty]
Trash       [Empty]
My Folders  [Hide]
Airlines-Travel
Elena--translator
Emily Ennis--du...
Hasl, Rudy
LiBei--shanghai
LiLan--shanghai
Liu, Titi
Murphy, Patrick
Nadya--moscow RAL
Nastenka--alan ...
Pepys, Mary Noel
Pope--ISU
Sulzynsky, Walter
Tong Ling
Vlad--moscow
Wang, Lingfei
YeHong--shanghai
Zou--Cliff
business
carol hoyle,bei...
china
civil war
hollenstein, de...
irish, charles
kit, rita
leonid--moscow

## View Attachment [Back to Original Message - Printable View]

powered by
OUTSIDE IN
HTML EXPORT

**File name:**
Plaintiff_jury_instructions.doc | **File type:** application/octet-stream

Download File - Need Help?

The Fourth Amendment to the Constitution of the United States protects individuals against unreasonable searches and seizures. The detention of plaintiff on the ground during the execution of the search warrant was a seizure within the meaning of the Fourth Amendment. The Court has determined that the detention of plaintiff during the execution of the search warrant was not unreasonable. The question for you to decide is whether the amount of force that was used in detaining plaintiff was unreasonable.

You must decide whether defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether defendants' use of force was unreasonable, you must not consider whether defendants' intentions were good or bad.  In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Plaintiff's No. 21  Given _____

7th Cir. P. I. 7.09  Given as Modified _____

Refused _____

Withdrawn _____

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

The defendants used excessive force in the seizure of plaintiff.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

mcguire, mk
merchandise
nadya--moscow
nastenka--alan ...
personal
pictures
poetry
rucker
rucker, mary
tom--shanghai

**Search Shortcuts**

My Photos
My Attachments

The defendants further deny that plaintiff was injured or sustained damages.

Plaintiff's No. 17 Given _____

I.P.I. No. 20.01 Given as Modified _____

    Refused _____

    Withdrawn _____

The parties have stipulated, or agreed, to the attached list of facts. You must now treat these facts as having been proved for the purposes of this case.

Plaintiff's No. 23 Given _____

I.P.I. No. 2.05 Given as Modified _____

    Refused _____

    Withdrawn _____

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's No. 24 Given _____

I.P.I. No. 1.34 Given as Modified _____

    Refused _____

    Withdrawn _____

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given

an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's No. 25 Given _____

I.P.I. No. 1.21 Given as Modified _____

    Refused _____

    Withdrawn _____

    You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's No. 26 Given _____

I.P.I. No. 1.17 Given as Modified _____

    Refused _____

    Withdrawn _____

**Check Mail**     **Compose**                    **Search Mail**     **Search the Web**

Copyright © 1994-2007 Yahoo! Inc. All rights reserved. Terms of Service - Copyright/IP Policy - Guidelines
NOTICE: We collect personal information on this site.
To learn more about how we use your information, see our Privacy Policy

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

Court's Instruction No. 3

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Court's Instruction No. 3

In considering the evidence in this case you are not required to set aside your own observation and experience in the affairs of life, but you have a right to consider all the evidence in the light of your own observation and experience in the affairs of life.

Court's Instruction No. _5__

The fact that I have instructed you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiff from a preponderance of the evidence in the case in accordance with the other instructions.

Court's Instruction No. _11__

If it becomes necessary during your deliberations to communication with the Court, you may send a note through a bailiff, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind that you are never to reveal to any person – not even to the Court – how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

Court's Instruction No. 13

*Plaintiffs proposed Jury Instruction,*

The Fourth Amendment to the Constitution of the L

individuals against unreasonable searches and seizures.

the ground during the execution of the search warrant was a seizure within the meaning of the Fourth Amendment. The Court has determined that the detention of plaintiff during the execution of the search warrant was not unreasonable. The question for you to decide is whether the amount of force that was used in detaining plaintiff was unreasonable.

You must decide whether defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether defendants' use of force was unreasonable, you must not consider whether defendants' intentions were good or bad.    In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Plaintiff's No. 21
7th Cir. P. I. 7.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The parties have stipulated, or agreed, to the attached list of facts. You must now treat these facts as having been proved for the purposes of this case.

Plaintiff's No. 23
I.P.I. No. 2.05

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

The defendants used excessive force in the seizure of plaintiff.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

Plaintiff's No. 17
I.P.I. No. 20.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You have heard a witness give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Plaintiff's No. 25
I.P.I. No. 1.21

Given ✓
Given as Modified _____
Refused _____
Withdrawn _____

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Plaintiff's No. 24
I.P.I. No. 1.34

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Plaintiff's No. 26
I.P.I. No. 1.17

Given ✓
Given as Modified _____
Refused _____
Withdrawn _____

If you find in favor of plaintiff, then you must determine the amount of money that will fairly compensate plaintiff for any injury that you find he sustained as a direct result of any excessive force by defendants.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean however, that compensatory damages are restricted to the actual loss of money; they include the physical aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

The reasonable value of medical care that plaintiff reasonably needed and eventually received;

The physical pain and suffering that plaintiff has experienced. No evidence of the dollar value of physical pain and suffering has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate plaintiff for the injury he has sustained.

If you find in favor of plaintiff but find that the plaintiff has failed to prove compensatory damages, you must return a verdict for plaintiff in the amount o f one dollar ($1.00).

The plaintiff claims he was injured and sustained damage, and that the defendants

violated the plaintiff's right under the Fourth Amendment to the Constitution of the United

States to be free from unreasonable seizures, in the following respect:

> In knocking plaintiff to the ground and stomping him on the
> back.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth

Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy/ prejudice/ fear/ public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Defendant's No. 1
7th Cir. P. I. 1.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The evidence consists of the testimony of the witnesses and the exhibits admitted

in evidence.

Defendant's No. 2
7th Cir. P. I. 1.04

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Defendant's No. 3
7th Cir. P. I. 1.06

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Defendant's No. 4
7th Cir. P. I. 1.07

Given _____ ✓_____
Given as Modified _____
Refused _____
Withdrawn _____

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Defendant's No. 5
7th Cir. P. I. 1.08

Given _____✓_____
Given as Modified _____
Refused _____
Withdrawn _____

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Defendant's No. 6
7th Cir. P. I. 1.09

Given ____✓____
Given as Modified _____
Refused _____
Withdrawn _____

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Defendant's No. 7
7th Cir. P. I. 1.11

Given ____✓____
Given as Modified _____
Refused _____
Withdrawn _____

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show some other fact is true.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight is to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Defendant's No. 8                                          Given _____
7th Cir. P. I. 1.12(modified)                    Given as Modified _____
                                                           Refused _____
                                                        Withdrawn _____

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Defendant's No. 9
7th Cir. P. I. 1.13

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The credibility of a witness may be attacked by introducing evidence that on some former occasion the witness made a statement or acted in a manner inconsistent with the testimony of the witness in this case on a matter material to the issues. Evidence of this kind may be considered by you in connection with all the other facts and circumstances in evidence in deciding the weight to be given to the testimony of that witness.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Defendant's No. 10                                              Given _____
I.P.I. No. 3.01(1995 edition)                           Given as Modified _____
7th Cir. Pattern Jury Instruction 1.14 (modified)              Refused _____
*Molnar v. Booth*, 229 F.3d 593, 604 (7th Cir. 2000)         Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial.

Defendant's No. 11
7th Cir. P. I. 1.16

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

It is proper for a lawyer to meet with any witness in preparation for trial.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Defendant's No. 12
7th Cir. P. I. 1.18

Given _____ ✓
Given as Modified _____
Refused _____
Withdrawn _____

You must give separate consideration to each claim and each party in this case.

Although there are two defendants, it does not follow that if one is liable, the other is also

liable.

Defendant's No. 13
7th Cir. P. I. 1.25

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

Defendant's No. 14
7th Cir. P. I. 1.27

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

If you decide for the defendants on the question of liability, then you should not consider the question of damages.

Defendant's No. 15
7th Cir. P. I. 1.31

Given ___√___
Given as Modified _____
Refused _____
Withdrawn _____

When I use the expression "proximate cause," I mean that cause which, in natural or probable sequence, produced the injury complained of.  It need not be the only cause, nor the last or nearest cause.  It is sufficient if it occurs with some other cause acting at the same time, which, in combination with it, causes the injury.

Defendant's No. 16
I. P. I. 15.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The plaintiff claims he was injured and sustained damage, and that the defendants violated the plaintiff's right under the Fourth Amendment to the Constitution of the United States to be free from unreasonable seizures, in the following respect:

In ~~stomping~~ *knocking* plaintiff to the ground, ~~kicking him there~~ *stomping him in the back*.

The plaintiff further claims that the foregoing was a proximate cause of his injuries.

The defendants deny their conduct violated the plaintiff's rights under the Fourth Amendment to the United States Constitution.

The defendants further deny that plaintiff was injured or sustained damages.

*as amended*

Defendant's No. 17
I.P.I. No. 20.01

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The plaintiff has the burden of proving each of the following propositions by a preponderance of the evidence as to each defendant:

First, that the defendant acted in the manner claimed by the plaintiff as stated to you in these instructions;

Second, the amount of force used by the defendant was objectively unreasonable:

Third, that plaintiff suffered an injury;

Fourth, that the wrongful conduct of the defendant was the proximate cause of the plaintiff's injury.

You are to consider these propositions as to each defendant separately.

If you find from your consideration of all of the evidence that each of these propositions has been proved as to one or both of the defendants, then that defendant or those defendants are liable and your verdict should be for the plaintiff and against that defendant or those defendants.

But if, on the other hand, you find from your consideration of all of the evidence that any of these propositions has not been proved against one or both of the defendants, then that defendant or those defendants are not liable and your verdict should be  against the plaintiff and for that defendant or those defendants.

Defendant's No. 18                                      Given _____
I.P.I. No. 21.02.01, 21.03 (modified)          Given as Modified _____
                                                                        Refused _____
                                                                     Withdrawn _____

If you find for the plaintiff, you may, but are not required to, assess punitive damages against a defendant. The purpose of punitive damages is to punish a defendant for his conduct and to serve as an example or warning to the defendant and to others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against the defendant. You may assess punitive damages only if you find that defendant's conduct was in reckless disregard of plaintiff's rights. An action is in reckless disregard of plaintiff's rights if taken with the knowledge that it may violate the law.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either party. In determining the amount of any punitive damages, you should consider the following facts:

- the reprehensibility of defendant's conduct;

- the impact of defendant's conduct on plaintiff;

- the relationship between plaintiff and defendant;

- the likelihood that defendant would repeat the conduct if an award of punitive damages is not made;

- the relationship of any award of punitive damages to the amount of actual harm the plaintiff suffered.

Defendant's No. 19                                      Given _____✓_____
7th Cir. P. I. 3.13 (modified)                       Given as Modified _____
                                                       Refused _____
                                                       Withdrawn _____

If you find that plaintiff has proved his claim against one or both defendants, then you must determine what amount of damages, if any, plaintiff is entitled to recover.

If you find that plaintiff has failed to prove his claim, then you will not consider the question of damages.

Defendant's No. 20
7th Cir. P. I. 7.22 (Modified)

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

The Fourth Amendment to the Constitution of the United States protects individuals against unreasonable searches and seizures. The detention of plaintiff on the ground during the execution of the search warrant was a seizure within the meaning of the Fourth Amendment. The Court has determined that the detention of plaintiff on the ground during the execution of the search warrant was not unreasonable. The question for you to decide is whether the amount of force that was used in detaining plaintiff was unreasonable.

You must decide whether defendants' use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that defendants faced. You must make this decision based on what the officers knew at the time of the arrest, not based on what you know now. In deciding whether defendants' use of force was unreasonable, you must not consider whether defendants' intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

Defendant's No. 21
7th Cir. P. I. 7.09

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reach unanimous agreement on the verdict, your presiding juror will fill in, and sign the appropriate form(s) and you must each sign the appropriate form(s).

Defendant's No. 22
7th Cir. P. I. 1.32

Given _____
Given as Modified _____
Refused _____
Withdrawn _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDWIN DAVID,                          )
                                      )
            Plaintiff,                )
                                      )
      v.                              )      No. 05-1234
                                      )
BRAD COLBROOK AND MICHAEL LUSTER,     )
                                      )
            Defendants.               )

## VERDICT FORM A

We, the jury, find in favor of the plaintiff, Edwin David, and against the following

defendant(s) _____.

(Brad Colbrook and/or Michael Luster)

We assess compensatory damages in the amount of $_____.

We assess punitive damages, if any, in the amount of $_____.


_____          _____

Foreperson


_____          _____


_____          _____


_____          _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

Edwin David                              )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )    No. 05-1234
                                         )
Brad Colbrook and Michael Luster         )
                                         )
            Defendants.                  )

## **VERDICT FORM B**

We, the jury, find against the plaintiff, Edwin David, and in favor of the following

defendant(s), _____
                         (Brad Colbrook and/or Michael Luster)


_____          _____

       Foreperson


_____          _____


_____          _____


_____          _____